# EXHIBIT E



SCHOOL OF LAW
**THE UNIVERSITY OF TEXAS AT AUSTIN**

*Law and Religion Clinic · 727 East Dean Keeton Street · Austin, Texas 78705*

May 12, 2022

City of Houston Legal Department
P.O. Box 368
Houston, TX 77001-0368

To Mr. Arturo G. Michel:

Daraius Dubash has retained the University of Texas Law and Religion Clinic to represent him regarding your clients—the City of Houston, Sylvester Turner in his official capacity as the Mayor of Houston, and the Houston Downtown Park Corporation (collectively "the City") —violating his constitutional and statutory rights by prohibiting him from demonstrating in Discovery Green park.[1] Mr. Dubash is an animal-rights advocate committed to spreading awareness about the injustice of factory farming—and cruelty toward animals more broadly. That commitment is inspired by his adherence to the Advaita Vedanta stream of Hinduism, and its teaching of promoting "Ahimsa" (nonviolence) and opposing "Himsa" (violence). Discovery Green operates as a public-private partnership between the City of Houston, the Discovery Green Conservancy, and the Houston Downtown Park Corporation (a local government corporation chartered to operate a *public* park). The Mayor has intervened to guarantee free expression within the park.[2] Yet the unconstitutional policies effectuated at Discovery Green impose a substantial burden on Mr. Dubash's ability to spread Ahimsa and refrain from violence. Such actions violate his statutory rights under the Texas Religious Freedom Restoration Act.

This letter serves as statutory notice under TRFRA, as it informs the City of Houston, the Mayor of Houston, and the Houston Downtown Park Corporation that the content-based restrictions on speech that prohibit Mr. Dubash from spreading the message of nonviolence towards animals at Discovery Green are an unlawful substantial burden on his religious exercise in violation of Texas law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 110.006(a).

---

[1] The Clinic also represents Dr. Faraz Harsini related to this matter, although his claims are not grounded in the violation of his religious rights. In addition to the claims under the Texas Religious Freedom Restoration Act, both Mr. Dubash and Dr. Harsini retain their claims arising from all other constitutional and statutory provisions.

[2] Chaz Miller, *Houston leaders taking safety precautions as city prepares for the NRA convention and protests*, ABC 13 (May 26, 2022), https://abc13.com/national-rifle-association-nra-convention-houston-gun-meeting-protests/11897928/.



SCHOOL OF LAW
**THE UNIVERSITY OF TEXAS AT AUSTIN**

*Law and Religion Clinic · 727 East Dean Keeton Street · Austin, Texas 78705*

> **A. The City has prohibited Mr. Dubash from engaging in lawful speech related to the mistreatment of animals and allowed his rights to be violated.**

Daraius Dubash is a volunteer member and leader of an animal-rights group called Anonymous for the Voiceless. Mr. Dubash has participated in this group for years and has held demonstrations in public spaces throughout Texas, including Austin, Dallas, Houston, and San Antonio, and elsewhere in the United States. Of the three to ten demonstrators typically present at a demonstration, one holds a screen that displays—without any audio—images and videos of animal mistreatment. Only when someone approaches the group to talk does a demonstrator engage in a discussion about the things depicted on the screen. The demonstration is peaceful and does not promote any form of violence.

On four different occasions, Mr. Dubash attempted to demonstrate in Discovery Green:

On November 13, 2021, Mr. Dubash attempted to demonstrate in Discovery Green, a Houston police officer threatened him with arrest, and park staff member William Flowers escorted him out of the park, (falsely) asserting that Discovery Green is private property. Other demonstrators left the park after they too were threatened with arrest.

On April 16, 2022, Mr. Dubash was escorted off a public sidewalk that is marked as the edge of the Discovery Green property line. But this area of Discovery Green is regularly open to protests and demonstrations. This portion of the park has also been designated as a protest area for other protests.

On June 18, 2022, park manager Brian Wilmer (again, falsely) told Mr. Dubash that the sidewalk that lines the perimeter of the park (across from the George R. Brown Convention Center) is private property. He also stated that there is no public sidewalk where the White Promenade abuts Lamar Street, and he forced them off the "private" sidewalk under threat of arrest.

Finally, on July 23, 2022, Mr. Dubash was arrested for criminal trespass while trying to demonstrate in Discovery Green. This time, park staff informed him that he was not allowed to be in the park because of the *content* of his speech. The staff again asserted that Discovery Green is a private park. Prior to the arrest, Dubash spoke with park staff and the Houston police officers (Officer Douglas, #7943, and Officer Whitworth, #7595) who were present. Officer Douglas arrested


SCHOOL OF LAW
**THE UNIVERSITY OF TEXAS AT AUSTIN**

*Law and Religion Clinic · 727 East Dean Keeton Street · Austin, Texas 78705*

Mr. Dubash, explaining that "If you are showing offensive material [the park manager] does not like, you can't be here." Officer Douglas then arrested Mr. Dubash. The charges were later dismissed, at great personal expense for Mr. Dubash.

### B. The City and Discovery Green, a state actor, have substantially burdened Mr. Dubash's religion by unlawfully preventing him from spreading the message of nonviolence towards animals.

Discovery Green sits on land owned by the Houston Downtown Park Corporation, a local government corporation "incorporated to aid and act on behalf of the City" for the "operation and maintenance of a new public park." The City of Houston conveyed this property in 2004. Discovery Green operates the park pursuant to an operating agreement with the Houston Downtown Park Corporation. The park announces that Houston Police Department officers on duty enforce city ordinances within park boundaries. And Discovery Green has historically functioned as a traditional public forum, working with the City and the Mayor to host numerous public protests on contentious issues. Regardless of the intricacies of the operating contract, and private status of the Conservancy, no party may contract itself out of constitutional and statutory obligations. *Plano Surgery Ctr. v. New You Weight Mgmt. Ctr.*, 265 S.W.3d 496, 501 (Tex. App.—Dallas 2008, no pet.); 17A Am. Jur. 2d Contracts § 223.

On four separate occasions, the City and Mayor of Houston, acting through Discovery Green and the Houston Police Department, have prevented Mr. Dubash from spreading his message of nonviolence towards animals. Vedanta teaches that each person is compelled to spread the truth to others – to be silent, or to not make a choice, is itself a choice. Thus, not sharing the teaching of non-violence for Mr. Dubash itself forces him to commit an act of violence. Mr. Dubash's "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." *Thomas v. Review Bd. of Indiana Employment Sec. Div.*, 450 U.S. 707, 714 (1981). Nor is the religious burden rendered insubstantial by the possibility of exercising his religion in other (inferior) locations: "one is not to have the exercise of his liberty of expression in appropriate places abridged on the plea that it may be exercised in some other place." *Barr v. City of Sinton*, 295 S.W.3d 287, 302 (Tex. 2009) (quoting *Schneider v. New Jersey*, 308 U.S. 147, 163 (1939)).

Although Mr. Dubash's speech promoting nonviolence towards animals is protected by constitutional Free Speech guarantees, it receives additional protection under TRFRA. As the Supreme Court of Texas has explained, TRFRA guarantees that an action "which can be and often is conducted for purely secular purposes [is] entitled to increased protection from government regulation if conducted for religious reasons." *Id.* at 300. Thus, "[j]ust as a Bible study group and a book club are not treated



the same, neither are a halfway house operated for religious purposes and one that is not." *Id.* Here, Mr. Dubash participates in the "Cube of Truth," a public educational demonstration that seeks to inform and persuade passersby of the evils of contemporary industrial animal production. But he does so *because* of his Vedanta beliefs. Under TRFRA, the question is "whether plaintiff's sincere religious beliefs motivate his conduct." *Merced v. Kasson*, 577 F.3d 578, 588 (5th Cir. 2009). For Mr. Dubash, they do.

Finally, the City burdens Mr. Dubash's religious exercise through the manner of its discriminatory content-based prohibitions on depicting the truth of industrial animal production and wearing a "Guy Fawkes" mask. Content-based restrictions are onerous when suppressing religious exercise just as they are suppressing free speech. *See West Virginia State Board of Education v. Barnette*, 319 U.S. 624, 642 (1943) ("If there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion...."). No one would tell a believer that the government can ban her from saying Hail Marys so long as it permits her to say Our Fathers. And so long as Mr. Dubash does not display speech that is outside the bounds of legal protection, such as obscenity or defamation, the government may not tell him how to say it.

To reiterate, this letter serves as statutory notice under TRFRA, Tex. Civ. Prac. & Rem. Code Ann. § 110.006(a). Notwithstanding any statutory requirements, Mr. Dubash retains the right to bring an action should an imminent threat to his religious rights arise, and nothing in this letter acts as a waiver or forfeiture of any other statutory or constitutional claims, rights, or remedies. *See id.* § 110.006(b).


Sincerely,


John Greil
Clinical Professor of Law | The University of Texas School of Law
John.greil@law.utexas.edu | 651-767-2574

Steven T. Collis
Clinical Professor of Law | The University of Texas School of Law
Director | Bech-Loughlin First Amendment Center
Director | UT Law and Religion Clinic
Steven.collis@law.utexas.edu | 512-475-9090

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

City of Houston Legal Dept.
901 Bagby
Houston, TX 77002

9590 9402 6990 1225 4907 62

2. Article Number (Transfer from service label)

9414 7112 0620 7225 3475 24

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ 15 MAY 2023 _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery: 5/15/23

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☑ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

City of Houston Legal Dept.
Attn: City Attorney
900 Bagby, 4th Floor
Houston, TX 77002

9590 9402 6990 1225 4907 48

2. Article Number (Transfer from service label)

9414 7112 0620 7225 3335 89

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery: 5/15/23

D. Is delivery address different from item 1? ☐ Yes ☐ No
If YES, enter delivery address below:

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☑ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



SCHOOL OF LAW
**THE UNIVERSITY OF TEXAS AT AUSTIN**

*Law and Religion Clinic · 727 East Dean Keeton Street · Austin, Texas 78705*

May 12, 2022

Aaron P. Roffwarg
711 Louisiana Street
Suite, 2300
Houston, Texas 77002

Dear Mr. Roffwarg:

     As you know, Daraius Dubash has retained the University of Texas Law and Religion Clinic to represent him regarding the Discovery Green Conservancy's repeated efforts to keep him from demonstrating in the park in violation of his constitutional and statutory rights.[1] Mr. Dubash is an animal-rights advocate committed to spreading awareness about the injustice of factory farming—and cruelty toward animals, more broadly. That commitment is inspired by his adherence to the Advaita Vedanta stream of Hinduism, and its teaching of promoting "Ahimsa" (nonviolence) and opposing "Himsa" (violence). Discovery Green's current refusal and past punishment of Mr. Dubash's demonstrations in the park, which function to spread Ahimsa to believers and non-believers alike, violate his statutory rights under the Texas Religious Freedom Restoration Act.

     This letter serves as statutory notice under TRFRA, as it informs Discovery Green that the content-based restrictions on speech that prohibit Mr. Dubash from spreading the message of nonviolence towards animals are an unlawful substantial burden on his religious exercise in violation of Texas law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 110.006(a).

     Discovery Green is a state actor for purposes of constitutional and statutory civil rights law. The land is owned by the Houston Downtown Park Corporation, a local government corporation "incorporated to aid and act on behalf of the City" for the "operation and maintenance of a new public park." Discovery Green operates the park pursuant to an operating agreement with the Houston Downtown Park Corporation. Moreover, Discovery Green announces that Houston Police Department officers on duty enforce city ordinances within park boundaries. Finally, Discovery Green has historically functioned as a traditional public forum, working with the city and the mayor to host numerous public protests on contentious issues.

---

[1] The Clinic also represents Dr. Faraz Harsini related to this matter, although his claims are not grounded in the violation of his religious rights.



SCHOOL OF LAW
**THE UNIVERSITY OF TEXAS AT AUSTIN**

*Law and Religion Clinic · 727 East Dean Keeton Street · Austin, Texas 78705*

    Discovery Green's policy forbidding speech that it disagrees with substantially burdens Daraius Dubash's free exercise of religion. On four separate occasions, Discovery Green has prevented Mr. Dubash from spreading his message of nonviolence towards animals. Vedanta teaches that each person is compelled to spread the truth to others – to be silent, or to not make a choice, is itself a choice. Thus, not sharing the teaching of non-violence for Mr. Dubash itself forces him to commit an act of violence. Mr. Dubash's "religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." *Thomas v. Review Bd. of Indiana Employment Sec. Div.*, 450 U.S. 707, 714 (1981). Nor is the religious burden rendered insubstantial by the possibility of exercising his religion in other (inferior) locations: "one is not to have the exercise of his liberty of expression in appropriate places abridged on the plea that it may be exercised in some other place." *Barr v. City of Sinton*, 295 S.W.3d 287, 302 (Tex. 2009) (quoting *Schneider v. New Jersey*, 308 U.S. 147, 163 (1939)).

    Although Mr. Dubash's speech promoting nonviolence towards animals is protected by constitutional Free Speech guarantees, it receives additional protection under TRFRA. As the Supreme Court of Texas has explained, TRFRA guarantees that an action "which can be and often is conducted for purely secular purposes [is] entitled to increased protection from government regulation if conducted for religious reasons." *Id.* at 300. Thus, "[j]ust as a Bible study group and a book club are not treated the same, neither are a halfway house operated for religious purposes and one that is not." *Id.* Here, Mr. Dubash participates in the "Cube of Truth," a public educational demonstration that seeks to inform and persuade passersby of the evils of contemporary industrial animal production. But he does so *because* of his Vedanta beliefs. Under TRFRA, the question is "whether plaintiff's sincere religious beliefs motivate his conduct." *Merced v. Kasson*, 577 F.3d 578, 588 (5th Cir. 2009). For Mr. Dubash, they do.

    Finally, Discovery Green burdens Mr. Dubash's religious exercise through the manner of its discriminatory content-based prohibitions on depicting the truth of industrial animal production and wearing a "Guy Fawkes" mask. But content-based restrictions are onerous when suppressing religious exercise just as they are suppressing free speech. *See West Virginia State Board of Education v. Barnette*, 319 U.S. 624, 642 (1943) ("If there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion…."). No one would tell a believer that the government can ban her from saying Hail Marys so long as it permits her to say Our Fathers. And so long as Mr. Dubash does not display speech that is outside the bounds of legal protection, such as obscenity or defamation, the government may not tell him how to say it.



SCHOOL OF LAW
**THE UNIVERSITY OF TEXAS AT AUSTIN**

*Law and Religion Clinic · 727 East Dean Keeton Street · Austin, Texas 78705*

  To reiterate, this letter serves as statutory notice under TRFRA, Tex. Civ. Prac. & Rem. Code Ann. § 110.006(a). Notwithstanding any statutory requirements, Mr. Dubash retains the right to bring an action should an imminent threat to his religious rights arise, and nothing in this letter acts as a waiver or forfeiture of any other statutory or constitutional claims, rights, or remedies. *See* id. § 110.006(b).


Sincerely,



John Greil
Clinical Professor of Law | The University of Texas School of Law
John.greil@law.utexas.edu | 651-767-2574

Steven T. Collis
Clinical Professor of Law | The University of Texas School of Law
Director | Bech-Loughlin First Amendment Center
Director | UT Law and Religion Clinic
Steven.collis@law.utexas.edu | 512-475-9090

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br>Aaron P. Roffwarg<br>711 Louisiana St.<br>Suite 2300<br>Houston, TX 77002 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| 9590 9402 6990 1225 4907 31 | 3. Service Type<br>☐ Adult Signature<br>☒ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500)<br>☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>9414 7112 0620 7225 8886 69 | |
| PS Form 3811, July 2020 PSN 7530-02-000-9053 | Domestic Return Receipt |