# **<u>EXHIBIT B</u>**

Return to:
Janet Karr
Chicago Title
909 Fannin #200
Houston, TX 77010
391447



**SPECIAL WARRANTY DEED**

Y136653
12/17/04  300537332                 $64.00

Y401157
04/18/05  300605211                 $64.00

THE STATE OF TEXAS            §

COUNTY OF HARRIS              §

KNOW ALL MEN BY THESE PRESENTS:

THAT CITY OF HOUSTON, TEXAS, a municipal corporation and home-rule city located principally in Harris County, Texas ("**Grantor**"), for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration given to Grantor by the Grantee herein named, the receipt and sufficiency of which are hereby acknowledged, has GRANTED, BARGAINED, SOLD and CONVEYED, and by these presents does GRANT, BARGAIN, SELL and CONVEY unto HOUSTON DOWNTOWN PARK CONSERVANCY, a Texas non-profit corporation ("**Grantee**"), whose mailing address is set forth below, all of those certain tracts of land, together with all improvements thereon, situated in the County of Harris, Texas, more particularly described in **Exhibit A-1** (collectively, "**Blocks 125 and 249**") and **Exhibit A-2** (collectively, "**Blocks 124 and 127**") attached hereto and made a part hereof for all purposes (Blocks 125 and 249 and Blocks 124 and 127 are collectively referred to herein as the "**Subject Property**"); together with: (i) any and all appurtenances belonging or appertaining thereto; (ii) any and all appurtenant easements or rights of way affecting the Subject Property and any rights of Grantor to use the same (save and except the Convention Center Parking Easement defined below); (iii) any and all rights of ingress and egress to and from the Subject Property and any rights of Grantor to use the same; (iv) all rights, title and interest of Grantor in the oil, gas and other minerals of every kind located in, on or under the Subject Property; and (v) all rights, title and interest of Grantor, if any, in and to (a) any and all roads, streets, alleys and ways (open or closed) crossing or traversing the Subject Property but not abutting or otherwise; (b) any and all air rights relating to the Subject Property and (c) any and all reversionary rights or interests in and to the Subject Property, save and except as expressly set forth in Paragraph 3(c) below (the Subject Property and other appurtenances, rights, interests and other property described in clauses (i) through (v) above being collectively referred to herein as the "**Property**").

For the same consideration, Grantor hereby also grants, bargains, sells and conveys to Grantee, and the term "**Property**" also includes, all rights, title and interest of Grantor, if any, in and to that certain tract of land located in Harris County, Texas, more particularly described in **Exhibit A-3** attached hereto and made a part hereof for all purposes, (the "**Crawford Street ROW Area**"), including all improvements situated on or above such area, and all air rights relating to such area, but expressly excluding the Utility Easement, defined below, and any easement facilities situated under such area.

Notwithstanding anything contained in this Deed to the contrary, with regard to the rights and interests described in clauses (ii), (iii), (iv) and (v) of the first grammatical paragraph and those described in the second grammatical paragraph of this Deed, Grantor is hereby only granting, selling and conveying Grantor's rights, title or interest, if any, in and to the same without warranty of title (whether statutory, express, implied or otherwise).

This conveyance of the Property is made by Grantor and accepted by Grantee subject to (a) those matters set forth on **Exhibit B** attached hereto and incorporated herein by reference.

- 1 -

HOU:2369174.7

(collectively, the **"Permitted Exceptions"**), and (b) the matters stated in this instrument as set forth below:

1.  This conveyance of the Property is further made by Grantor and accepted by Grantee subject to, and Grantor hereby retains for itself and for its existing licensees and franchisees, a non-exclusive underground public utility easement (the **"Utility Easement"**) under and across the Crawford Street ROW Area (such area being referred to in this Paragraph 1 as the **"Easement Area"**).  The Utility Easement is for the purpose of the installation, construction, operation, maintenance, repair, relocation, removal and replacement of underground pipes, wires, lines and related equipment and facilities for water, sewer, drainage, electricity, gas, telephone, telecommunication and other utility purposes, together with reasonable rights of access on the surface of the Easement Area for purposes of maintenance of any of such underground utility facilities.  No permanent buildings or structures shall be installed or constructed on the Easement Area, and Grantor shall not pave all or substantially all of the Easement Area; however, such Easement Area may be planted with landscaping and fences, curbs, walks, paths and private drives may be installed or constructed within such Easement Area.  Grantor shall use reasonable efforts to give Grantee advance notice of any entry by Grantor or its contractors on the Easement Area for such access to the Utility Easement.  Grantor agrees to restore, or to cause to be restored, the surface of the Easement Area to substantially the same condition in which it existed immediately prior to any entry by Grantor.

2.  This conveyance of the Property is further made by Grantor and accepted by Grantee subject to, and Grantor hereby retains a non-exclusive underground easement (the **"Convention Center Parking Easement"**) under and across <u>Blocks 125 and 249</u> (as described in <u>Exhibit A-1</u> attached hereto, and such area being referred to in this Paragraph 2 as the **"Easement Area"**).  The Convention Center Parking Easement is for the purpose of the installation, construction, operation, maintenance, repair, relocation, removal and replacement of an underground parking structure for vehicles, including but not limited to related fixtures, systems, facilities and equipment (collectively, the **"Easement Facilities"**) for use primarily as convention center parking facilities for the George R. Brown Convention Center located adjacent to the Property.  The term "Easement Facilities" also includes, and the Convention Center Parking Easement shall also permit the limited use of the surface of the Easement Area for, necessary facilities appurtenant to the underground Easement Facilities, including but not limited to ventilation exhausts, pedestrian elevators, stairwells and entranceways, and vehicle entrance ramps, subject to Grantor's approval rights as to design and construction documents set forth below.  Grantor shall make the underground vehicular parking spaces available for the use of users of the Property on the same terms and rates as Grantor charges for convention center parking in the same spaces.  Such easement shall not be considered the dominant estate but instead shall be of equivalent priority with the estate conveyed to Grantee in this Deed.  Such easement shall be subject to the following terms: (i) Grantor shall give Grantee not less than eighteen (18) months prior notice of Grantor's desire to commence construction of the Easement Facilities; (ii) Grantor shall have the exclusive right to design the Easement Facilities within the Easement Area; provided, however, that the design (A) shall not elevate the surface of the Easement Area to a level that is higher than it existed before the construction of the Easement Facilities, (B) shall

- 2 -

be at a depth that will leave sufficient ground cover to support the growth of oak, pecan, pine and other indigenous trees on the surface of the Easement Area, such depth to be reasonably determined by Grantee with the advice of professional horticulturalists or other qualified professionals as part of the initial design for the development of the Property as required in Paragraph 3(a)(i), (C) shall locate all vehicle entrances and exits so as to access onto public streets abutting the Property, excluding Crawford Street, with ramps down to the garage within the Property exempted from the coverage requirements described in (B) for a reasonable distance and subject to clause (E) below, (D) shall locate all pedestrian entrances and exits so as to access onto such public streets from locations on the periphery of the Property or, with Grantor's approval, and (E) the design, plans, specifications, construction drawings and material change orders for the Easement Facilities shall be subject to Grantee's approval not to be unreasonably withheld or delayed and which approval shall be based on Grantee's existing and future design plans for the surface of the Property situated within the area of Blocks 125 and 249; (iii) upon completion of construction of the Easement Facilities, or any maintenance, repair or replacement of any part thereof, Grantor shall be obligated to restore the surface of the Easement Area to substantially the same condition as it existed before such construction; (iv) "Houston Downtown Park Corporation," a Texas local government corporation created by the City of Houston (or the successor entity of such corporation) shall have the exclusive right to contract for (subject to Grantee's reasonable approval of any aspects affecting the surface of the Easement Area), and Grantee shall have the exclusive right to manage, the construction of the Easement Facilities, any repair or replacement (but not routine maintenance) of any part thereof affecting the surface of the Easement Area, and restoration of the surface of the Property, provided, however, that the contract schedule and contract price for any of such work shall be subject to Grantor's approval; (v) all such construction, repair or replacement of the Easement Facilities and all restoration of the surface of the Property shall be at Grantor's cost, and (vi) all revenues from the use and operation of the Easement Facilities shall be Grantor's.  If Grantee has constructed and is using any underground parking facilities within the Easement Area before Grantor exercises its rights hereunder, Grantor's design, construction and operation of the Easement Facilities shall not materially adversely affect such pre-existing facilities of Grantee (which facilities shall not be deemed Easement Facilities), and all revenues from such pre-existing facilities of Grantee shall be Grantee's.

3.  This conveyance of the Property is further made by Grantor and accepted by Grantee subject to the following condition and restrictive covenants, all of which shall run with the land constituting the Property, shall be binding upon Grantee and its successors and assigns, and shall inure to the benefit of Grantor:

   (a)   Condition and Covenant to Develop:

      (i)   On or before December 31, 2007 (as such date may be extended for no more than two (2) periods of twelve (12) months each, by agreement between Grantor and Grantee), the Property shall be developed, subject to the Convention Center Parking Easement and the Utility Easement, (x) as park land and open space, including gardens, plantings and water features, and including at least 3.0 acres in the aggregate of open green space that

- 3 -

could reasonably accommodate activities and events for tourist and convention visitors and their families, as well as residents of the City of Houston, and (y) as areas of 2.5 acres in the aggregate for related facilities and amenities, which may include light retail, restaurant, entertainment and other commercial, non-residential uses and structures (including, but not limited to, parking facilities to support such uses and structures), in the nature of attractions to, or amenities related to and supporting the use of, the balance of the Property for the purposes set forth in clause (x) above.

(ii) Notwithstanding anything contained in this Deed, the provisions of Subparagraph 3(a)(i) above will not constitute or effect a dedication of the Property as a park or recreation area.

(b) Operating and Maintenance Covenant:

(i) All improvements and fixtures situated on the Property shall at all times be operated and maintained in good, orderly and clean condition, with appropriate lighting and security measures designed to reduce crime and vagrancy.

(ii) All landscaping and plantings on the Property shall be maintained in attractive, healthy and orderly condition, with adequate supplies of water, and with periodic mowing and trimming.

(c) Enforcement Rights:

(i) If the Property is not timely developed in accordance with Paragraph 3(a) above, then Grantor shall have the right to re-enter the Property and assume ownership of all of the Property, it being the express intent of Grantor and Grantee that this instrument conveys to Grantee title to all of the Property subject to the condition subsequent set forth in Subparagraph 3(a) above and subject to all other matters set forth herein; provided, however, that in the event of such reversion of title, not less than 3.85 acres of the Property shall be restricted and dedicated to, and used for, green space, landscaped area or public park land, for the benefit of the public, and the foregoing restriction and dedication shall not merge with the title so reacquired by Grantor.

(ii) Grantor, in its sole discretion, may elect to waive its reversionary rights described in Subparagraph 3(c)(i) above by expressly stating such waiver in a written notice to Grantee, in which event Grantor shall have the right to enforce the provisions of Paragraph 3(a) in the same manner as its right to enforce the provisions of Paragraph 3(b), as described in Subparagraph 3(c)(iii) below.

(iii) Upon any breach of the covenants described in Paragraph 3(b) above, which breach remains uncured for more than 120 days, Grantor shall have the right to enforce the provisions of Paragraph 3(b) by seeking any

- 4 -

damages, injunctive relief and any other remedy to which it may be entitled by law or in equity; provided, however, that a waiver as to any one breach of such covenants from time to time shall not constitute a waiver as to any subsequent breach thereof.

(iv)    Notwithstanding anything to the contrary contained in this Deed, upon the reversion of title of Blocks 124 and 127 (as described in **Exhibit A-2** attached hereto) to Grantee pursuant to the terms of that certain Special Warranty Deed dated as of even date herewith from Grantee, as grantor, to Houston Downtown Park Corporation, as grantee, recorded or to be recorded (subsequent to the recordation of this Deed) in the Real Property of Harris County, Texas, Blocks 124 and 127 shall automatically be released from the foregoing provisions of this Paragraph 3 and the terms hereof shall be null and void as to Blocks 124 and 127.

4.    IT IS UNDERSTOOD AND AGREED THAT GRANTOR SPECIFICALLY DISCLAIMS ANY EXPRESS OR IMPLIED WARRANTY, GUARANTY OR REPRESENTATION, ORAL OR WRITTEN, PAST, PRESENT OR FUTURE, OF, AS TO, OR, CONCERNING (I) THE NATURE AND CONDITION OF THE PROPERTY AND THE SUITABILITY THEREOF FOR ANY AND ALL ACTIVITIES AND USES WHICH GRANTEE MAY ELECT TO CONDUCT THEREON, (II) THE COMPLIANCE OF THE PROPERTY OR ITS OPERATION WITH ANY LAWS, ORDINANCES OR REGULATIONS OF ANY GOVERNMENT OR OTHER AUTHORITY OR BODY, OR (III) THE EXISTENCE OF ANY TOXIC OR HAZARDOUS SUBSTANCE OR WASTE IN, ON, UNDER THE SURFACE OF OR ABOUT THE PROPERTY. GRANTEE AGREES THAT WITH RESPECT TO THE PROPERTY, GRANTEE HAS NOT RELIED UPON AND WILL NOT RELY UPON, EITHER DIRECTLY OR INDIRECTLY, ANY REPRESENTATION OR WARRANTY OF GRANTOR EXCEPT FOR THE WARRANTIES OF TITLE IN THIS DEED. GRANTEE AGREES THAT ANY INFORMATION PROVIDED TO GRANTEE BY GRANTOR WITH RESPECT TO THE PROPERTY WAS OBTAINED FROM A VARIETY OF SOURCES AND GRANTOR (A) HAS NOT MADE ANY INDEPENDENT INVESTIGATION OR VERIFICATION OF SUCH INFORMATION AND (B) HAS NOT MADE ANY EXPRESS OR IMPLIED, ORAL OR WRITTEN, REPRESENTATIONS AS TO THE ACCURACY OR COMPLETENESS OF SUCH INFORMATION. GRANTEE AGREES THAT GRANTOR IS SELLING AND CONVEYING THE PROPERTY TO GRANTEE AND GRANTEE IS ACCEPTING THE PROPERTY ON AN **"AS IS WHERE IS WITH ALL FAULTS"** BASIS, AND GRANTEE AGREES THAT GRANTOR HAS NOT MADE ANY REPRESENTATIONS OR WARRANTIES, EXPRESS OR IMPLIED, ARISING BY OPERATION OF LAW OR OTHERWISE, WHATSOEVER WITH RESPECT TO THE CONDITION OF THE PROPERTY, INCLUDING WITHOUT LIMITATION ANY REPRESENTATION OR WARRANTY REGARDING CONDITION, HABITABILITY, SUITABILITY, QUALITY OF CONSTRUCTION, WORKMANSHIP, MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE, AND GRANTEE HAS NOT RELIED UPON ANY ORAL STATEMENT OR REPRESENTATION MADE BY GRANTOR, ANY BROKER OR BY ANY OTHER PERSON.

TO HAVE AND TO HOLD the Property, together with all and singular the rights and appurtenances thereto and in any wise belonging unto the said Grantee, its legal representatives, successors and assigns, forever, subject to the Permitted Exceptions and all other matters set forth herein. Grantor does hereby bind itself, its legal representatives and successors, to Warrant and Forever Defend all and singular the Subject Property only, subject to the Permitted Exceptions and all other matters set forth herein unto Grantee, its legal representatives,

- 5 -

successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof by, through or under Grantor, but not otherwise.

*[Remainder of this page intentionally left blank; signature page follows.]*

- 6 -

HOU:2360174.7

EXECUTED on the dates of the acknowledgments set forth below; to be effective, however, for all purposes as of December **15**, 2004.

**GRANTOR:**

**CITY OF HOUSTON, TEXAS**

ATTEST:

By: _____
    Anna Russell, City Secretary

By: _____
    Bill White, Mayor

Approved as to form:

By: _____
Name: Kathryn J. Farley
Title: Assistant City Attorney
L.D. # 025-0400023-001
*Ordinance # 2004-1240*

Grantee joins in the execution of this instrument for the purposes of acknowledging and agreeing to the terms and provisions contained in this instrument.

**GRANTEE:**

HOUSTON DOWNTOWN PARK
CONSERVANCY

By: _____
Name: Nancy G. Kinder
Title: President

- 7 -

**Grantee's Address:**

HOUSTON DOWNTOWN PARK CONSERVANCY
PO Box 130776
Houston, Texas   77219-0776
Attn:  President

After recording, return to:

Ms. Cassie B. Stinson
Andrews Kurth LLP
600 Travis St., Ste. 4200
Houston, TX   77002

UNOFFICIAL COPY

- 8 -

THE STATE OF TEXAS          §

COUNTY OF HARRIS            §

This instrument was acknowledged before me on the 16th day of December, 2004, by Bill White, Mayor of the City of Houston, Texas, a municipal corporation and home-rule city of the State of Texas, on behalf of said municipality.

(seal)



ANNA RUSSELL
Notary Public, State of Texas
My Commission Exp. 7/7/06

_____
Notary Public – State of Texas
My commission expires:_____


THE STATE OF TEXAS          §

COUNTY OF HARRIS            §

This instrument was acknowledged before me on the 15th day of December, 2004, by Nancy G. Kinder, President of Houston Downtown Park Conservancy, a Texas nonprofit corporation.

_____
Notary Public – State of Texas
My commission expires:_____

CASSIE B. STINSON
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
MARCH 23, 2006

- 9 -

HOU:2369174.7

UNOFFICIAL COPY

## EXHIBIT A-1
## TO
## CITY DEED TO
## HOUSTON DOWNTOWN PARK CONSERVANCY

**LEGAL DESCRIPTION OF BLOCKS 125 AND 249**

HOU:2369174.7

# EXHIBIT A-1

### PROPERTY DESCRIPTION

Tract 1 of 3



DESCRIPTION OF A PORTION OF
BLOCKS 122 AND 125
SOUTH SIDE BUFFALO BAYOU (S.S.B.B.)
AND A PORTION OF McKINNEY AVENUE
AND JACKSON STREETS (ABANDONED)
IN THE CITY OF HOUSTON
HARRIS COUNTY, TEXAS

Being a 3.138 acre tract (136,705 square feet) tract of land being a portion of Blocks 122 and 125 South Side Buffalo Bayou, a recognized unrecorded subdivision map of the downtown area of the City of Houston, and a portion of McKinney Avenue, abandoned, recorded under Clerk's File No. K380306 of the Official Public Records of Real Property of Harris County, Texas (O.P.R.R.P.H.C.), and a portion of Jackson Street, abandoned, recorded under said Clerk's File No. K380306 O.P.R.R.P.H.C., being a portion of that certain residue tract conveyed by deed executed September 22, 1988 to Crescent Real Estate Equities Limited Partnership, recorded under Clerk's File No. S653086, Film Code No. 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 O.P.R.R.P.H.C., said 3.138 acre tract being more particularly described by metes and bounds as follows, all bearings recited herein are referenced to the City of Houston Monumentation System, all called bearings and called distances recited herein are referenced to various maps obtained from the City of Houston File Room:

**COMMENCING** from City of Houston Engineering Department Reference Rod No. 311, being a 3/4-inch iron rod marking the centerline intersection of Polk Avenue (80-foot width) and Crawford Street (80-foot width), from which City of Houston Engineering Department Reference Rod No. 601, being a 3/4-inch iron rod found, marking the centerline intersection of said Polk Avenue and Chartres Street (80-foot width) bears South 57°08'43" East, along the City of Houston Engineering Department Reference Line (centerline) of said Polk Avenue, a distance of 1,320.35 feet;

Thence, North 32°52'08" East, along the City of Houston Engineering Department Reference Line (centerline) of said Crawford Street, a distance of 950.53 feet to a point on said centerline of Crawford Street;

Thence, South 57°08'44" East, departing said City of Houston Engineering Department Reference Line (centerline), a distance of 40.00 feet to an "X" chiseled in concrete set, for corner, being on the southeasterly right-of-way line of said Crawford Street for the **POINT OF BEGINNING** of the herein described tract, from which a 60d nail with shiner found, bears South 32°52'08" West, 432.30 feet;

A-1-1

**Tract 1 of 3**

Thence North 32°52'08" E, along said southeasterly right of way line of said Crawford Street, a distance of 178.87 feet to a 5/8-inch iron rod with "TSC Surveying & Engineering Company cap set marking the intersection of said southeasterly right of way line of Crawford Street and the southerly right-of-way line of McKinney Avenue (80-foot width), from which a 5/8-inch iron with a Cotton Surveying cap found bears South 29°13' West, 0.5', for the northwesterly corner of the herein described tract;

Thence, North 81°07'28" East, along said southerly right-of-way line of said McKinney Avenue, a distance of 127.76 feet to a "mag" nail with shiner set marking the point of curvature of a curve to the right and being an interior corner of the herein described tract;

Thence, in a southeasterly direction curving to the right along said southerly right-of-way line of Walker Avenue, an arc length of 189.36 feet, having a radius of 260.00 feet, a central angle of 41°43'48", and a chord that bears South 78°00'38" East, 185.21 feet to a point on the southerly right-of-way line of Walker Avenue (width varies), from which a 5/8 inch iron rod found bears South 03°24' East, 0.3 feet and a 5/8 inch iron found bears South 41°53' East, 0.5 feet for the point of tangency of said curve;

Thence, South 57°08'44" East, along said southerly right-of-way line of Walker Avenue, a distance of 164.22 feet to a point marking the northerly cut back corner of the intersection of the southerly right of way line of said Walker Avenue and the northwesterly right-of-way line of Avenida De Las Americas (120 foot width) recorded under Clerk's File No(s). J723283, J723282 and J180167 O.P.R.R.P.H.C., from which an "X" in concrete found bears North 08°50' West, 0.2 feet, and an "X" in concrete found bears North 84°55' East, 0.2 feet;

Thence, South 12°08'18" East, along said cut back line, a distance of 35.35 feet to a chiseled "X" in concrete set, marking the southeasterly corner of said cutback for the southeasterly corner of the herein described tract;

Thence, South 32°52'08" West, along said northwesterly right-of-way line of said Avenida De Las Americas, a distance of 304.87 feet to a chiseled "X" in concrete set for the southerly corner of the herein described tract, from which an "X" in concrete found bears South 32°52'08" West, 555.35 feet;

Thence, North 57°08'44" West, a distance of 457.59 feet to the **POINT OF BEGINNING** and containing a computed area of 3.138 acres (136,705 square feet) of land.

City of Houston Engineering Department Reference Rods, No. 20 (LaBranch at Capitol), No. 22 (Chartres at Capitol), No. 44 (Polk at Chenevert), No. 311 (Polk at Crawford) and No. 601 (Polk at Chartres) were found on the ground and were used as the controlling Monumentation to calculate all right of way lines, property lines, etc. related to the proposed extension of Avenida De Las Americas.

A-1-2

Tract 2 of 3

DESCRIPTION OF A PORTION OF
BLOCKS 248 AND 249
SOUTH SIDE BUFFALO BAYOU (S.S.B.B.)
AND A PORTION OF JACKSON STREET
(ABANDONED) IN THE CITY OF HOUSTON
HARRIS COUNTY, TEXAS

Being a 2.320 acre tract (101,069 square feet) tract of land, being a portion of Blocks 248 and 249 of South Side Buffalo Bayou, a recognized unrecorded subdivision map of the downtown area of the City of Houston and being a portion of Jackson Street, abandoned, recorded under Clerk's File No. K380306 O.P.R.R.P.H.C., being a portion of that certain residue tract conveyed by deed executed September 22, 1988 to Crescent Real Estate Equities Limited Partnership (herein after referred to as Crescent Tract), recorded under Clerk's File No. S653086, Film Code No. 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 O.P.R.R.P.H.C., said 2.320 acre tract being more particularly described by metes and bounds as follows, all bearings recited herein are referenced to the City of Houston Monumentation System, all called bearings and called distances recited herein are referenced to various maps obtained from the City of Houston File Room:

COMMENCING from City of Houston Engineering Department Reference Rod No. 311, being a 3/4-inch iron rod marking the centerline intersection of Polk Avenue (80-foot width) and Crawford Street (80-foot width), from which City of Houston Engineering Department Reference Rod No. 601, being a 3/4-inch iron rod found, marking the centerline intersection of said Polk Avenue and Chartres Street (80-foot width) bears South 57°08'43" East, along the City of Houston Engineering Department Reference Line (centerline) of said Polk Avenue, a distance of 1,320.35 feet;

Thence North 32°52'08" East along the City of Houston Engineering Department Reference Line (centerline) of said Crawford Street, a distance of 518.23 feet to a point on said centerline of Crawford Street;

Thence South 57°08'44" East departing said City of Houston Engineering Department Reference Line (centerline), a distance of 40.00 feet to a 60D nail with shiner found marking the intersection between the southeasterly right-of-way line of said Crawford Street and the northeasterly line of Lamar Avenue (80-foot width), being the most westerly corner of aforesaid Crescent Tract, and being the most westerly corner and POINT OF BEGINNING of the herein described tract;

A-1-3

**Tract 2 of 3**

Thence North 32°52'08" E along said southeasterly right-of-way line of said Crawford Street, a distance of 102.12 feet to a chiseled "X" in concrete set for the most northerly corner of the herein described tract;

Thence South 57°08'44" East departing said southeasterly right-of-way line of said Crawford Street, being along the former southwesterly right-of-way line of abandoned Lamar Avenue, a distance of 457.59 feet to a chiseled "X" in concrete set for corner, being on the northwesterly right-of-way line of Avenida De Las Americas (120 - foot width) recorded under Clerk's File No(s). J723283, J723282 and J180167 O.P.R.R.P.H.C., and being the most easterly corner of the herein described tract;

Thence South 32°52'08" West along said northwesterly right-of-way line of said Avenida De Las Americas, a distance of 225.17 feet to a chiseled "X" in concrete found marking the northeasterly cut back corner and being the easterly most southerly corner of the herein described tract;

Thence South 77°51'42" West along said cut back line, a distance of 35.36 feet to a chiseled "X" in concrete set marking the southwesterly cut back corner, being on the northeasterly right-of-way line of Dallas Avenue (width varies), and being the westerly most southerly corner of the herein described tract;

Thence North 57°08'43" West along said northeasterly right-of-way line of said Dallas Avenue, a distance of 170.64 feet to a chiseled "X" in concrete found marking the point of curvature for a tangent curve to the right, and being an interior corner of the herein described tract;

Thence in a northwesterly direction curving to the right departing said northeasterly right-of-way line of Dallas Avenue and being along aforesaid northeasterly right-of-way line of aforesaid Lamar Avenue, an arc length of 194.02 feet, having a radius of 260.00 feet, a central angle of 42°45'18", and a chord that bears North 35°46'05" West, 189.55 feet to a 5/8-inch iron rod with TSC cap found marking the point of tangency of said curve, and being an interior corner of the herein described tract;

A-1-4

Tract 2 of 3

Thence North 14°23'26" West along said northeasterly right-of-way line of said Lamar Avenue, a distance of 116.31 feet to the **POINT OF BEGINNING** and containing a computed area of 2.320 acres (101,069 square feet) of land.

City of Houston Engineering Department Reference Rods, No. 20 (LaBranch at Capitol), No. 22 (Chartres at Capitol), No. 44 (Polk at Chenevert), No. 311 (Polk at Crawford) and No. 601 (Polk at Chartres) were found on the ground and were used as the controlling Monumentation to calculate all right of way lines, property lines, etc. related to the proposed extension of Avenida De Las Americas.

A-1-5

**Tract 3 of 3 -- Air Rights**

All those air rights, as hereinafter defined, being a portion of those rights conveyed by the City of Houston to Houston Center Corporation by Quitclaim Deed dated August 26, 1971, recorded under Harris County Clerk's File Number(s) D404337 of the Real Property Records of Harris County, Texas, such deed being authorized by City of Houston Ordinance No. 70-1881 passed on October 28, 1970, and a portion of those rights reserved by Houston Center Corporation and CFHC-2 Texas, Inc. under that certain Declaration of Easement made effective as of September 24, 1984, from Houston Center Corporation and CFHC-2 Texas, Inc., as Grantors, to the City of Houston, Texas, as grantee, and filed for record under Harris County Clerk's File Number(s) J723283 of the Real Property Records of Harris County, Texas, the air rights conveyed by said Quitclaim Deed and reserved under said Declaration of Easement being the City of Houston easement rights between a plane 20 feet above the crowns of the existing streets and a plane 500 feet above such street crowns:

1.    The following air rights over the streets set out below, which were reserved by Houston Center Corporation and CFHC-2 Texas, Inc. under that certain Declaration of Easement made effective as of September 24, 1984, from Houston Center Corporation and CFHC-2 Texas, Inc., as Grantors, to the City of Houston, Texas, as Grantee, and filed under Harris County Clerk's File Number(s) J723283 and Film Code No. 096-831138:

(i)     the Avenida de las Americas adjacent to Blocks 248 and 122 (part of Tr. 9);

(ii)    Lamar Avenue between the east line of Crawford Street and the west line of abandoned Jackson Street (Tr. 12);

(iii)   McKinney Avenue between the east line of Crawford Street and the west line of abandoned Jackson Street (Tr. 13);

(iv)    Two triangular parcels of land, (1) out of Block 248 (corner of Dallas Avenue and the Avenida de las Americas) and (2) Block 122 (corner of Walker Avenue and the Avenida de las Americas) (part of Tr. 15).

2.    The following air rights over the streets set out below, which were quitclaimed by the City of Houston to Houston Center Corporation in numbered paragraph 10 of that certain Quitclaim Deed dated August 26, 1971, recorded under Harris County Clerk's File Number D404337, of the Real Property Records of Harris County, Texas:

(i)     the east half of Crawford Street between the northerly line of Lamar Avenue and to a line parallel thereto and extending from the northern boundary line of Tract II; and

(ii)    the east half of Crawford Street from the southerly line of McKinney Avenue and to a line parallel thereto and extending from the southern boundary of Tract I.

## EXHIBIT A-2
## TO
## CITY DEED TO
## HOUSTON DOWNTOWN PARK CONSERVANCY

### LEGAL DESCRIPTION OF BLOCKS 124 AND 127

UNOFFICIAL COPY

HOU:2369174.7

# EXHIBIT A-2

TRACT I:

Being a 3.468 acre tract (151,085 square feet) tract of land, being a portion of Blocks 123 and 124 South Side Buffalo Bayou, a recognized unrecorded subdivision map of the downtown area of the City of Houston, and a portion of Lamar Avenue abandoned by deed filed under Clerk's File No. K380306 of the Official Public Records of Real Property (O.P.R.O.R.P.) of Harris County, Texas and a portion of Jackson Street, abandoned, recorded under said Clerk's File No. K380306 O.P.R.R.P.H.C., being a portion of that certain residue tract conveyed to Crescent Real Estate Equities Limited Partnership (herein after referred as Crescent) by deed filed under Clerk's File No. S653086 (Film Code No. 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) of the O.P.R.O.R.P. of Harris County, Texas ,dated September 22, 1998 and being all of a called 1.4712 acre tract of land conveyed to said Crescent by deed filed under Clerk's File Number W444308 (Film Code Number 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) of the O.P.R.O.R.P. of Harris County, Texas ,dated February 14, 2003, said 3.468 acre tract being more particularly described by metes and bounds as follows, all bearings recited herein are referenced to the City of Houston Monumentation System, all called bearings and called distances recited herein are referenced to various maps obtained from the City of Houston File Room:

COMMENCING from City of Houston Engineering Department Reference Rod No. 311, being a 3/4-inch iron rod marking the centerline intersection of Polk Avenue (80-foot width) and Crawford Street (80-foot width), from which City of Houston Engineering Department Reference Rod No. 601, being a 3/4-inch iron rod found, marking the centerline intersection of said Polk Avenue and Chartres Street (80-foot width) bears South 57°08'43" East, along the City of Houston Engineering Department Reference Line (centerline) of said Polk Avenue, a distance of 1,320.35 feet;

Thence North 32°52'08" East along the City of Houston Engineering Department Reference Line (centerline) of said Crawford Street, a distance of 620.36 feet to a point on said centerline of Crawford Street;

Thence South 57°08'44" East departing said City of Houston Engineering Department Reference Line (centerline), a distance of 40.00 feet to a found "X" chiseled in concrete set for corner, being on the southeasterly right-of-way line of said Crawford Street, being the most northerly corner of a called 2.320 acre tract of land as described by deed filed under Clerk's File Number W324576 (Film Code Number 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) of the Official Public Records of Real Property of Harris County, Texas, dated December 30, 2002 and being the most westerly corner and **POINT OF BEGINNING** of the herein described tract, from which a 60d nail with shiner found, bears South 32°52'08" West, 102.12 feet;

Thence North 32°52'08" East along said southeasterly right-of-way line of said Crawford Street, a distance of 330.17 feet to a found "X" chiseled in concrete for corner, being the most westerly corner of a called 3.138 acre tract of land as described in said deed filed under Clerk's File Number W324576 and being the most northerly corner of the herein described tract;

A-2-1

HOU:2386852.1

Thence South 57°08'44" East departing said southeasterly right-of-way line of said Crawford Street, being along the common line with said called 3.138 acre tract, same being along the former southwesterly right-of-way line of abandoned McKinney Street, a distance of 457.59 feet to a found chiseled "X" in concrete for corner, being on the northwesterly right-of-way line of Avenida De Las Americas (120 - foot width) recorded under Clerk's File No(s). J723283, J723282 and J180167 O.P.R.R.P.H.C., being the most southerly corner of said called 3.168 acre tract and being the most easterly corner of the herein described tract;

Thence South 32°52'08" West along said northwesterly right-of-way line of said Avenida De Las Americas, a distance of 330.17 feet to a found chiseled "X" in concrete for corner, being the easterly corner of aforementioned called 2.320 acre tract and being the most southerly corner of the herein described tract, from which a found "X" in concrete found bears South 32°52'08" West, 225.17 feet;

Thence North 57°08'44" West departing said northwesterly right-of-way line of said Avenida De Las Americas, being along the common line with said called 2.320 acre tract, same being along the former southwesterly right-of-way line of abandoned Lamar Street, a distance of 457.59 feet to the **POINT OF BEGINNING** and containing a computed area of 3.468 acres (151,085 square feet) of land.

City of Houston Engineering Department Reference Rods, No. 20 (LaBranch at Capitol), No. 22 (Chartres at Capitol), No. 44 (Polk at Chenevert), No. 311 (Polk at Crawford) and No. 601 (Polk at Chartres) were found on the ground and were used as the controlling Monumentation to calculate all right of way lines, property lines, etc. related to the proposed extension of Avenida De Las Americas.

Together with:

All those air rights, as hereinafter defined, in that portion of Crawford Street lying between the northwest line of Tract I and the centerline of Crawford Street, and that portion of Avenida De Las Americas lying between the southwesterly 80 feet of the southeast line of Tract I and the centerline of Avenida De Las Americas, being a portion of those rights conveyed by the City of Houston to Houston Center Corporation by Quitclaim Deed dated August 26, 1971, recorded under Harris County Clerk's File Number(s) D404337, of the Real Property Records of Harris County, Texas, such deed being authorized by City of Houston Ordinance No. 70-1881, passed on October 28, 1970, the air rights conveyed by said Quitclaim Deed being the City of Houston Easement rights between a plane 20 feet above the crowns of the existing streets and a plane 500 feet above such street crowns; and

All those air rights in that portion of Avenida De Las Americas lying between the ~~northwesterly~~ northwesterly JML 250 feet of the southeast line of Tract I, and the centerline of Avenida De Las Americas, as reserved by Houston Center Corporation and CFHC-2 Texas, Inc. under that certain Declaration of Easement made effective as of September 24, 1984, from Houston Center Corporation and CFHC-2 Texas, Inc., as Grantors, to the City of Houston, Texas, as grantee, and filed for record under Harris County Clerk's File No.(s) J723283, of the Real Property Records of Harris County, Texas.

A-2-2

Also:

<u>TRACT II:</u>

Being a 1.872 acre tract (81,550 square feet) tract of land, being all of Block 127, a portion of Blocks 126 and 250 South Side Buffalo Bayou, a recognized unrecorded subdivision map of the downtown area of the City of Houston conveyed to Crescent Real Estate Equities Limited Partnership by deed filed under Clerk's File No. S653086 (Film Code No. 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) of the Official Public Records of Real Property (O.P.R.O.R.P.) of Harris County, Texas ,dated September 22, 1998 and a portion of Lamar Avenue described as Tract 18 and a portion of McKinney Avenue described as Tract 19 by deed filed under Clerk's File No. K372514 (Film Code Number 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) of the O.P.R.O.R.P. of Harris County, Texas dated January 3, 1985, said 1.872 acre tract being more particularly described by metes and bounds as follows, all bearings recited herein are referenced to the City of Houston Monumentation System, all called bearings and called distances recited herein are referenced to various maps obtained from the City of Houston File Room:

**COMMENCING** from City of Houston Engineering Department Reference Rod No. 311, being a 3/4-inch iron rod marking the centerline intersection of  Polk Avenue (80-foot width) and Crawford Street (80-foot width), from which City of Houston Engineering Department Reference Rod No. 601, being a 3/4-inch iron rod found, marking the centerline intersection of said Polk Avenue and Chartres Street (80-foot width) bears South 57°08'43" East, along the City of Houston Engineering Department Reference Line (centerline) of said Polk Avenue, a distance of 1,320.35 feet;

Thence North 32°52'08" East along the City of Houston Engineering Department Reference Line (centerline) of said Crawford Street, a distance of 592.16 feet to a point on said centerline of Crawford Street;

Thence North 57°07'42" West departing said City of Houston Engineering Department Reference Line (centerline), a distance of 40.00 feet to a found 5/8-inch iron rod with cap for corner, being on the northwesterly right-of-way line of said Crawford Street, being on the northeasterly right-of-way line of Lamar (80-foot width, H.C.C.F. Number J723283) and being the most southerly corner and **POINT OF BEGINNING** of the herein described tract;

Thence North 14°23'26" West along said northeasterly right-of-way line of said Lamar Avenue, a distance of 26.26 feet to a found "5/8-inch iron rod with cap for corner marking a point of curvature for a tangent curve to the left, and being an interior  corner of the herein described tract;

Thence in a northwesterly direction curving to left along said curve along said northeasterly right-of-way line of Lamar Avenue, an arc distance of 253.70 feet (radius = 340.00 feet, delta = 42°45'12", chord bears = North 35°46'02" West, 247.86 feet) to a found chiseled "X" in concrete for corner, being on the southeasterly right-of-way line of La Branch Street (80-foot width) and being the most westerly corner of the herein described tract;

Thence North 32°52'08" East along said southeasterly right-of-way line of La Branch Street, a distance of 250.17 feet to a found chiseled "X" in concrete for corner, being on the southwesterly

A-2-3

right-of-way of McKinney Avenue (80-foot width, H.C.C.F. Number J723283) and being the most northerly corner of the herein described tract;

Thence in a southeasterly direction curving to left along a non-tangent curve to the left along said southwesterly right-of-way line of McKinney Avenue, an arc distance of 247.64 feet (radius = 340.00 feet, delta = 41°43'54", chord bears = South 78°00'35" East, 242.20 feet) to a found 1-inch iron pipe with cap for corner marking the point of tangency of said curve and being an interior corner of the herein described tract;

Thence North 81°07'28" East along said southwesterly right-of-way line of McKinney Avenue, a distance of 31.91 feet to a found chiseled "X" in concrete for corner, being on aforementioned northwesterly right-of-way line of Crawford Street and being the most easterly corner of the herein described tract;

Thence in the southwesterly direction along said northwesterly right-of-way line of Crawford Street the following courses and distances to interior corners of the herein described tract:

South 32°52'08" West, 107.50 feet to a set 5/8-inch iron rod with TSC cap;

South 57°08'44" East, 9.70 feet to a found chiseled "X" in concrete;

South 32°52'08" West, 90.06 feet to a found chiseled "X" in concrete;

North 57°07'52" West, 9.70 feet to a set 5/8-inch iron rod with TSC cap;

South 32°52'08" West, 35.03 feet to a set 5/8-inch iron rod with TSC cap;

South 57°07'52" East, 9.70 feet to a found chiseled "X" in concrete;

South 32°52'08" West, 125.09 feet to a found chiseled "X" in concrete;

North 57°08'44" West, 9.70 feet to a set 5/8-inch iron rod with TSC cap;

South 32°52'08" West, 108.17 feet to the **POINT OF BEGINNING** and containing a computed area of 1.872 acres (81,550 square feet) of land.

City of Houston Engineering Department Reference Rods, No. 20 (LaBranch at Capitol), No. 22 (Chartres at Capitol), No. 44 (Polk at Chenevert), No. 311 (Polk at Crawford) and No. 601 (Polk at Chartres) were found on the ground and were used as the controlling Monumentation to calculate all right of way lines, property lines, etc. related to the proposed extension of Avenida De Las Americas.

Together with:

All those air rights, as hereinafter defined, in those portions of Crawford Street, Lamar Avenue, LaBranch Street and McKinney Avenue, lying between the boundary lines of Tract II and the centerlines of such streets, being a portion of those rights conveyed by the City of Houston to Houston Center Corporation and Mike Persia Chevrolet Corp., respectively by the following two

A-2-4

Quitclaim Deeds, the first dated August 26, 1971, recorded under Harris County Clerk's File Number (s) D404337, of the Real Property Records of Harris County, Texas and the second dated August 26, 1971, recorded under Harris County Clerk's File Number(s) D410360, of the Real Property Records of Harris County, Texas, both such deeds being authorized by City of Houston Ordinance No. 70-1881, passed on October 28, 1970, and a portion of those rights reserved by Houston Center Corporation and CFHC-2 Texas, Inc., under that certain Declaration of Easement made effective as of September 24, 1984, from Houston Center Corporation and CFHC-2 Texas, Inc., as Grantors, to the City of Houston, Texas, as grantee, and filed for record under Harris County Clerk's File No. J723283, of the Real Property Records of Harris County, Texas, the air rights conveyed by said Quitclaim Deeds and reserved under said Declaration of Easement being the City of Houston easement rights between a plane 20 feet above the crowns of the existing streets and a plane 500 feet above such street crowns.

A-2-5

<u>**EXHIBIT A-3**</u>
<u>**TO**</u>
<u>**CITY DEED TO**</u>
<u>**HOUSTON DOWNTOWN PARK CONSERVANCY**</u>

**LEGAL DESCRIPTION OF CRAWFORD STREET ROW AREA**

UNOFFICIAL COPY

HOU:2369174.7

**EXHIBIT A-3**

DESCRIPTION OF A CALCULATED 0.9411 OF ONE
ACRE TRACT OF LAND, BEING ALL OF CRAWFORD
STREET BETWEEN LAMAR AVENUE AND McKINNEY
AVENUE OF SOUTH SIDE BUFFALO BAYOU (S.S.B.B.)
IN THE CITY OF HOUSTON, HARRIS COUNTY, TEXAS

Being a 0.9411 of one acre tract (40,994 square feet) tract of land, being all of Crawford Street that is located between Lamar Avenue (southerly side) and McKinney Avenue (northerly side) said 0.9411 of one acre tract being more particularly described by metes and bounds as follows, all bearings recited herein are referenced to the City of Houston Monumentation System, all called bearings and called distances recited herein are referenced to various maps obtained from the City of Houston File Room:

**COMMENCING** from City of Houston Engineering Department Reference Rod No. 311, being a 3/4-inch iron rod marking the centerline intersection of Polk Avenue (80-foot width) and Crawford Street (80-foot width), from which City of Houston Engineering Department Reference Rod No. 601, being a 3/4-inch iron rod found, marking the centerline intersection of said Polk Avenue and Chartres Street (80-foot width) bears South 57°08'43" East, along the City of Houston Engineering Department Reference Line (centerline) of said Polk Avenue, a distance of 1,320.35 feet;

Thence North 32°52'08" East along the City of Houston Engineering Department Reference Line (centerline) of said Crawford Street, a distance of 518.24 feet to a point on said centerline of Crawford Street;

Thence South 57°07'52" East departing said City of Houston Engineering Department Reference Line (centerline), a distance of 40.00 feet to a found 60D nail with shiner for corner, being on the southeasterly right-of-way line of said Crawford Street, being on the northeasterly right-of-way line of Lamar (80-foot width, H.C.C.F. Number J723283) and being the most southerly corner and **POINT OF BEGINNING** of the herein described tract;

Thence North 14°23'26" West  along the projection of said northeasterly right-of-way line of said Lamar Avenue, a distance of 108.93 feet to a found 1-inch iron rod with cap for corner, being on the northwesterly right-of-way line of Crawford Street and being the most westerly corner of the herein described tract;

A-3-1

Thence in the northeasterly direction along said northwesterly right-of-way line of Crawford Street the following courses and distances to interior corners of the herein described tract:

North 32°52'08" East, 108.17 to a set 5/8-inch iron rod with TSC cap;

South 57°08'44" East, 9.70 feet to a found chiseled "X" in concrete;

North 32°52'08" East, 125.09 feet to a found chiseled "X" in concrete;

North 57°07'52" West, 9.70 feet to a set 5/8-inch iron rod with TSC cap;

North 32°52'08" East, 35.03 feet to a set 5/8-inch iron rod with TSC cap;

South 57°07'52" East, 9.70 feet to a found chiseled "X" in concrete;

North 32°52'08" East, 90.06 feet to a found chiseled "X" in concrete;

North 57°08'44" West, 9.70 feet to a set 5/8-inch iron rod with TSC cap;

North 32°52'08" East, 107.50 feet to a set chiseled "X" in concrete for corner, being on the southwesterly right-of-way of McKinney Avenue (80-foot width, H.C.C.F. Number J723283) and being the most northerly corner of the herein described tract;

Thence North 81°07'28" East  along the projection of said southwesterly right-of-way line of said McKinney Avenue, a distance of 107.22 feet to a set chiseled "X" in concrete for corner, being on aforementioned southeasterly right-of-way line of Crawford Street and being the most easterly corner of the herein described tract;

Thence South 32°52'08" West along said southeasterly right-of-way line of Crawford Street,  a distance of 611.17 feet to the **POINT OF BEGINNING** and containing a computed area of 0.9411 of one acre (40,994 square feet) of land.

City of Houston Engineering Department Reference Rods, No. 20 (LaBranch at Capitol), No. 22 (Chartres at Capitol), No. 44 (Polk at Chenevert), No. 311 (Polk at Crawford) and No. 601 (Polk at Chartres) were found on the ground and were used as the controlling Monumentation to calculate all right of way lines, property lines, etc. related to the proposed extension of Avenida De Las Americas.



A-3-2

**EXHIBIT B**
**TO**
**CITY DEED TO**
**HOUSTON DOWNTOWN PARK CONSERVANCY**

**PERMITTED EXCEPTIONS**

1.  Restrictive covenants contained in Ordinance No. 70-1881, attached as Exhibit "A" in instrument filed for record under Clerk's File Nos. D404337 and N472220, as amended by instruments filed for record under Clerk's File Nos. V493836, W303450, W700851 and X246165, Real Property Records, Harris County, Texas.

2.  Easement for electrical distribution equipment granted to Houston Lighting and Power Company, granted in instrument filed for record under Clerk's File No. T551539, and being located as depicted in Sketch No. 98-533 attached thereto.

3.  Restrictive covenants contained in Special Warranty Deed from Crescent Real Estate Equities Limited Partnership and Crescent Duddlesten Hotel Partnership, L.P. to City of Houston, dated as of December 30, 2002, filed for record under Clerk's File No. W324576, Real Property Records, Harris County, Texas, covering Blocks 125 and 249, as described in **Exhibit A-1** of the Special Warranty Deed to which this **Exhibit B** is attached, as amended by the First Amendment to Restrictive Covenants dated as of even date herewith, executed by Crescent Real Estate Equities Limited Partnership, Park Blocks, Ltd., and Towanda Development Corp., recorded or to be recorded in the Real Property Records, Harris County, Texas.

4.  Restrictive covenants contained in Special Warranty Deed from Crescent Real Estate Equities Limited Partnership to City of Houston, Texas, dated as of even date herewith, recorded or to be recorded in the Real Property Records, Harris County, Texas, covering Blocks 124 and 127, as described in **Exhibit A-2** of the Special Warranty Deed to which this **Exhibit B** is attached.

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris County, Texas on

DEC 1 7 2004

COUNTY CLERK
HARRIS COUNTY, TEXAS



2004 DEC 17 PM 2:16
COUNTY CLERK
HARRIS COUNTY, TEXAS

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts additions and changes were present at the time the instrument was filed and recorded

HOU:2369174.7

UNOFFICIAL COPY

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNFORCEABLE UNDER FEDERAL LAW
THE STATE OF TEXAS
COUNTY OF HARRIS
   I hereby certify that this instrument was FILED in file number Sequence on the date and at the time stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris County Texas on

APR 1 8 2005

*Beverly B. Kaufman*

COUNTY CLERK
HARRIS COUNTY, TEXAS