# **<u>EXHIBIT C</u>**

Return to:
Janet Karr
Chicago Title
909 Fannin #200
Houston, TX 77010
39/447

**SPECIAL WARRANTY DEED**

12/17/04  Y136657  300537335  $64.00

04/18/05  Y401160  300605212  $64.00

THE STATE OF TEXAS § 

KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF HARRIS §

THAT HOUSTON DOWNTOWN PARK CONSERVANCY, a Texas non-profit corporation ("**Grantor**"), for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable consideration given to Grantor by the Grantee herein named, the receipt and sufficiency of which are hereby acknowledged, has GRANTED, BARGAINED, SOLD and CONVEYED, and by these presents does GRANT, BARGAIN, SELL and CONVEY unto HOUSTON DOWNTOWN PARK CORPORATION, a Texas local government corporation created by the City of Houston pursuant to Chapter 431 of the Texas Transportation Code ("**Grantee**"), whose mailing address is set forth below, all of those certain tracts of land, together with all improvements thereon, situated in the County of Harris, Texas, more particularly described in **Exhibit A-1** (collectively, "**Blocks 125 and 249**") and **Exhibit A-2** (collectively, "**Blocks 124 and 127**") attached hereto and made a part hereof for all purposes (Blocks 125 and 249 and Blocks 124 and 127 are collectively referred to herein as the "**Subject Property**"); together with: (i) any and all appurtenances belonging or appertaining thereto; (ii) any and all appurtenant easements or rights of way affecting the Subject Property and any rights of Grantor to use the same; (iii) any and all rights of ingress and egress to and from the Subject Property and any rights of Grantor to use the same; (iv) all rights, title and interest of Grantor in the oil, gas and other minerals of every kind located in, on or under the Subject Property; and (v) all rights, title and interest of Grantor, if any, in and to (a) any and all roads, streets, alleys and ways (open or closed) affecting, crossing, fronting or bounding the Subject Property but not otherwise, (b) any and all air rights relating to the Subject Property and (c) any and all reversionary rights or interests in and to the Subject Property, save and except as expressly set forth in Paragraph 2 below (the Subject Property and other appurtenances, rights, interests and other property described in clauses (i) through (v) above being collectively referred to herein as the "**Property**").

For the same consideration, Grantor hereby also grants, bargains, sells and conveys to Grantee, and the term "**Property**" also includes, all rights, title and interest of Grantor, if any, in and to that certain tract of land located in Harris County, Texas, more particularly described in **Exhibit A-3** attached hereto and made a part hereof for all purposes, (the "**Crawford Street ROW Area**"), including all improvements situated on or above such area, and all air rights relating to such area, but expressly excluding the Utility Easement (as defined in that certain prior deed, dated as of even date herewith, from City of Houston, Texas, to Grantor, covering the Property, and recorded or to be recorded in the Real Property Records of Harris County, Texas), and any easement facilities situated under such area.

Notwithstanding anything contained in this Deed to the contrary, with regard to the rights and interests described in clauses (ii), (iii), (iv) and (v) of the first grammatical paragraph and those described in the second grammatical paragraph of this Deed, Grantor is hereby only granting, selling and conveying Grantor's rights, title or interest, if any, in and to the same without warranty of title (whether statutory, express, implied or otherwise).

- 1 -

HOU:2369187.7

This conveyance of the Property is made by Grantor and accepted by Grantee subject to (a) those matters set forth on **Exhibit B** attached hereto and incorporated herein by reference (collectively, the **"Permitted Exceptions"**), and (b) the matters stated in this instrument as set forth below:

1.     This conveyance of the Property is made by Grantor and accepted by Grantee subject to, and Grantor hereby retains for itself and for its existing licensees and franchisees, an exclusive easement (the **"Amenities Easement"**) in, on, over, under and across the Property for the purpose of light retail, restaurant, entertainment and other commercial, non-residential uses and structures (including but not limited to parking facilities to support such uses and structures), in the nature of attractions to, or amenities for or related to and supporting the use of the balance of the Property for purposes of park and open space; provided, however, that all revenues and income at any time generated by the use or lease of any part of the Amenities Easement shall be applied, for the benefit of the Property, to park related costs and expenses.  The Amenities Easement shall be an unlocated easement on the Property, but in all events the Amenities Easement shall be 2.5 acres of land, in the aggregate, within the Property.  The initial areas of the Property to be developed as portions of the Amenities Easement shall be designated by Grantor; provided, however, that specific areas of such Amenities Easement may be relocated within the Property from time to time, at Grantor's discretion, at Grantor's expense and, upon the expiration or termination of any operating agreement between Grantor and Grantee relating to the Property, subject to Grantee's consent, not to be unreasonably withheld or delayed.  Use of areas designated as part of the Amenities Easement in a manner that is consistent with the purposes of the Amenities Easement shall not, in and of itself, constitute a breach of the Conservancy Requirements.

2.     This conveyance of the Property is further made by Grantor and accepted by Grantee subject to the following covenants, restrictions and limitations of title (collectively, the **"Conservancy Requirements"**), all of which shall run with the land constituting the Property, shall be binding upon Grantee, its successors and assigns, and shall inure to the benefit of Grantor, its successors and assigns:

    (a)     <u>Covenants as to Development.</u>

        (i)     On or before December 31, 2007 (as such date may be extended by Grantee for no more than two (2) periods of twelve (12) months each, by agreement between Grantor and Grantee), the Property shall be developed, subject to the Convention Center Parking Easement retained in the City Deed (defined below) and the Amenities Easement, (x) as park land and open space, including without limitation gardens, plantings and water features, and including at least 3.0 acres in the aggregate of open green space that could reasonably accommodate activities and events for tourist and convention visitors and their families, as well as residents of the City of Houston, and (y) as facilities and amenities permitted in the Amenities Easement.  The "<u>City Deed</u>" means the Special Warranty Deed from City of Houston, Texas, as grantor, to Grantor, as grantee, dated as of even date

- 2 -

herewith, recorded or to be recorded in the Real Property Records, Harris County, Texas, covering all of the Property.

(ii)    Upon substantial completion of the initial development of the Property in accordance with the Approved Project Design, no future or additional capital improvements costing more than $500,000 (which number shall be increased by $100,000 on every tenth (10th) anniversary of the effective date of this deed, but in no event more than $1,000,000) in hard construction costs shall be permitted to be constructed or installed on the Property except with Grantor's prior written approval.

(iii)   No buildings, walls, statues, sculptures or other structures shall be installed or constructed on the Property, including the Amenities Easement, that exceed two (2) levels or stories above ground or that exceed forty-five (45) feet in height, inclusive of roofs, roof ornamentation, antennae or other fixtures or equipment, except with Grantor's prior written approval. No building or other enclosed structure (including but not limited to any above-ground parking garage structure) shall be permitted consisting of more than 8,000 square feet of space except with Grantor's prior written approval.

(iv)    Notwithstanding anything contained in this Deed, the provisions of Subparagraph 2(a)(i) above will not constitute or effect a dedication of the Property as a park or recreation area.

(b)    Covenants as to Use.

The Property (save and except those portions thereof designated from time to time for use as the Amenities Easement) shall be subject to the following restrictions, covenants and limitations relating to use (all of which are included in the Conservancy Requirements):

(i)    Such property shall be used solely as an urban public park of high quality, reputation and natural beauty, including but not limited to open green space, gardens and plantings and water features, for the use, benefit and enjoyment of residents of the City of Houston, and tourists and convention and business visitors and their families.

(ii)   Regardless of whether the following types of uses, activities and events might otherwise be considered to be typical of or permitted in public parks, the following uses of such property are prohibited:

A.    Fairgrounds or festival sites for major recurring festivals or other recurring mass gatherings or events using all or substantially all of such property;

B.    Circuses, carnivals or amusement park rides (provided however that children's carousels and other playground equipment for children shall not be prohibited);

- 3 -

HOU:2369187.7

C.    Museums, zoos (other than temporary petting zoos offered primarily for children in connection with specific activities or events on such property);

D.    Overnight camping or sleeping;

E.    "Dog parks" or other pet-oriented facilities designed, intended or otherwise used primarily for the purpose of allowing animals to roam freely or move about without leashes or other similar restraints; or

F.    Public or private parking lots or parking structures, except with Grantor's prior written approval; helicopter or balloon landing pads.

(c)    <u>Covenants as to Operation and Maintenance</u>:

The Property (<u>save and except</u> those portions thereof designated from time to time for use as the Amenities Easement) shall be subject to the following restrictions, covenants and limitations relating to maintenance standards (all of which are included in the Conservancy Requirements):

(i)    Such property shall be operated and maintained solely as an urban public park of high quality, reputation and natural beauty, including but not limited to open green space, gardens and plantings and water features, for the use, benefit and enjoyment of residents of the City of Houston, and tourists and convention and business visitors and their families.

(ii)    All improvements and fixtures situated on such property shall at all times be operated and maintained in good, orderly and clean condition, with appropriate lighting and security measures designed to reduce crime and vagrancy.

(iii)    All receptacles for the accumulation and storage of trash (such as dumpsters, carts and large bins, but not the individual litter baskets or trash cans distributed throughout the Property for deposit and collection of trash) shall be concealed by fencing or shrubbery. All maintenance equipment, vehicles and materials and supplies shall be stored in secured enclosures.

(iv)    All landscaping and plantings shall be maintained in attractive, healthy and orderly condition, with adequate supplies of water, and with periodic mowing and trimming.

(v)    Grantor and Grantee will enter into an operating agreement pursuant to which Grantor will operate and maintain the property in accordance with the matters set forth in this deed. If the annual management fee to be payable to Grantor under such operating agreement is not fully and timely

- 4 -

HOU:2369187.7

paid to Grantor within the applicable grace period therefor (whether or not appropriated), Grantor shall have the right to terminate such operating agreement and exercise its rights set forth in Paragraph 2(d) hereof.

(vi)  Notwithstanding anything to the contrary contained in this Section 2(c), if the operating agreement referred to in Section 2(c)(v) hereof is terminated, Grantee will not be in default under the terms of this Section 2(c) if the Property subject to this Section 2(c) is operated and maintained in accordance with the terms of this Section 2(c), but only to the extent such can be operated and maintained in accordance with this Section 2(c) with funds equal to the sum of *(x)* the annual management fee (as adjusted) as if such fee were required to continue to be paid under the operating agreement described in Section 2(c)(v) herein and *(y)* the net revenue received by Grantee for the use and operation of the Amenities Easement.

(d)  Grantor's Rights of Enforcement:

(i)  All Conservancy Requirements, as set forth in the provisions of Subparagraphs 2(a), (b) and (c), are expressly deemed to be limitations on the title conveyed herein, it being the express intent of Grantor and Grantee that this instrument conveys to the Grantee a determinable estate in and to the Property (save and except Blocks 125 and 249 (as described in Exhibit A-1 attached hereto), which is conveyed to Grantee in fee simple absolute), subject to all matters set forth herein.  Upon any breach of any Conservancy Requirement, which breach remains uncured for more than 120 days, or if the annual management fee described in Subparagraph 2(c)(v) is not fully and timely paid within the applicable grace period therefor (whether or not appropriated), all rights, title, and interest to all of the Property, save and except Blocks 125 and 249, shall automatically revert to and vest in Grantor, its successors and assigns, without the necessity of any further act or entry on the part of or on behalf of Grantor.

(ii)  In the event of such reverter of title to Grantor (A) the portion of the Property that reverts to Grantor shall be free and clear of any covenants and restrictions set forth in the City Deed; (B) if Grantor elects to continue to operate the reverted portion of the Property as a park, the same shall be a private park, the Amenities Easement shall not merge with Grantor's title and all net income from the Amenities Easement shall be applied to support the private park on such reverted portion of the Property; and (C) if Grantor elects to use or sell the reverted portion of the Property for use as commercial, multi-family residential or other non-park related use, then *(w)* not less than 3.85 acres of Blocks 125 and 249 shall continue to be restricted and dedicated to, and used for, green space, landscaped area or public park land, for the benefit of the public; *(x)* the portion of the Amenities Easement located on the reverted portion of the Property shall merge with Grantor's title, and *(y)* any portion of the Amenities Easement that is then located on Blocks 125 and 249 shall remain in effect (provided

- 5 -

that if the total area of such portion of the Amenities Easement, when added to the 3.85 acres described in clause *(w)* above, exceeds the total acreage of <u>Blocks 125 and 249</u>, then the excess acreage of the Amenities Easement shall also be terminated), and *(z)* all net income from such remaining portion of the Amenities Easement shall be applied to support the green space, landscaped area or public park land on <u>Blocks 125 and 249</u>.

(iii)    Grantor, in its sole discretion, may elect to waive such reversion of title described in Subparagraph 2(d)(i) above with regard to any particular breach of any Conservancy Requirement from time to time, by expressly stating such waiver in a written notice to Grantee, in which event Grantor shall have the right to enforce the Conservancy Requirements by seeking any damages, injunctive relief and any other remedy to which it may be entitled by law or in equity; provided, further, however, that such waiver as to any one breach from time to time shall not constitute a waiver as to any subsequent breach.

(iv)    Notwithstanding any other provision in this Subparagraph 2(d), as long as the operating agreement described above remains in effect and Grantor has control of the operation and management of the Property in accordance with the terms thereof, Grantor's enforcement rights under this Subparagraph 2(d) shall be barred to the extent necessary to prevent the inequitable result of Grantor's own acts or omissions which result in a breach of any Conservancy Requirement giving rise to such enforcement rights or reversion of title.

3.    IT IS UNDERSTOOD AND AGREED THAT GRANTOR SPECIFICALLY DISCLAIMS ANY EXPRESS OR IMPLIED WARRANTY, GUARANTY OR REPRESENTATION, ORAL OR WRITTEN, PAST, PRESENT OR FUTURE, OF, AS TO, OR, CONCERNING (I) THE NATURE AND CONDITION OF THE PROPERTY AND THE SUITABILITY THEREOF FOR ANY AND ALL ACTIVITIES AND USES WHICH GRANTEE MAY ELECT TO CONDUCT THEREON, (II) THE COMPLIANCE OF THE PROPERTY OR ITS OPERATION WITH ANY LAWS, ORDINANCES OR REGULATIONS OF ANY GOVERNMENT OR OTHER AUTHORITY OR BODY, OR, (III) THE EXISTENCE OF ANY TOXIC OR HAZARDOUS SUBSTANCE OR WASTE IN, ON, UNDER THE SURFACE OF OR ABOUT THE PROPERTY. GRANTEE AGREES THAT WITH RESPECT TO THE PROPERTY, GRANTEE HAS NOT RELIED UPON AND WILL NOT RELY UPON, EITHER DIRECTLY OR INDIRECTLY, ANY REPRESENTATION OR WARRANTY OF GRANTOR EXCEPT FOR THE WARRANTIES OF TITLE IN THIS DEED. GRANTEE AGREES THAT ANY INFORMATION PROVIDED TO GRANTEE BY GRANTOR WITH RESPECT TO THE PROPERTY WAS OBTAINED FROM A VARIETY OF SOURCES AND GRANTOR (A) HAS NOT MADE ANY INDEPENDENT INVESTIGATION OR VERIFICATION OF SUCH INFORMATION AND (B) HAS NOT MADE ANY EXPRESS OR IMPLIED, ORAL OR WRITTEN, REPRESENTATIONS AS TO THE ACCURACY OR COMPLETENESS OF SUCH INFORMATION. GRANTEE AGREES THAT GRANTOR IS SELLING AND CONVEYING THE PROPERTY TO GRANTEE AND GRANTEE IS ACCEPTING THE PROPERTY ON AN **"AS IS WHERE IS WITH ALL FAULTS"** BASIS, AND GRANTEE AGREES THAT GRANTOR HAS NOT MADE ANY REPRESENTATIONS OR WARRANTIES, EXPRESS OR IMPLIED, ARISING BY OPERATION OF LAW OR OTHERWISE, WHATSOEVER WITH RESPECT TO THE

- 6 -

CONDITION OF THE PROPERTY, INCLUDING WITHOUT LIMITATION ANY REPRESENTATION OR WARRANTY REGARDING CONDITION, HABITABILITY, SUITABILITY, QUALITY OF CONSTRUCTION, WORKMANSHIP, MERCHANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE, AND GRANTEE HAS NOT RELIED UPON ANY ORAL STATEMENT OR REPRESENTATION MADE BY GRANTOR, ANY BROKER OR BY ANY OTHER PERSON.

TO HAVE AND TO HOLD the Property, together with all and singular the rights and appurtenances thereto and in any wise belonging unto the said Grantee, its legal representatives, successors and assigns, forever, subject to the Permitted Exceptions and all other matters set forth herein. Grantor does hereby bind itself, its legal representatives and successors, to Warrant and Forever Defend all and singular the Subject Property only, subject to the Permitted Exceptions and all other matters set forth herein, unto Grantee, its legal representatives, successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof by, through or under Grantor, but not otherwise.

*[Remainder of this page intentionally left blank; signature page follows.]*

UNOFFICIAL COPY

HOU:2369187 7

EXECUTED on the dates of the acknowledgments set forth below; to be effective, however, for all purposes as of December 15, 2004.

**GRANTOR**:

HOUSTON DOWNTOWN PARK
CONSERVANCY
a Texas non-profit corporation

By: _Nancy G. Kinder_
Name: _Nancy G. Kinder_
Title: _Chair and President_

Grantee joins in the execution of this instrument for the purposes of acknowledging and agreeing to the terms and provisions contained in this instrument.

HOUSTON DOWNTOWN PARK
CORPORATION
a Texas local government corporation

By: _Nancy G. Kinder_
Name: _Nancy G. Kinder_
Title: _Chair and President_

**Grantee's Address:**

HOUSTON DOWNTOWN PARK CORPORATION
PO Box 130776
Houston, Texas  77219-0776
Attn: President
Council Ordinance #2004- 12-04
L.D. #025-0400023-001

**After recording, return to:**

Ms. Cassie B. Stinson
Andrews Kurth LLP
600 Travis St., Ste. 4200
Houston, TX  77002

- 8 -

HOU:2369187.7

THE STATE OF TEXAS          §

COUNTY OF HARRIS            §

      This instrument was acknowledged before me on the 15ᵗʰ day of December, 2004, by Nancy G. Kinder, Chair and President of Houston Downtown Park Conservancy, a Texas nonprofit corporation, on behalf of such corporation.

      Cassie B Stinson

      Notary Public – State of Texas
      My commission expires:_____

CASSIE B. STINSON
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
MARCH 23, 2006

THE STATE OF TEXAS          §

COUNTY OF HARRIS            §

      This instrument was acknowledged before me on the 15ᵗʰ day of December, 2004, by Nancy G. Kinder, Chair and President of Houston Downtown Park Corporation, a Texas local government corporation created by the City of Houston, on behalf of such corporation.

      Cassie B Stinson

      Notary Public – State of Texas
      My commission expires:_____

CASSIE B. STINSON
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
MARCH 23, 2006

- 9 -

HOU:2369187.7

### EXHIBIT A-1
### TO
### CONSERVANCY DEED TO
### HOUSTON DOWNTOWN PARK CORPORATION

**LEGAL DESCRIPTION OF BLOCKS 125 AND 249**

UNOFFICIAL COPY

# EXHIBIT A-1

## PROPERTY DESCRIPTION

Tract 1 of 3

> DESCRIPTION OF A PORTION OF
> BLOCKS 122 AND 125
> SOUTH SIDE BUFFALO BAYOU (S.S.B.B.)
> AND A PORTION OF McKINNEY AVENUE
> AND JACKSON STREETS (ABANDONED)
> IN THE CITY OF HOUSTON
> HARRIS COUNTY, TEXAS

Being a 3.138 acre tract (136,705 square feet) tract of land being a portion of Blocks 122 and 125 South Side Buffalo Bayou, a recognized unrecorded subdivision map of the downtown area of the City of Houston, and a portion of McKinney Avenue, abandoned, recorded under Clerk's File No. K380306 of the Official Public Records of Real Property of Harris County, Texas (O.P.R.R.P.H.C.), and a portion of Jackson Street, abandoned, recorded under said Clerk's File No. K380306 O.P.R.R.P.H.C., being a portion of that certain residue tract conveyed by deed executed September 22, 1988 to Crescent Real Estate Equities Limited Partnership, recorded under Clerk's File No. S653086, Film Code No. 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 O.P.R.R.P.H.C., said 3.138 acre tract being more particularly described by metes and bounds as follows, all bearings recited herein are referenced to the City of Houston Monumentation System, all called bearings and called distances recited herein are referenced to various maps obtained from the City of Houston File Room:

**COMMENCING** from City of Houston Engineering Department Reference Rod No. 311, being a 3/4-inch iron rod marking the centerline intersection of Polk Avenue (80-foot width) and Crawford Street (80-foot width), from which City of Houston Engineering Department Reference Rod No. 601, being a 3/4-inch iron rod found, marking the centerline intersection of said Polk Avenue and Chartres Street (80-foot width) bears South 57°08'43" East, along the City of Houston Engineering Department Reference Line (centerline) of said Polk Avenue, a distance of 1,320.35 feet;

> Thence, North 32°52'08" East, along the City of Houston Engineering Department Reference Line (centerline) of said Crawford Street, a distance of 950.53 feet to a point on said centerline of Crawford Street;

> Thence, South 57°08'44" East, departing said City of Houston Engineering Department Reference Line (centerline), a distance of 40.00 feet to an "X" chiseled in concrete set, for corner, being on the southeasterly right-of-way line of said Crawford Street for the **POINT OF BEGINNING** of the herein described tract, from which a 60d nail with shiner found, bears South 32°52'08" West, 432.30 feet;

A-1-1

**Tract 1 of 3**

Thence North 32°52'08" E, along said southeasterly right of way line of said Crawford Street, a distance of 178.87 feet to a 5/8-inch iron rod with "TSC Surveying & Engineering Company cap set marking the intersection of said southeasterly right of way line of Crawford Street and the southerly right-of-way line of McKinney Avenue (80-foot width), from which a 5/8-inch iron with a Cotton Surveying cap found bears South 29°13' West, 0.5', for the northwesterly corner of the herein described tract;

Thence, North 81°07'28" East, along said southerly right-of-way line of said McKinney Avenue, a distance of 127.76 feet to a "mag" nail with shiner set marking the point of curvature of a curve to the right and being an interior corner of the herein described tract;

Thence, in a southeasterly direction curving to the right along said southerly right-of-way line of Walker Avenue, an arc length of 189.36 feet, having a radius of 260.00 feet, a central angle of 41°43'48", and a chord that bears South 78°00'38" East, 185.21 feet to a point on the southerly right-of-way line of Walker Avenue (width varies), from which a 5/8 inch iron rod found bears South 03°24' East, 0.3 feet and a 5/8 inch iron found bears South 41°53' East, 0.5 feet for the point of tangency of said curve;

Thence, South 57°08'44" East, along said southerly right-of-way line of Walker Avenue, a distance of 164.22 feet to a point marking the northerly cut back corner of the intersection of the southerly right of way line of said Walker Avenue and the northwesterly right-of-way line of Avenida De Las Americas (120 foot width) recorded under Clerk's File No(s). J723283, J723282 and J180167 O.P.R.R.P.H.C., from which an "X" in concrete found bears North 08°50' West, 0.2 feet, and an "X" in concrete found bears North 84°55' East, 0.2 feet;

Thence, South 12°08'18" East, along said cut back line, a distance of 35.35 feet to a chiseled "X" in concrete set, marking the southeasterly corner of said cutback for the southeasterly corner of the herein described tract;

Thence, South 32°52'08" West, along said northwesterly right-of-way line of said Avenida De Las Americas, a distance of 304.87 feet to a chiseled "X" in concrete set for the southerly corner of the herein described tract, from which an "X" in concrete found bears South 32°52'08" West, 555.35 feet;

Thence, North 57°08'44" West, a distance of 457.59 feet to the **POINT OF BEGINNING** and containing a computed area of 3.138 acres (136,705 square feet) of land.

City of Houston Engineering Department Reference Rods, No. 20 (LaBranch at Capitol), No. 22 (Chartres at Capitol), No. 44 (Polk at Chenevert), No. 311 (Polk at Crawford) and No. 601 (Polk at Chartres) were found on the ground and were used as the controlling Monumentation to calculate all right of way lines, property lines, etc. related to the proposed extension of Avenida De Las Americas.

A-1-2

Tract 2 of 3

DESCRIPTION OF A PORTION OF
BLOCKS 248 AND 249
SOUTH SIDE BUFFALO BAYOU (S.S.B.B.)
AND A PORTION OF JACKSON STREET
(ABANDONED) IN THE CITY OF HOUSTON
HARRIS COUNTY, TEXAS

Being a 2.320 acre tract (101,069 square feet) tract of land, being a portion of Blocks 248 and 249 of South Side Buffalo Bayou, a recognized unrecorded subdivision map of the downtown area of the City of Houston and being a portion of Jackson Street, abandoned, recorded under Clerk's File No. K380306 O.P.R.R.P.H.C., being a portion of that certain residue tract conveyed by deed executed September 22, 1988 to Crescent Real Estate Equities Limited Partnership (herein after referred to as Crescent Tract), recorded under Clerk's File No. S653086, Film Code No. 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 O.P.R.R.P.H.C., said 2.320 acre tract being more particularly described by metes and bounds as follows, all bearings recited herein are referenced to the City of Houston Monumentation System, all called bearings and called distances recited herein are referenced to various maps obtained from the City of Houston File Room:

COMMENCING from City of Houston Engineering Department Reference Rod No. 311, being a 3/4-inch iron rod marking the centerline intersection of Polk Avenue (80-foot width) and Crawford Street (80-foot width), from which City of Houston Engineering Department Reference Rod No. 601, being a 3/4-inch iron rod found, marking the centerline intersection of said Polk Avenue and Chartres Street (80-foot width) bears South 57°08'43" East, along the City of Houston Engineering Department Reference Line (centerline) of said Polk Avenue, a distance of 1,320.35 feet;

Thence North 32°52'08" East along the City of Houston Engineering Department Reference Line (centerline) of said Crawford Street, a distance of 518.23 feet to a point on said centerline of Crawford Street;

Thence South 57°08'44" East departing said City of Houston Engineering Department Reference Line (centerline), a distance of 40.00 feet to a 60D nail with shiner found marking the intersection between the southeasterly right-of-way line of said Crawford Street and the northeasterly line of Lamar Avenue (80-foot width), being the most westerly corner of aforesaid Crescent Tract, and being the most westerly corner and POINT OF BEGINNING of the herein described tract;

A-1-3

**Tract 2 of 3**

Thence North 32°52'08" E along said southeasterly right-of-way line of said Crawford Street, a distance of 102.12 feet to a chiseled "X" in concrete set for the most northerly corner of the herein described tract;

Thence South 57°08'44" East departing said southeasterly right-of-way line of said Crawford Street, being along the former southwesterly right-of-way line of abandoned Lamar Avenue, a distance of 457.59 feet to a chiseled "X" in concrete set for corner, being on the northwesterly right-of-way line of Avenida De Las Americas (120 - foot width) recorded under Clerk's File No(s). J723283, J723282 and J180167 O.P.R.R.P.H.C., and being the most easterly corner of the herein described tract;

Thence South 32°52'08" West along said northwesterly right-of-way line of said Avenida De Las Americas, a distance of 225.17 feet to a chiseled "X" in concrete found marking the northeasterly cut back corner and being the easterly most southerly corner of the herein described tract;

Thence South 77°51'42" West along said cut back line, a distance of 35.36 feet to a chiseled "X" in concrete set marking the southwesterly cut back corner, being on the northeasterly right-of-way line of Dallas Avenue (width varies), and being the westerly most southerly corner of the herein described tract;

Thence North 57°08'43" West along said northeasterly right-of-way line of said Dallas Avenue, a distance of 170.64 feet to a chiseled "X" in concrete found marking the point of curvature for a tangent curve to the right, and being an interior corner of the herein described tract;

Thence in a northwesterly direction curving to the right departing said northeasterly right-of-way line of Dallas Avenue and being along aforesaid northeasterly right-of-way line of aforesaid Lamar Avenue, an arc length of 194.02 feet, having a radius of 260.00 feet, a central angle of 42°45'18", and a chord that bears North 35°46'05" West, 189.55 feet to a 5/8-inch iron rod with TSC cap found marking the point of tangency of said curve, and being an interior corner of the herein described tract;

A-1-4

**Tract 2 of 3**

Thence North 14°23'26" West along said northeasterly right-of-way line of said Lamar Avenue, a distance of 116.31 feet to the **POINT OF BEGINNING** and containing a computed area of 2.320 acres (101,069 square feet) of land.

City of Houston Engineering Department Reference Rods, No. 20 (LaBranch at Capitol); No. 22 (Chartres at Capitol), No. 44 (Polk at Chenevert), No. 311 (Polk at Crawford) and No. 601 (Polk at Chartres) were found on the ground and were used as the controlling Monumentation to calculate all right of way lines, property lines, etc. related to the proposed extension of Avenida De Las Americas.

A-1-5

**Tract 3 of 3 -- Air Rights**

All those air rights, as hereinafter defined, being a portion of those rights conveyed by the City of Houston to Houston Center Corporation by Quitclaim Deed dated August 26, 1971, recorded under Harris County Clerk's File Number(s) D404337 of the Real Property Records of Harris County, Texas, such deed being authorized by City of Houston Ordinance No. 70-1881 passed on October 28, 1970, and a portion of those rights reserved by Houston Center Corporation and CFHC-2 Texas, Inc. under that certain Declaration of Easement made effective as of September 24, 1984, from Houston Center Corporation and CFHC-2 Texas, Inc., as Grantors, to the City of Houston, Texas, as grantee, and filed for record under Harris County Clerk's File Number(s) J723283 of the Real Property Records of Harris County, Texas, the air rights conveyed by said Quitclaim Deed and reserved under said Declaration of Easement being the City of Houston easement rights between a plane 20 feet above the crowns of the existing streets and a plane 500 feet above such street crowns:

1.      The following air rights over the streets set out below, which were reserved by Houston Center Corporation and CFHC-2 Texas, Inc. under that certain Declaration of Easement made effective as of September 24, 1984, from Houston Center Corporation and CFHC-2 Texas, Inc., as Grantors, to the City of Houston, Texas, as Grantee, and filed under Harris County Clerk's File Number(s) J723283 and Film Code No. 096-831138:

(i)      the Avenida de las Americas adjacent to Blocks 248 and 122 (part of Tr. 9);

(ii)     Lamar Avenue between the east line of Crawford Street and the west line of abandoned Jackson Street (Tr. 12);

(iii)    McKinney Avenue between the east line of Crawford Street and the west line of abandoned Jackson Street (Tr. 13);

(iv)    Two triangular parcels of land, (1) out of Block 248 (corner of Dallas Avenue and the Avenida de las Americas) and (2) Block 122 (corner of Walker Avenue and the Avenida de las Americas) (part of Tr. 15).

2.      The following air rights over the streets set out below, which were quitclaimed by the City of Houston to Houston Center Corporation in numbered paragraph 10 of that certain Quitclaim Deed dated August 26, 1971, recorded under Harris County Clerk's File Number D404337, of the Real Property Records of Harris County, Texas:

(i)      the east half of Crawford Street between the northerly line of Lamar Avenue and to a line parallel thereto and extending from the northern boundary line of Tract II; and

(ii)     the east half of Crawford Street from the southerly line of McKinney Avenue and to a line parallel thereto and extending from the southern boundary of Tract I.

A-1-6

<u>**EXHIBIT A-2**</u>
<u>**TO**</u>
<u>**CONSERVANCY DEED TO**</u>
<u>**HOUSTON DOWNTOWN PARK CORPORATION**</u>

**LEGAL DESCRIPTION OF BLOCKS 124 AND 127**



# EXHIBIT A-2

TRACT I:

Being a 3.468 acre tract (151,085 square feet) tract of land, being a portion of Blocks 123 and 124 South Side Buffalo Bayou, a recognized unrecorded subdivision map of the downtown area of the City of Houston, and a portion of Lamar Avenue abandoned by deed filed under Clerk's File No. K380306 of the Official Public Records of Real Property (O.P.R.O.R.P.) of Harris County, Texas and a portion of Jackson Street, abandoned, recorded under said Clerk's File No. K380306 O.P.R.R.P.H.C., being a portion of that certain residue tract conveyed to Crescent Real Estate Equities Limited Partnership (herein after referred as Crescent) by deed filed under Clerk's File No. S653086 (Film Code No. 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) of the O.P.R.O.R.P. of Harris County, Texas ,dated September 22, 1998 and being all of a called 1.4712 acre tract of land conveyed to said Crescent by deed filed under Clerk's File Number W444308 (Film Code Number 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) of the O.P.R.O.R.P. of Harris County, Texas ,dated February 14, 2003, said 3.468 acre tract being more particularly described by metes and bounds as follows, all bearings recited herein are referenced to the City of Houston Monumentation System, all called bearings and called distances recited herein are referenced to various maps obtained from the City of Houston File Room:

**COMMENCING** from City of Houston Engineering Department Reference Rod No. 311, being a 3/4-inch iron rod marking the centerline intersection of Polk Avenue (80-foot width) and Crawford Street (80-foot width), from which City of Houston Engineering Department Reference Rod No. 601, being a 3/4-inch iron rod found, marking the centerline intersection of said Polk Avenue and Chartres Street (80-foot width) bears South 57º08'43" East, along the City of Houston Engineering Department Reference Line (centerline) of said Polk Avenue, a distance of 1,320.35 feet;

Thence North 32º52'08" East along the City of Houston Engineering Department Reference Line (centerline) of said Crawford Street, a distance of 620.36 feet to a point on said centerline of Crawford Street;

Thence South 57º08'44" East departing said City of Houston Engineering Department Reference Line (centerline), a distance of 40.00 feet to a found "X" chiseled in concrete set for corner, being on the southeasterly right-of-way line of said Crawford Street, being the most northerly corner of a called 2.320 acre tract of land as described by deed filed under Clerk's File Number W324576 (Film Code Number 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) of the Official Public Records of Real Property of Harris County, Texas, dated December 30, 2002 and being the most westerly corner and **POINT OF BEGINNING** of the herein described tract, from which a 60d nail with shiner found, bears South 32º52'08" West, 102.12 feet;

Thence North 32º52'08" East along said southeasterly right-of-way line of said Crawford Street, a distance of 330.17 feet to a found "X" chiseled in concrete for corner, being the most westerly corner of a called 3.138 acre tract of land as described in said deed filed under Clerk's File Number W324576 and being the most northerly corner of the herein described tract;

A-2-1

Thence South 57°08'44" East departing said southeasterly right-of-way line of said Crawford Street, being along the common line with said called 3.138 acre tract, same being along the former southwesterly right-of-way line of abandoned McKinney Street, a distance of 457.59 feet to a found chiseled "X" in concrete for corner, being on the northwesterly right-of-way line of Avenida De Las Americas (120 - foot width) recorded under Clerk's File No(s). J723283, J723282 and J180167 O.P.R.R.P.H.C., being the most southerly corner of said called 3.168 acre tract and being the most easterly corner of the herein described tract;

Thence South 32°52'08" West along said northwesterly right-of-way line of said Avenida De Las Americas, a distance of 330.17 feet to a found chiseled "X" in concrete for corner, being the easterly corner of aforementioned called 2.320 acre tract and being the most southerly corner of the herein described tract, from which a found "X" in concrete found bears South 32°52'08" West, 225.17 feet;

Thence North 57°08'44" West departing said northwesterly right-of-way line of said Avenida De Las Americas, being along the common line with said called 2.320 acre tract, same being along the former southwesterly right-of-way line of abandoned Lamar Street, a distance of 457.59 feet to the **POINT OF BEGINNING** and containing a computed area of 3.468 acres (151,085 square feet) of land.

City of Houston Engineering Department Reference Rods, No. 20 (LaBranch at Capitol), No. 22 (Chartres at Capitol), No. 44 (Polk at Chenevert), No. 311 (Polk at Crawford) and No. 601 (Polk at Chartres) were found on the ground and were used as the controlling Monumentation to calculate all right of way lines, property lines, etc. related to the proposed extension of Avenida De Las Americas.

Together with:

All those air rights, as hereinafter defined, in that portion of Crawford Street lying between the northwest line of Tract I and the centerline of Crawford Street, and that portion of Avenida De Las Americas lying between the southwesterly 80 feet of the southeast line of Tract I and the centerline of Avenida De Las Americas, being a portion of those rights conveyed by the City of Houston to Houston Center Corporation by Quitclaim Deed dated August 26, 1971, recorded under Harris County Clerk's File Number(s) D404337, of the Real Property Records of Harris County, Texas, such deed being authorized by City of Houston Ordinance No. 70-1881, passed on October 28, 1970, the air rights conveyed by said Quitclaim Deed being the City of Houston Easement rights between a plane 20 feet above the crowns of the existing streets and a plane 500 feet above such street crowns; and

All those air rights in that portion of Avenida De Las Americas lying between the ~~northwesterly~~ northeasterly *JML* 250 feet of the southeast line of Tract I, and the centerline of Avenida De Las Americas, as reserved by Houston Center Corporation and CFHC-2 Texas, Inc. under that certain Declaration of Easement made effective as of September 24, 1984, from Houston Center Corporation and CFHC-2 Texas, Inc., as Grantors, to the City of Houston, Texas, as grantee, and filed for record under Harris County Clerk's File No.(s) J723283, of the Real Property Records of Harris County, Texas.

A-2-2

Also:

<u>TRACT II:</u>

Being a 1.872 acre tract (81,550 square feet) tract of land, being all of Block 127, a portion of Blocks 126 and 250 South Side Buffalo Bayou, a recognized unrecorded subdivision map of the downtown area of the City of Houston conveyed to Crescent Real Estate Equities Limited Partnership by deed filed under Clerk's File No. S653086 (Film Code No. 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) of the Official Public Records of Real Property (O.P.R.O.R.P.) of Harris County, Texas ,dated September 22, 1998 and a portion of Lamar Avenue described as Tract 18 and a portion of McKinney Avenue described as Tract 19  by deed filed under Clerk's File No. K372514 (Film Code Number 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) of the O.P.R.O.R.P. of Harris County, Texas dated January 3, 1985, said 1.872 acre tract being more particularly described by metes and bounds as follows, all bearings recited herein are referenced to the City of Houston Monumentation System, all called bearings and called distances recited herein are referenced to various maps obtained from the City of Houston File Room:

**COMMENCING** from City of Houston Engineering Department Reference Rod No. 311, being a 3/4-inch iron rod marking the centerline intersection of  Polk Avenue (80-foot width) and Crawford Street (80-foot width), from which City of Houston Engineering Department Reference Rod No. 601, being a 3/4-inch iron rod found, marking the centerline intersection of ·said·Polk Avenue and Chartres Street (80-foot width) bears South 57°08'43" East, along the City of Houston Engineering Department Reference Line (centerline) of said Polk Avenue, a distance of 1,320.35 feet;

Thence North 32°52'08" East along the City of Houston Engineering Department Reference Line (centerline) of said Crawford Street, a distance of 592.16 feet to a point on said centerline of Crawford Street;

Thence North 57°07'42" West departing said City of Houston Engineering Department Reference Line (centerline), a distance of 40.00 feet to a found 5/8-inch iron rod with cap for corner, being on the northwesterly right-of-way line of said Crawford Street, being on the northeasterly right-of-way line of Lamar (80-foot width, H.C.C.F. Number J723283) and being the most southerly corner and **POINT OF BEGINNING** of the herein described tract;

Thence North 14°23'26" West  along said northeasterly right-of-way line of said Lamar Avenue, a distance of 26.26 feet to a found "5/8-inch iron rod with cap for corner marking a point of curvature for a tangent curve to the left, and being an interior  corner of the herein described tract;

Thence in a northwesterly direction curving to left along said curve along said northeasterly right-of-way line of Lamar Avenue, an arc distance of 253.70 feet (radius = 340.00 feet, delta = 42°45'12", chord bears = North 35°46'02" West, 247.86 feet) to a found chiseled "X" in concrete for corner, being on the southeasterly right-of-way line of La Branch Street (80-foot width) and being the most westerly corner of the herein described tract;

Thence North 32°52'08" East along said southeasterly right-of-way line of La Branch Street, a distance of 250.17 feet to a found chiseled "X" in concrete for corner, being on the southwesterly

A-2-3

right-of-way of McKinney Avenue (80-foot width, H.C.C.F. Number J723283) and being the most northerly corner of the herein described tract;

Thence in a southeasterly direction curving to left along a non-tangent curve to the left along said southwesterly right-of-way line of McKinney Avenue, an arc distance of 247.64 feet (radius = 340.00 feet, delta = 41°43'54", chord bears = South 78°00'35" East, 242.20 feet) to a found 1-inch iron pipe with cap for corner marking the point of tangency of said curve and being an interior corner of the herein described tract;

Thence North 81°07'28" East along said southwesterly right-of-way line of McKinney Avenue, a distance of 31.91 feet to a found chiseled "X" in concrete for corner, being on aforementioned northwesterly right-of-way line of Crawford Street and being the most easterly corner of the herein described tract;

Thence in the southwesterly direction along said northwesterly right-of-way line of Crawford Street the following courses and distances to interior corners of the herein described tract:

South 32°52'08" West, 107.50 feet to a set 5/8-inch iron rod with TSC cap;

South 57°08'44" East, 9.70 feet to a found chiseled "X" in concrete;

South 32°52'08" West, 90.06 feet to a found chiseled "X" in concrete;

North 57°07'52" West, 9.70 feet to a set 5/8-inch iron rod with TSC cap;

South 32°52'08" West, 35.03 feet to a set 5/8-inch iron rod with TSC cap;

South 57°07'52" East, 9.70 feet to a found chiseled "X" in concrete;

South 32°52'08" West, 125.09 feet to a found chiseled "X" in concrete;

North 57°08'44" West, 9.70 feet to a set 5/8-inch iron rod with TSC cap;

South 32°52'08" West, 108.17 feet to the **POINT OF BEGINNING** and containing a computed area of 1.872 acres (81,550 square feet) of land.

City of Houston Engineering Department Reference Rods, No. 20 (LaBranch at Capitol), No. 22 (Chartres at Capitol), No. 44 (Polk at Chenevert), No. 311 (Polk at Crawford) and No. 601 (Polk at Chartres) were found on the ground and were used as the controlling Monumentation to calculate all right of way lines, property lines, etc. related to the proposed extension of Avenida De Las Americas.

Together with:

All those air rights, as hereinafter defined, in those portions of Crawford Street, Lamar Avenue, LaBranch Street and McKinney Avenue, lying between the boundary lines of Tract II and the centerlines of such streets, being a portion of those rights conveyed by the City of Houston to Houston Center Corporation and Mike Persia Chevrolet Corp., respectively by the following two

A-2-4

Quitclaim Deeds, the first dated August 26, 1971, recorded under Harris County Clerk's File Number (s) D404337, of the Real Property Records of Harris County, Texas and the second dated August 26, 1971, recorded under Harris County Clerk's File Number(s) D410360, of the Real Property Records of Harris County, Texas, both such deeds being authorized by City of Houston Ordinance No. 70-1881, passed on October 28, 1970, and a portion of those rights reserved by Houston Center Corporation and CFHC-2 Texas, Inc., under that certain Declaration of Easement made effective as of September 24, 1984, from Houston Center Corporation and CFHC-2 Texas, Inc., as Grantors, to the City of Houston, Texas, as grantee, and filed for record under Harris County Clerk's File No. J723283, of the Real Property Records of Harris County, Texas, the air rights conveyed by said Quitclaim Deeds and reserved under said Declaration of Easement being the City of Houston easement rights between a plane 20 feet above the crowns of the existing streets and a plane 500 feet above such street crowns.



A-2-5

**EXHIBIT A-3**
**TO**
**CONSERVANCY DEED TO**
**HOUSTON DOWNTOWN PARK CORPORATION**

**LEGAL DESCRIPTION OF CRAWFORD STREET ROW AREA**

UNOFFICIAL COPY

**EXHIBIT A-3**

DESCRIPTION OF A CALCULATED 0.9411 OF ONE
ACRE TRACT OF LAND, BEING ALL OF CRAWFORD
STREET BETWEEN LAMAR AVENUE AND McKINNEY
AVENUE OF SOUTH SIDE BUFFALO BAYOU (S.S.B.B.)
IN THE CITY OF HOUSTON, HARRIS COUNTY, TEXAS

Being a 0.9411 of one acre tract (40,994 square feet) tract of land, being all of Crawford Street
that is located between Lamar Avenue (southerly side) and McKinney Avenue (northerly side)
said 0.9411 of one acre tract being more particularly described by metes and bounds as follows,
all bearings recited herein are referenced to the City of Houston Monumentation System, all
called bearings and called distances recited herein are referenced to various maps obtained from
the City of Houston File Room:

**COMMENCING** from City of Houston Engineering Department Reference Rod No. 311, being
a 3/4-inch iron rod marking the centerline intersection of Polk Avenue (80-foot width) and
Crawford Street (80-foot width), from which City of Houston Engineering Department
Reference Rod No. 601, being a 3/4-inch iron rod found, marking the centerline intersection of
said Polk Avenue and Chartres Street (80-foot width) bears South 57"08'43" East, along the City
of Houston Engineering Department Reference Line (centerline) of said Polk Avenue, a distance
of 1,320.35 feet;

Thence North 32º52'08" East along the City of Houston Engineering Department
Reference Line (centerline) of said Crawford Street, a distance of 518.24 feet to a
point on said centerline of Crawford Street;

Thence South 57"07'52" East departing said City of Houston Engineering Department
Reference Line (centerline), a distance of 40.00 feet to a found 60D nail with shiner for corner,
being on the southeasterly right-of-way line of said Crawford Street, being on the northeasterly
right-of-way line of Lamar (80-foot width, H.C.C.F. Number J723283) and being the most
southerly corner and **POINT OF BEGINNING** of the herein described tract;

Thence North 14º23'26" West along the projection of said northeasterly right-of-way line of
said Lamar Avenue, a distance of 108.93 feet to a found 1-inch iron rod with cap for corner,
being on the northwesterly right-of-way line of Crawford Street and being the most westerly
corner of the herein described tract;

A-3-1

Thence in the northeasterly direction along said northwesterly right-of-way line of Crawford Street the following courses and distances to interior corners of the herein described tract:

North 32°52'08" East, 108.17 to a set 5/8-inch iron rod with TSC cap;

South 57°08'44" East, 9.70 feet to a found chiseled "X" in concrete;

North 32°52'08" East, 125.09 feet to a found chiseled "X" in concrete;

North 57°07'52" West, 9.70 feet to a set 5/8-inch iron rod with TSC cap;

North 32°52'08" East, 35.03 feet to a set 5/8-inch iron rod with TSC cap;

South 57°07'52" East, 9.70 feet to a found chiseled "X" in concrete;

North 32°52'08" East, 90.06 feet to a found chiseled "X" in concrete;

North 57°08'44" West, 9.70 feet to a set 5/8-inch iron rod with TSC cap;

North 32°52'08" East, 107.50 feet to a set chiseled "X" in concrete for corner, being on the southwesterly right-of-way of McKinney Avenue (80-foot width, H.C.C.F. Number J723283) and being the most northerly corner of the herein described tract;

Thence North 81°07'28" East  along the projection of said southwesterly right-of-way line of said McKinney Avenue, a distance of 107.22 feet to a set chiseled "X" in concrete for corner, being on aforementioned southeasterly right-of-way line of Crawford Street and being the most easterly corner of the herein described tract;

Thence South 32°52'08" West along said southeasterly right-of-way line of Crawford Street,  a distance of 611.17 feet to the **POINT OF BEGINNING** and containing a computed area of 0.9411 of one acre (40,994 square feet) of land.

City of Houston Engineering Department Reference Rods, No. 20 (LaBranch at Capitol), No. 22 (Chartres at Capitol), No. 44 (Polk at Chenevert), No. 311 (Polk at Crawford) and No. 601 (Polk at Chartres) were found on the ground and were used as the controlling Monumentation to calculate all right of way lines, property lines, etc. related to the proposed extension of Avenida De Las Americas.



FILED
05 APR 18 AM 11:39
COUNTY CLERK
HARRIS COUNTY, TEXAS

A-3-2

HOU:2386263.2

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was
found to be inadequate for the best photographic
reproduction because of illegibility, carbon or
photo copy, discolored paper, etc. All blackouts
additions and changes were present at the time
the instrument was filed and recorded

**EXHIBIT B**
**TO**
**CONSERVANCY DEED TO**
**HOUSTON DOWNTOWN PARK CORPORATION**

**PERMITTED EXCEPTIONS**

1.   Restrictive Covenants contained in Ordinance No. 70-1881, attached as Exhibit "A" in instrument filed for record under Clerk's File Nos. D404337 and N472220, as amended by instruments filed for record under Clerk's File Nos. V493836, W303450, W700851 and X246165, Real Property Records, Harris County, Texas.

2.   Easement for electrical distribution equipment granted to Houston Lighting and Power Company, granted in instrument filed for record under Clerk's File No. T551539, and being located as depicted in Sketch No. 98-533 attached thereto.

3.   Restrictive covenants contained in Special Warranty Deed from Crescent Real Estate Equities Limited Partnership and Crescent Duddlesten Hotel Partnership, L.P. to City of Houston, dated as of December 30, 2002, filed for record under Clerk's File No. W324576, Real Property Records, Harris County, Texas, covering Blocks 125 and 249, as described in Exhibit A-1 of the Special Warranty Deed to which this Exhibit B is attached, as amended by the First Amendment to Restrictive Covenants dated as of even date herewith, executed by Crescent Real Estate Equities Limited Partnership, Park Blocks, Ltd., and Towanda Development Corp., recorded or to be recorded in the Real Property Records, Harris County, Texas.

4.   Restrictive covenants contained in Special Warranty Deed from Crescent Real Estate Equities Limited Partnership to City of Houston, Texas, dated as of even date herewith, recorded or to be recorded in the Real Property Records, Harris County, Texas, covering Blocks 124 and 127, as described in Exhibit A-2 of the Special Warranty Deed to which this Exhibit B is attached.

5.   The Convention Center Parking Easement, the Utility Easement and all restrictions, covenants and other matters contained in Special Warranty Deed from City of Houston, Texas, to Houston Downtown Park Conservancy, dated as of even date herewith, recorded or to be recorded in the Real Property Records, Harris County, Texas, covering all of the Property, as defined in the Special Warranty Deed to which this Exhibit B is attached.



ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL
PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time
stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris
County, Texas on

**DEC 17 2004**

*Beverly B. Kaufman*
COUNTY CLERK
HARRIS COUNTY, TEXAS

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was
found to be inadequate for the best photographic
reproduction because of illegibility, carbon or
photo copy, etc. All blackouts
additions were present at the
the instrument was recorded

2004 DEC 17 PM 2: 16
COUNTY CLERK
HARRIS COUNTY, TEXAS

B-1

HOU:2369187.7



ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL
PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNFORCEABLE UNDER FEDERAL LAW
THE STATE OF TEXAS
COUNTY OF HARRIS
    I hereby certify that this instrument was FILED in file number Sequence on the
date and at the time stamped hereon by me; and was duly RECORDED, in the
Official Public Records of Real Property of Harris County Texas on

APR 1 8 2005

COUNTY CLERK
HARRIS COUNTY, TEXAS