IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARAIUS DUBASH, and DR. FARAZ HARSINI | § § § | |
| Plaintiffs, | § | CIVIL ACTION CASE NO. 4:23-cv-03556 |
| | § | |
| v. | § § | |
| CITY OF HOUSTON, TEXAS; HOUSTON DOWNTOWN PARK CORPORATION; OFFICER ROBERT DOUGLAS (# 7943), in his individual capacity; OFFICER VERN WHITWORTH (# 7595), in his individual capacity; DISCOVERY GREEN CONSERVANCY f/k/a HOUSTON DOWNTOWN PARK CONSERVANCY; and BARRY MANDEL, in his individual capacity, | § § § § § § § § § § § | |
| Defendants. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(F)
FEDERAL RULES OF CIVIL PROCEDURE**[1]

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

    Plaintiffs, Defendant Discovery Green Conservancy, and Defendant Mandel conferred by telephone on November 27, 2023. JT Morris attended for Plaintiffs. Andrew Holland attended for Defendants Discovery Green Conservancy and Mandel.

    To date, none of Defendants City of Houston, Houston Downtown Park Corporation, Officer Robert Douglas, and Officer Vern Whitworth ("City Defendants") or their counsel have appeared in this case. Plaintiffs have personally served or received signed waiver forms for each of the City Defendants. (Dkt. 11-12, 22-23).

---

[1] A proposed scheduling order is attached.

Counsel for Plaintiffs contacted Melissa Azadeh, Senior Assistant Attorney for the City of Houston, on November 21, November 23, and November 27 about the Rule 26(f) conference. Ms. Azadeh has communicated with Plaintiffs' counsel regarding the City Defendants, including on matters like service of the complaint and extensions of time to answer Plaintiffs' complaint.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Specify the allegation of federal jurisdiction.**

   Federal question jurisdiction under 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C § 1367; 28 U.S.C. §§ 2201, 2202.

4. **Name the parties who disagree and the reasons.**

   Defendants Discovery Green Conservancy and Mandel do not disagree that federal question jurisdiction and supplemental subject matter jurisdiction exists.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None at this time.

6. **List anticipated interventions.**

   None at this time.

7. **Describe class-action issues.**

   None.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Plaintiffs, Defendant Discovery Green Conservancy, and Defendant Mandel have agreed to serve initial disclosures on or before December 5, 2023.

9.  **Describe the proposed agreed discovery plan, including:**

    A.  **Responses to all the matters raised in Rule 26(f).**

        1.  **Subjects on which discovery may be needed:**

            Without limitation, these subjects include: (a) the relationship between Defendants City of Houston, Houston Downtown Park Management Corporation, and Discovery Green Conservancy, (b) any alleged delegation of municipal authority or decision-making power to Discovery Green Conservancy; (c) the creation, operation, uses of, and management of Discovery Green park; (d) alleged policies, customs, and practices concerning the operation, use of, and management of Discovery Green park; (e) the incidents alleged in Paragraphs 83–154 of Plaintiffs' complaint; (f) the alleged prior restraint on Plaintiffs' expressive activities alleged in Plaintiffs' complaint; (g) Plaintiff Dubash's alleged exercises of religious freedom; and (h) alleged harm and damages to Plaintiffs.

        2.  **Electronically preserved information:**

            The parties are likely to request and produce electronically stored information (ESI) in discovery. Production of ESI will be made using (i) image and data load files in Concordance or similar format and (ii) in PDF format. To the extent reasonably possible, the parties will ensure that all documents produced in electronic format are searchable (with Optical Character Recognition), readable, and with metadata intact. For ESI that does not translate readily to images or PDF (like audiovisual data, spreadsheets, and databases), the parties agree to produce those in native format.

            The parties will work in good faith to narrow any dispute over the scope and production of ESI, including the preparation of necessary confidentiality agreements, if any. Should either party inadvertently produce privileged information, that information shall immediately be returned to the producing party pursuant to the clawback provision set forth below. The parties agree to take reasonable measures to preserve potentially discoverable ESI from alteration or destruction.

3. **Claims of privilege or protection:**

    The parties agree that whenever a claim of privilege or work product is asserted, it shall be supported by a privilege log as described in Fed. R. Civ. P. 26(b)(5). In the case of answers to interrogatories and productions of documents, the privilege log shall be produced within 45 days after the answers to interrogatories are served or documents are produced. The parties agree that communications after the filing date of the lawsuit do not need to be included on a party's privilege log.

    The parties agree that any inadvertent inclusion of privileged material in any disclosure or discovery response shall not result in a waiver of any associated privileged nor result in a subject matter waiver of any kind. A party who receives information which appears to be privileged shall immediately inform the producing party and shall, upon request, (1) immediately return all inadvertently produced information; (2) shall refrain from using or relying on such information absent a Court order to the contrary; and (3) shall destroy all copies or versions of the information. This clawback procedure does not limit or waive the ability of the non-producing party to challenge the claim of privilege with the Court.

4. **Changes in the limitations on discovery imposed under these rules or by local rule:**

    Plaintiffs believe that because there are six Defendants, the total of 25 interrogatories under L.R. 33 will not permit fair and complete discovery in this case. Plaintiffs believe the general rule under FRCP 33(a)(1) of no more than 25 interrogatories served on a party (including all discrete subparts) is more suitable for this case.

5. **Orders Pursuant to Fed. R. Civ. P. 26(f)(3)(F).**

    None at this time. The parties will evaluate the need for a protective order upon evaluating discovery requests. If either party desires a protective order, the parties agree to negotiate in good faith over the terms of that order and submit it to the Court for approval..

B.   **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiffs anticipate sending interrogatories to each named Defendant, no earlier than after the December 12, 2023 initial pretrial conference. Plaintiff does not anticipate any need to depart from the number and scope set out in FRCP 33(a).

**B.**   **When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate sending interrogatories to each named Plaintiff, no earlier than after the December 12, 2023 initial pretrial conference. Defendants do not anticipate any need to depart from the number and scope set out in FRCP 33(a).

**D.**   **Of whom and by when the plaintiff anticipates taking oral depositions.**

Without limitation, Plaintiffs anticipate taking the oral deposition of the following:

1. Defendant City of Houston, through one or more of its designees under FRCP 30(b)(6);
2. Defendant Houston Downtown Park Corporation, through one or more of its designees under FRCP 30(b)(6);
3. Defendant Discovery Green Conservancy, through one or more of its designees under FRCP 30(b)(6);
4. Defendant Robert Douglas;
5. Defendant Vern Whitworth;
6. Defendant Barry Mandel;
7. Floyd Willis, Discovery Green Conservancy employee.
8. Brian Wilmer, Discovery Green Conservancy employee.
9. Houston Police Officer M Q Ta.

Plaintiffs anticipate taking these depositions in April and May 2024, subject to Defendants timely producing documents needed to fairly complete the depositions.

**E.**   **Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking depositions of the named Plaintiffs in or before May 2024.

**F.**   **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff: June 7, 2024

Defendants Discovery Green Conservancy and Mandel: July 12, 2024

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

At this time, none. Plaintiffs reserve the right to timely depose any expert one or more Defendants disclose.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

At this time, none. Defendants reserve the right to timely depose any expert one or more Plaintiffs disclose.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Defendants Discovery Green Conservancy and Barry Mandel have agreed to aspirational dates but believe that input from the remaining defendants is necessary in order to meaningfully set a discovery schedule, particularly since many of the witnesses Plaintiffs intend to depose are not within the Conservancy and Mr. Mandel's control. The City defendants have not yet responded to the Complaint or otherwise appeared in this case (and their time to respond has not yet expired).

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None to date.

12. **State the date the planned discovery can reasonably be completed.**

August 2, 2024

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiffs, Defendant Discovery Green Conservancy, and Defendant Mandel are continuing to discuss at least partial resolution, including resolving the issues raised in Plaintiffs' preliminary injunction motion. Because of the interplay between the Conservancy, Defendant City of Houston, and Defendant Houston Downtown Park Corporation, discussion with the latter two is likely needed for any meaningful resolution of Plaintiffs' equitable claims.

The parties have not yet discussed the possibility of resolving Plaintiffs' damages claims, but have agreed to continue working in good faith to see if that is possible.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Plaintiffs, Defendant Discovery Green Conservancy, and Defendant Mandel have discussed settlement and resolution possibilities several times before and during the Rule 26(f) meeting, as well as prior to the filing of this case. They have not resolved or settled the case, but will continue working in good faith on potential resolution.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

    Plaintiffs, Defendant Discovery Green Conservancy, and Defendant Mandel believe that mediation may be suitable for this case, sometime between when the Court decides Plaintiffs' preliminary injunction motion and before the close of discovery.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to a trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

    Plaintiffs demanded a jury as part of their complaint (Dkt. 1).

18. **Specify the number of hours it will take to present the evidence in this case.**

    Plaintiffs, Defendant Discovery Green Conservancy, and Defendant Mandel believe a jury trial will take five days.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None.

**20.** **List other motions pending.**

Plaintiffs' Motion for Preliminary Injunction. (Dkt. 13). The Conservancy and Mr. Mandel are contemplating a pre-answer motion pursuant to Rule 12(b).

**21.** **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None at this time, except to the extent that Defendants Discovery Green Conservancy and Mandel believe that the discovery schedule may be affected by the filing of a Rule 12(b) motion.

**22.** **List the names, bar numbers, addresses and telephone numbers of all counsel.**

**Counsel for Plaintiffs**:

John Greil (TX 24110856)
Steven T. Collis (TX 24122632)
Law and Religion Clinic
University of Texas School of Law
727 E. Dean Keaton St.
Austin, TX 78705
(512) 475-9090

JT Morris (TX 24094444)
Gabe Walters* (DC 1019272)
Foundation for Individual Rights and Expression
700 Pennsylvania Ave., Suite 340
Washington, D.C. 20003
(215) 717-3473

Daniel Ortner* (CA 329866)
Foundation for Individual Rights and Expression
510 Walnut St., Suite 1250
Philadelphia, PA 19106
(215) 717-3473

*Admitted Pro Hac Vice*

**Counsel for Defendants Discovery Green Conservancy and Barry Mandel**

Andrew Stephen Holland (TX 24134330)
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
909 Fannin St.
Suite 3300
Houston, TX 77010
713-353-2000

| | |
|---|---|
| Dated: November 28, 2023 | Respectfully submitted, |
| | /s/ JT Morris |
| | John Greil (TX 24110856) |
| | Steven T. Collis (TX 24122632) |
| | Law and Religion Clinic |
| | University of Texas School of Law |
| | 727 E. Dean Keaton St. |
| | Austin, TX 78705 |
| | (512) 475-9090 |
| | John.greil@law.utexas.edu |
| | Steven.collis@law.utexas.edu |
| | |
| | JT Morris (TX 24094444) |
| | Gabe Walters (admitted pro hac vice) |
| | Foundation for Individual Rights and Expression |
| | (215) 717-3473 |
| | 700 Pennsylvania Ave., SE |
| | Suite 340 |
| | Washington, DC 20003 |
| | jt.morris@thefire.org |
| | gabe.walters@thefire.org |
| | |
| | Daniel Ortner (admitted pro hac vice) |
| | Foundation for Individual Rights and Expression |
| | (215) 717-3473 |
| | 510 Walnut St. |
| | Suite 1250 |
| | Philadelphia, PA 19106 |
| | daniel.ortner@thefire.org |
| | |
| | **Attorneys for Plaintiffs** |

/s/ Andrew S. Holland
Andrew S. Holland
State Bar No. 24134330
Andrew.holland@wilsonelser.com
Wilson, Elser, Moskowitz, Edelman &amp; Dicker, LLP
909 Fannin St., Suite 3300
Houston, TX 77010
713-353-2000 tel
713-785-7780 fax

**Attorneys for Defendants Discovery Green Conservancy and Barry Mandel**

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2023, I electronically filed the foregoing Joint Discovery/Case Management Plan Under Rule 26(f) with the Clerk of the United States District Court for the Southern District of Texas using the CM/ECF system.

I also served copies by email on the same date to the following:

>Melissa Azadeh
>City of Houston Legal Department
>melissa.azadeh@houstontx.gov

/s/ JT Morris
JT Morris
