**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DARAIUS DUBASH AND | § | |
| DR. FARAZ HARSINI | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION |
| CITY OF HOUSTON, TEXAS; | § | |
| HOUSTON DOWNTOWN PARK | § | NO.:  4:23-CV-03556 |
| CORPORATION; OFFICER ROBERT | § | |
| DOUGLAS (#7943), IN HIS INDIVIDUAL | § | |
| CAPACITY; OFFICER VERN WHITWORTH | § | |
| (#7595), IN HIS INDIVIDUAL CAPACITY; | § | |
| DISCOVERY GREEN CONSERVANCY | § | JURY DEMAND REQUESTED |
| F/K/A  HOUSTON DOWNTOWN PARK | § | |
| CONSERVANCY, AND BARRY MANDEL, | § | |
| IN HIS INDIVIDUAL CAPACITY | § | |

**DEFENDANT HOUSTON DOWNTOWN PARK CORPORATION'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)**

## TABLE OF CONTENTS

Page

**TABLE OF CONTENTS** ......................................................................................... 2

**TABLE OF AUTHORITIES** .................................................................................. 3

**MOTION TO DISMISS PURSUANT TO** ............................................................. 6

  **I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDING** ........... 6

  **II. STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT** ......... 7

    **ISSUE NO. 1:** ........................................................................................... 7

      **Standard of Review** ........................................................................ 7

    **ISSUE NO. 2:** ........................................................................................... 8

      **Standard of Review** ........................................................................ 8

  **III. SUMMARY OF THE ARGUMENT** ................................................... 9

  **IV. BACKGROUND** ..................................................................................... 10

  **V. MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)** ....................... 11

    **A. Standard for Rule 12(b)(1) Dismissal** ............................................ 11

    **B. HDPC's Factual Challenge to Plaintiffs' Complaint** ................... 13

  **VI. MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)** ..................... 16

    **A. Standard For Rule 12(b)(6) Dismissal** ........................................... 16

    **B. Section 1983 Claims** .......................................................................... 17

    **C. Texas Religious Freedom Restoration Act Claims** ....................... 18

    **D. Plaintiffs Fail To State A Claim Upon Which Relief May Be Granted** ................ 19

  **VII. CONCLUSION AND PRAYER** ........................................................ 21

**CERTIFICATE OF CONFERENCE** ................................................................... 22

**CERTIFICATE OF SERVICE** ........................................................................... 22

**APPENDIX** ........................................................................................................... 24

## <u>TABLE OF AUTHORITIES</u>

Page

**Cases**

*Adkins v. Kaspar*,
    393 F.3d 559 (5th Cir. 2004) ............................................................18

*Albright v. Oliver*,
    510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) .............................12

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678 (2009) ............................................................15

*Barr v. City of Sinton*,
    295 S.W.3d 287, 301 (Tex. 2009) ....................................................18

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 555 (2007) .............................................................7

*Bennett v. City of Slidell*,
    735 F.2d 861, 862 (5th Cir. 1984) (en banc) ........................................13

*Biliski v. Harborth*,
    55 F.3d 160, 162 (5th Cir. 1995) ...................................................16

*Church of Lukumi Babalu Aye v. City of Hialeah*,
    508 U.S. 520, 533 (1993) (internal edits omitted) ...................................17

*Clark v. Tarrant Cty.*,
    798 F.2d 736, 741 (5th Cir. 1986) ...................................................7

*Den Norske Stats Ojeselskap As v. HeereMac Yof*,
    241 F.3d 420, 424 (5th Cir. 2001) ...................................................6

*Employment Div. v. Smith*,
    494 U.S. 872, 878 (1990) (internal ellipsis omitted) .................................17

*Evans v. Tubbe*,
    657 F.2d 661, 663 (5th Cir. 1981) ..................................................12

*Fernandez-Montes v. Allied Pilot's Ass'n.*,
    987 F.2d 278, 284 (5th Cir. 1993) .................................................16

*Fraire v. City of Arlington*,
    957 F.2d 1268, 1278 (5th Cir. 1992) ................................................13

*Frith v. Guardian Life Ins. Co.,*
   9 F.Supp. 734, 737-38 (S.D.Tex. 1998) ...........................................................16

*Hill v. Cruz,*
   2006 U.S. Dist. LEXIS 69094, *4 (S.D.Tex. Sep. 26, 2006) ...........................................18

*In re Blue Water Endeavors, LLC, Bankr. Adv.,*
   No. 08-10466, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011) ...........................................11

*Irwin v. Veterans Admin.,*
   874 F.2d 1092, 1096 (5th Cir. 1989) ...........................................................11

*Kennedy v. Bremerton Sch. Dist.,*
   142 S.Ct. 2407, 2422 (2022) ...........................................................17

*Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit,*
   507 U.S. 163 (1993) ...........................................................7

*New Orleans & Gulf Coast Ry. Co. v. Barrois,*
   533 F.3d 321, 327 (5th Cir. 2008) ...........................................................11

*Okon v. Harris County Hospital District,*
   426 Fed.Appx. 312, 316 (5th Cir. May 23, 2011) ...........................................13

*Piotrowski v. City of Houston* ("Piotrowski II"),
   237 F.3d 567, 578 (5th Cir. 2001) ...........................................................12

*Ramirez v. Lone Star Pediatrics, P.A.,*
   No. 3:13- cv-2035-L, 2014 WL 1281510, at *2 (N.D. Tex. Mar. 31,
   2014) ...........................................................6

*Ramming v. United States,*
   281 F.3d 158, 161 (5th Cir. 2001) ...........................................................6

*Robinson v. Paulson,*
   H–06–4083, 2008 WL 4692392 at *10 (S.D. Tex. Oct. 28, 2008) ...................................11

*Rodriguez v. Texas Comm'n of Arts,*
   992 F.Supp. 876, 878–79 (N.D. Tex. 1998), aff'd, 199 F.3d 279
   (5th Cir. 2000) ...........................................................11

*San Jose Christian Coll. v. City of Morgan Hill,*
   360 F.3d 1024, 1034 (9th Cir. 2004) ...........................................................18

*Sanchez v. Saghian,*
   2009 LEXIS 7944, *24 (Tex App.—Houston [1st Dist.], Oct. 8, 2009,

no pet.) .................................................................................................................18

*Scanlan v. Tex. A&M Univ.*,
   343 F.3d 533, 536 (5th Cir. 2003) ..............................................................8

*Scheuer v. Rhodes*,
   416 U.S. 232, 236 (1974) ............................................................................7

*Schultea v. Wood*,
   47 F.3d 1427, 1433 (5th Cir. 1995) ..........................................................12

*Truman v. United States*,
   26 F.3d 592, 594 (5th Cir. 1994) ................................................................6

*U.S. ex rel. Miniex v. Houston Hous. Auth.*,
   ___ Fed.Appx. ___, 2023 U.S. App. LEXIS 25226, *8 (5th Cir.
   Sep. 22, 2023) (unpub. order) ...................................................................17

*United States ex. rel. Willard v. Humana Health Plan of Tex., Inc.*,
   336 F.3d 375, 379 (5th Cir. 2003) ............................................................16

*Vulcan Materials Co. v. City of Tehuaacana*,
   238 F.3d 382, 387 (5th Cir. 2001) ............................................................16

*Williamson v. Tucker*,
   645 F.2d 4047, 412-13 (5th Cir. 1981) .......................................................6

*Zarnow v. City of Wichita Falls*,
   614 F.3d 161, 169 (5th Cir. 2010), cert. denied, 131 S. Ct. 3059 (2011) ........13


**Statutes**

42 U.S.C. § 1983 ..................................................................................................... 7
TEX. CIV. PRAC. AND REMEDIES CODE § 110.001(a)(2) .................................... 17
TEX. CIV. PRAC. AND REMEDIES CODE § 110.001 (b) ...................................... 17
TEX. CIV. PRAC. AND REMEDIES CODE § 110.003(a) ........................................ 17


**Rules**

FED. R. CIV. P. 8(a)(2) ............................................................................................ 6
FED. R. CIV. P. 12(b)(1) .......................................................................................... 4
FED. R. CIV. P. 12(b)(6) .......................................................................................... 4
FED. R. CIV. P. 56(c) ............................................................................................. 11

**DEFENDANT HOUSTON DOWNTOWN PARK CORPORATION'S
MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW, HOUSTON DOWNTOWN PARK CORPORATION (hereinafter "HDPC"), a Defendant in the above-entitled and numbered cause, and files this its Motion to Dismiss Plaintiffs' Complaint [Docket No. 1] as to HDPC, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support of its Motion, Defendant respectfully shows the Court as follows:

**I.
STATEMENT OF THE NATURE AND STAGE OF PROCEEDING**

This is a §1983 suit involving allegations of First Amendment violations of freedom of expression and freedom of religion brought by Plaintiffs against HDPC, as well as Co-Defendants The City of Houston ("the City"); Discovery Green Conservancy f/k/a Houston Downtown Park Conservancy ("the Conservancy"); the former President of the Conservancy, Barry Mandel ("Mandel"); and two members of the Houston Police Department, Vern Whitworth and Robert Douglas (respectively, "Whitworth" and "Douglas") - (collectively, "Co-Defendants). Specifically, Plaintiffs bring claims of First Amendment violations for free speech, prior restraint, free exercise of religion; violations of the Texas Religious Freedom Restoration Act; and seek declaratory and injunctive relief as well as statutory damages and attorney's fees. [Docket No. 1].

Suit was filed on September 20, 2023. Plaintiffs then filed a Motion for Preliminary Injunction on October 20, 2023. [Docket No. 13, 15]. All Defendants filed their Response jointly on December 27, 2023. [Docket No. 41]. Plaintiffs' Reply will be due shortly.

The responsive pleadings for all Defendants are due contemporaneously, on January 5, 2024.

There are no other matters pending in this suit at this time.

## II.
## STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

**ISSUE NO. 1:**

Does this Court have subject matter jurisdiction over the claims Plaintiffs have brought against HDPC, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure?

**Standard of Review**

A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The Court generally will accept all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to Plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The Court may, however, consider affidavits and other evidence outside the pleadings in resolving a motion to dismiss under Rule 12(b)(1). *Williamson v. Tucker*, 645 F.2d 4047, 412-13 (5th Cir. 1981); *Den Norske Stats Ojeselskap As v. HeereMac Yof*, 241 F.3d 420, 424 (5th Cir. 2001) (noting a court may consider "(1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts" in resolving jurisdictional issues).

The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Moreover, "the court may consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue." *Ramirez v. Lone Star Pediatrics*, P.A., No. 3:13- cv-2035-L, 2014 WL 1281510, at *2 (N.D. Tex. Mar. 31, 2014) (citing *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986)); *see also Williamson*, 645 F.2d at 413 (noting that, when a motion and evidence brings

the court's jurisdiction into question, "no presumptive truthfulness attaches to plaintiff's allegations.").

**ISSUE NO. 2:**

Did the Plaintiffs fail to state a claim upon which relief could be granted against HDPC, pursuant to pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure?

### Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must include more than labels and conclusions - a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, the complaint must set forth enough facts to state a claim for relief that is plausible on its face. *Id.* at 570. A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). These pleading requirements apply with equal force to claims alleging a right to recover under 42 U.S.C. § 1983. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993).

When ruling on a Rule 12(b)(6) motion to dismiss, a judge generally must assume all allegations in the complaint are true. A "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Two working principles underlie ...Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). "Second, only a complaint

that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Further, in determining whether to grant a motion to dismiss under Rule 12(b)(6), a court generally may not "go outside the complaint." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). A court may, however, consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Scanlan*, 343 F.3d at 536.

### III.
### SUMMARY OF THE ARGUMENT

HDPC is entitled to dismissal of all Plaintiffs' claims against it because, under Rule 12(b)((1) of the Federal Rules of Civil Procedure, this Court does not have subject matter jurisdiction over these claims. HDPC factually challenges the Complaint as the factual support of the allegations in the Complaint are insufficient to invoke federal jurisdiction against HDPC. The factual support is, in fact, the opposite, as the Operating Agreement shows.  It is undisputed that HDPC was not involved in the day-to-day operations of Discovery Green. It does not draft, implement, or enforce Park Rules. These functions were performed, as the Complaint acknowledges, by the Conservancy.  Thus, there is no factual support in Plaintiffs' Complaint, for any claims against HDPC, which bars the Court's subject matter jurisdiction.  The claims must be dismissed.

Further, HDPC is entitled to dismissal of all Plaintiffs' claims against it because, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Complaint fails to state a claim upon which relief could be granted.  Again, it is undisputed that HDPC was not involved in the day-to-day operations of Discovery Green. It does not draft, implement, or enforce Park Rules. It did not

participate in any way in the development, implementation, or daily enforcement of these Rules as they relate to Plaintiffs during the incidents of which form the basis of this complaint. These functions were performed, as the Complaint outlines, by the Conservancy.  HDPC did not have knowledge of the alleged incidents with Plaintiffs until notice of this lawsuit. Plaintiffs bring First Amendment claims alleging that their freedom of speech and free restriction of free exercise of religion were violated, as were their rights under the Texas Religious Freedom Restoration Act. Yet, there are no allegations supporting these claims as to HDPC. Thus, there is a failure to state a plausible claim against HDPC in Plaintiffs' Complaint.  The claims must be dismissed.

## IV.
## BACKGROUND

1.      Plaintiffs' suit contends that they have been prevented from expressing their opposition to violence against animals, which arises out of their religious beliefs, at Discovery Green. [Docket No. 1]. By way of background, Discovery Green is a specially designed urban green space in downtown Houston that carries out the vision of the private benefactors who created it for the purpose of providing educational, cultural, and entertainment activities and events for its patrons. In addition to expressing their views on cruelty against animals, Plaintiffs engage in the wearing of Anonymous masks and hold screens which depict graphic video of cruelty and violence to animals, without regard to children playing nearby or who utilize Discovery Green.

2.      HDPC is a local government corporation created by the City of Houston to develop Discovery Green.  [Docket No. 1, at ¶ 15, 59, 157]. HDPC owns the property that comprises the green space [Docket No. 1, at ¶ 121], performs governmental functions, and through an Operating Agreement, engaged the Conservancy as an "independent contractor to operate and manage the Park…" (*See* Operating Agreement, a true and correct copy of which is attached and incorporated

fully as if set forth herein as Exhibit A).  HDPC does not have any control over the day-to-day operations of Discovery Green, which is wholly operated and managed by the Conservancy[1]. [Docket No. 1, at ¶¶ 61, 65].

3.      Through its operational management of Discovery Green, the Conservancy has promulgated a set of rules and regulations governing its use ("the Rules"). (*See* Park Rules, a true and correct copy of which is attached and incorporated fully as if set forth herein as Exhibit B). These include provisions that prohibit the disruption of the use of Discovery Green by others, using any area of Discovery Green for purposes other than those for which it was designed, and behavior that "reasonably can be expected to disturb others." (*Id.* at Introduction section, page 2; Section 2 – General Rules, page 1, Section 2.1.1; Section 2 – General Rules, page 6, Sections 2.1.42 and 2.1.44).

4.      Plaintiffs allege that Dr. Harsini asked Whitworth and Douglas if they had First Amendment rights, as Dubash was being arrested. [Docket No. 1, at ¶¶ 4, 141]. And in response, he was told the matter was "up to the management."  *Id. at* ¶ 4.  Plaintiffs go on to acknowledge that "the management" refers specifically to the Conservancy. *Id.*  As outlined above, HDPC is not "the management" to which Plaintiffs refer because the Conservancy handled management of the day-to-day operation of Discovery Green.  HDPC was not involved at all in Plaintiffs' protests and did not have knowledge of the allegations at issue until the lawsuit was filed.

## V.
## MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)

### A.      Standard for Rule 12(b)(1) Dismissal

---

[1] HDPC was not involved when Plaintiffs protested at Discovery Green and did not receive notice of any issues associated with those protests until receipt of this lawsuit.

5.      Rule 12(b) (1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction. The party asserting that subject matter exists, here Plaintiffs, must bear the burden of proof by a preponderance of the evidence for a 12(b)(1) motion. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In reviewing a motion under 12(b)(1) the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

6.      A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b) (1) is characterized as either a "facial" attack, i.e., the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, i.e., the facts in the complaint supporting subject matter jurisdiction are questioned. *In re Blue Water Endeavors, LLC, Bankr. Adv.* No. 08-10466, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011), citing *Rodriguez v. Texas Comm'n of Arts*, 992 F.Supp. 876, 878–79 (N.D. Tex. 1998), aff'd, 199 F.3d 279 (5th Cir. 2000).

7.      In a factual attack, the Court may consider any evidence (affidavits, testimony, documents, etc.) submitted by the parties that is relevant to the issue of jurisdiction. *Id.*, citing *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989). Thus, a defendant making a factual attack on a complaint may provide supporting affidavits, testimony, or other admissible evidence. *Paterson*, 644 F.2d at 523. The court's consideration of such matters outside the pleadings does not convert the motion to one for summary judgment under Rule 56(c). *Robinson v. Paulson*, H–06–4083, 2008 WL 4692392 at *10 (S.D. Tex. Oct. 28, 2008). "Unlike in a facial attack where jurisdiction is determined upon the basis of allegations of the complaint, accepted as true[,] when a factual attack is made upon federal jurisdiction, no presumption of truthfulness attaches to the

plaintiffs' jurisdictional allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In a factual attack, the plaintiffs have the burden of proving that federal jurisdiction does in fact exist." *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981). In resolving a factual attack on subject matter jurisdiction under Rule 12(b) (1), the district court, which does not address the merits of the suit, has significant authority " 'to weigh the evidence and satisfy itself as to the existence of its power to hear the case.' " *Robinson*, No. H-06-4083, 2008 WL 4692392, *10 (S.D. Tex. Oct. 22, 2008), citing *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986).

### B.  HDPC's Factual Challenge to Plaintiffs' Complaint

8.      To state a claim for a violation of 42 U.S.C. § 1983, a plaintiff must establish a deprivation of a right secured by the United States Constitution or other federal laws by a person acting under color of state law. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994).

9.      A municipality or governmental unit may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his constitutional rights. *Monell*, 436 U.S. at 690–91, 98 S.Ct. 2018. However, a § 1983 plaintiff must plead specific facts demonstrating a constitutional deprivation and may not merely rest on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).

10.     To state a claim for municipal liability under Section 1983, generally a plaintiff must identify (a) a policy maker, (b) an official policy, and (c) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston* ("Piotrowski II"), 237 F.3d 567, 578 (5th Cir. 2001), citing *Monell*, 436 U.S. at 694, 98 S.Ct. 2018. The Fifth Circuit has defined an official policy for purposes of § 1983 as " '[a] policy statement, ordinance,

regulation or decision that is officially adopted and promulgated by the municipality's law-making officials or by an official to whom the lawmakers have delegated policymaking authority.' " *Okon v. Harris County Hospital District*, 426 Fed.Appx. 312, 316 (5th Cir. May 23, 2011), quoting *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc). Alternatively, a policy may be " 'a persistent widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" *Id.*, citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010), cert. denied, 131 S. Ct. 3059 (2011) ("A pattern of conduct is necessary only when the municipal actors are not policymakers"). "Allegations of an isolated incident are not sufficient to show the existence of a custom or policy." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). "The unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Id.*

11.     Within Plaintiffs' Complaint, four counts relate to HDPC.  The first Count against HDPC is Count 1: "First Amendment Violation – Prohibiting free speech in a traditional public forum." [Docket No. 1 at page 27]. Plaintiffs' Count 5 – "First Amendment Violation – Restricting the Free Exercise of Religion" is also brought against HDPC. [Docket No. 1, at 37].

12.     However, a review of these claims is bereft of any such factual support against HDPC.  The only reference to HDPC in Count 1 is a bare recitation that the City's delegation of rule-making authority to the Conservancy was done through HDPC – nothing more.  There are no other facts supporting this claim.  HDPC is not mentioned specifically in Count 5 at all.

13.     The Complaint goes on to say and the attached Operating Agreement (see Exhibit A) shows that the Conservancy is charged, not only with the development, but the implementation

and enforcement of the Park Rules (see Exhibit B) which form the basis of Plaintiffs' claims. Further, there is no factual support for the violation of Plaintiffs' free speech in Count 1 as to HDPC, or the violation of their freedom of religion in Counts 5.  There are no factual allegations that HDPC is a policy maker, or that HDPC has an official policy which was a "moving force" in the violation of Plaintiffs' constitutional rights. *Piotrowski II*, 237 F.3d at 578. At best, there are only allegations of a few isolated incidents involving Plaintiffs and none relate directly to HDPC, which is also insufficient.  *Fraire*, 957 F.2d at 1278. Thus, Plaintiffs' burden to show that this Court has subject matter jurisdiction over HDPC has failed. Counts 1 and 5 must be dismissed.

14.     A third claim is Count 6 – "Texas Religious Freedom Restoration Act Violation – Restricting the Free Exercise of Religion." [Docket No. 1, at 39]. HDPC is not specifically referenced in this count at all.  While Dubash claims to be a devout follower of a particular form of Hinduism, he fails to state how his religious convictions compel him to show violent videos of animal torture on body-worn television screens at Discovery Green. Dubash's own Declaration expressly states that this method is not a tenet of his religion. *See* Declaration of Daraius Dubash, a true and correct copy of which is attached and incorporated herein as Exhibit C. Dubash claims that his religion teaches that "each person is compelled to spread the truth to others" (Exhibit C, p. 5, ¶ 15), but does not state that any particular methods are required. Rather, Dubash would prefer to use the videos because he believes they are "an especially effective way" to communicate, and are "more effective than limiting my conversations to conversations with people I already know." (Exhibit C, p. 5, ¶ 16). In fact, Dubash asserts that the "most effective" way to "practice [his] faith" is to have "personal interaction and conversations with people" (Exhibit C, p. 6, ¶ 17). Further, Plaintiffs engage in their conduct as part of a secular "animal rights group," not a religious organization. (Exhibit C, p. 6 ¶ 17).

15.     As such, Count 6 must be dismissed.

16.     The fourth count which Plaintiffs bring against HDPC is Count 2 – "First Amendment Violation – Prior Restraint." [Docket No. 1, at 29]. Plaintiffs make slightly more references to HDPC in this Count than in the others. However, a review of this claim indicates it is similarly insufficient to create subject matter jurisdiction.  The allegations against HDPC are mere conclusions without reference to any specific actions or policies of HDPC.  Thus, Count 2 must be dismissed.

17.     Accordingly, Plaintiffs' claims against HDPC lack factual support, the evidence supports the contrary, and thus this Court lacks subject matter jurisdiction.  The claims must be dismissed as to HDPC.

## VI.
## MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

### A.  Standard For Rule 12(b)(6) Dismissal

18.     The Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly does not contain sufficient factual detail, accepted as true, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A claim has 'factual plausibility' when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not shown that the pleader is entitled to relief." *Id.* at 679. "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* It requires more than mere labels and conclusions or formulistic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, ,556 (2007). Referring to general legal

standards or elements of a particular cause of action, without support from substantive facts, does not state a claim. *See Iqbal,* 556 U.S. at 679; *Vulcan Materials Co. v. City of Tehuaacana*, 238 F.3d 382, 387 (5th Cir. 2001).

19.     Therefore, conclusory allegations and factual conclusions will not prevent dismissal under Rule 12(b)(6). *Fernandez-Montes v. Allied Pilot's Ass'n.,* 987 F.2d 278, 284 (5th Cir. 1993). Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory. *Frith v. Guardian Life Ins. Co.,* 9 F.Supp. 734, 737-38 (S.D.Tex. 1998). Dismissal is appropriate when a plaintiff has not alleged enough facts to state a plausible claim on its face or has failed to raise a right to relief above the speculative level. *Twombly,* 500 U.S. at 570. Although facts alleged in a complaint must be accepted as true for purposes of the motion to dismiss, the Court need not accept as true conclusory allegations or unwarranted deductions of fact. *United States ex. rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003); *see also* Fed. R. Civ. P. 12(b)(6). A plaintiff must do more than complain he is entitled to relief; he must also show it. *Shaw v. Villanueva*, 918 F.3d 414, 415 (4th Cir. 2019).

### B. Section 1983 Claims

20.     To state a claim under 42 U.S.C. §1983 generally, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); see also *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).

21.     Factual allegations must be sufficient to support a violation under §1983 or the claims must be dismissed. The Fifth Circuit recently rejected an attempt to assert a claim against the City of Houston on the theory that an agency relationship existed with the alleged tortfeasor, a

city-created housing authority. *See U.S. ex rel. Miniex v. Houston Hous. Auth.*, ___ Fed.Appx. ___, 2023 U.S. App. LEXIS 25226, *8 (5th Cir. Sep. 22, 2023) (unpub. order). The court granted dismissal against the City in part because, assuming an agency relationship existed, the plaintiff "failed to plead facts to make it plausible that HHA was acting with actual authority [from the City] when violating" the applicable law. *Miniex*, at **9-10.

22.     A plaintiff fails to state a Free Exercise claim under §1983 if the policy at issue is a "neutral and generally applicable rule." *Kennedy v. Bremerton Sch. Dist.*, 142 S.Ct. 2407, 2422 (2022). Such a policy is not neutral if it is "specifically directed at religious practice." *Id.* quoting *Employment Div. v. Smith*, 494 U.S. 872, 878 (1990) (internal ellipsis omitted). "A policy can fail this test if it 'discriminates on its face,' or if a religious exercise is otherwise its 'object.'" *Id.* quoting *Church of Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520, 533 (1993) (internal edits omitted).

### C.  Texas Religious Freedom Restoration Act Claims

23.     The Texas Religious Freedom Restoration Act (the "TRFRA") provides that "a government agency may not substantially burden a person's free exercise of religion," unless the "government agency demonstrates that the application of the burden to the person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that interest." TEX. CIV. PRAC. AND REMEDIES CODE §§ 110.003(a) and (b). "Government agency" is defined in the statute as "(A) this state or a municipality or other political subdivision of this state; and (B) any agency of this state or a municipality or other political subdivision of this state, including a department, bureau, board, commission, office, agency, council, or public institution of higher education." Id at § 110.001(a)(2).

24.     "Under TRFRA, the plaintiff bears the initial burden of showing that the government is substantially burdening his free exercise of religion." *Sanchez v. Saghian*, 2009 LEXIS 7944, *24 (Tex App.—Houston [1st Dist.], Oct. 8, 2009, no pet.). The Texas Supreme Court has adopted the analysis articulated in the Fifth Circuit's opinion in *Adkins v. Kaspar*, 393 F.3d 559 (5th Cir. 2004), addressing the federal Religious Land Use and Institutionalized Persons Act ("RLUIPA"), that "a government action or regulation creates a 'substantial burden' on a religious exercise if it truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs." *Barr v. City of Sinton*, 295 S.W.3d 287, 301 (Tex. 2009) (quoting *Adkins*, 393 F.3d at 570). "A governmental action or regulation does not rise to the level of a substantial burden on religious freedom if it 'merely prevents the adherent from either enjoying some benefit that is not otherwise generally available or acting in a way that is not otherwise generally allowed.'" *Hill v. Cruz*, 2006 U.S. Dist. LEXIS 69094, *4 (S.D.Tex. Sep. 26, 2006) (quoting *Adkins*, 393 F.3d at 570); see also *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004) (in context of RLUIPA claim, "a 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise."

## D.     Plaintiffs Fail To State A Claim Upon Which Relief May Be Granted

25.     HDPC incorporates fully, as if set forth herein, Paragraphs 11 through 25.

26.     Plaintiffs' claims against HDPC are the very sort to which Rule 12(b)(6) applies. As HDPC has shown in Paragraphs 11 through 18 above, the four counts which Plaintiffs bring against it are wholly lacking any factual support. The Complaint indicates HDPC is a local governmental corporation [Docket No. 1, at ¶ 2], it owns the land upon which Discovery Green is located [Docket No. 1, ¶¶ 56, 121], and it engaged the Conservancy for the operations and

management of the park [Docket No.1, at ¶ 61]– nothing more.  It is undisputed that it knew nothing about the incidents until it was given notice of this lawsuit.

27.     This, without more, and considering the lack of factual allegations in the four counts as outlined in the Motion to Dismiss under 12(b)(1), demonstrates clearly that Plaintiffs have failed to state a claim upon which relief could be granted.  Simply put, Plaintiffs have not asserted any plausible contentions that the alleged deprivation of constitutional rights was committed by HDPC.  To the contrary, all of Plaintiffs' allegations concern actions taken by the Conservancy, not HDPC and not at the direction of HDPC.

28.     With regard to Plaintiffs' TRFRA claims, there are no plausible allegations that HDPC committed any action against Plaintiffs at all, much less to the level of a substantial burden imposing a significantly great restriction or onus on their religious beliefs and practices, as is required for such a claim.  The TRFRA does not impose a color of state law component.

29.     There are no allegations present in the Complaint that HDPC has made any effort to prevent Plaintiff Dubash from having conversations with people as he claims his faith requires. Therefore, even if the restrictions imposed on Plaintiffs' conduct arguably impacted Dubash's ability to practice his faith, it hardly amounts to a "substantial" burden. Dubash is not claiming that by being prohibited from broadcasting his videos, he is somehow violating the tenets of his religion. Nor does he claim that he is being pressured to "significantly modify his religious behavior." Thus, Plaintiff Dubash fails to show a substantial burden on his religious exercise. Plaintiffs fail to state a claim upon which relief could be granted under the TRFRA.

30.     As to the Free Exercise claim, Plaintiffs fail to state a claim that the alleged policy of which they complain is directed at Hinduism or its believers.  While the policy at issue was neither promulgated, developed, implemented, or enforced by HDPC, nor is there any allegation

*Defendant Houston Downtown Park Corporation's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)*

Page 20

to the contrary, Plaintiffs would still fail in their burden to show a plausible claim exists when the policy at issue is neutral and not directed to the Free Exercise of religion in any way.

31.     Accordingly, all Plaintiffs' claims against HDPC must be dismissed for failure to state a claim under Rule 12(b)(6).

## VII.
## CONCLUSION AND PRAYER

For the foregoing reasons, Defendant, HOUSTON DOWNTOWN PARK CORPORATION, respectfully requests that the Court to dismiss Plaintiffs' Complaint as to HDPC in its entirety with prejudice, enter a judgment that Plaintiffs take nothing by way of their suit against HDPC, sever this action so that it may become final, and award Defendant any other and further relief to which it may be justly entitled by this Court.

Respectfully submitted,

**THORNTON, BIECHLIN,
    REYNOLDS & GUERRA, L.C.**
One International Centre
100 N.E. Loop 410, Suite 500
San Antonio, TX  78216-4741
Telephone:     (210) 581-0294
Facsimile:      (210) 525-0666
Email:  MWallis@thorntonfirm.com
Email:  LMacom@thorntonfirm.com


*/s/ Laura Flores Macom*
MICHAEL H. WALLIS
SBN:  24033426
LAURA FLORES MACOM
SBN:  24002512
**ATTORNEYS FOR DEFENDANT,
HOUSTON DOWNTOWN PARK
CORPORATION**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that he notified Plaintiff's counsel JT Morris of the issues asserted in this motion.  Mr. Morris considered the information but the parties could not agree that a pleading deficiency existed and Plaintiffs declined to re-plead at this time. Thus, the matter is presented to the Court for determination.

/s/ *Laura Flores Macom*
MICHAEL H. WALLIS


## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument has been properly delivered with the Clerk of the Court on this 5TH day of January, 2024 using the CM/ECF system which will send notification of such filing to the following counsel of record:

John Daniel Greil
UNIVERSITY OF TEXAS AT AUSTIN
SCHOOL OF LAW
727 E. Dean Keeton St.
Austin, TX  78705
Email:  john.greil@law.utexas.edu
*Lead Attorney for Plaintiffs*

Steven Timothy Collis
LAW AND RELIGION CLINIC
UNIVERSITY OF TEXAS AT AUSTIN
SCHOOL OF LAW
727 E. Dean Keeton St.
Austin, TX  78705
Email:  steven.collis@law.utexas.edu
*Attorney for Plaintiffs*

JT Morris
FOUNDATION FOR INDIVIDUAL
    RIGHTS AND EXPRESSION
700 Pennsylvania Ave., SE, Ste. 340
Washington, DC 20003
Email:  jt.morris@thefire.org
*Attorney for Plaintiffs*

Gabriel Zane Walters
FOUNDATION FOR INDIVIDUAL
　RIGHTS AND EXPRESSION
700 Pennsylvania Ave., SE, Ste. 340
Washington, DC 20003
Email:  gabe.walters@thefire.org
*Lead Attorney Pro Hac Vice Attorney for Plaintiffs*

Daniel Ortner
FOUNDATION FOR INDIVIDUAL
　RIGHTS AND EXPRESSION
510 Walnut St., Ste. 1250
Philadelphia, PA 191106
Email:  daniel.ortner@thefire.org
*Pro Hac Vice Attorney for Plaintiffs*

Andrew S. Holland
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
909 Fannin St., Ste. 3300
Houston, TX  77010
Email:  andrew.holland@wilsonelser.com
*Attorney for Defendants, Discovery Green Conservancy and Barry Mandel*

*/s/ Laura Flores Macom*
Michael H. Wallis
Laura Flores Macom

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DARAIUS DUBASH **AND** | § | |
| DR. FARAZ HARSINI | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION |
| CITY OF HOUSTON, TEXAS; | § | |
| HOUSTON DOWNTOWN PARK | § | NO.:  4:23-CV-03556 |
| CORPORATION;  OFFICER ROBERT | § | |
| DOUGLAS (#7943), **IN HIS INDIVIDUAL** | § | |
| **CAPACITY; OFFICER VERN** | § | |
| **WHITWORTH (#7595), IN HIS INDIVIDUAL** | § | |
| **CAPACITY; DISCOVERY GREEN** | § | JURY DEMAND REQUESTED |
| **CONSERVANCY F/K/A HOUSTON** | § | |
| **DOWNTOWN PARK CONSERVANCY,** | § | |
| **AND BARRY MANDEL, IN HIS INDIVIDUAL** | § | |
| **CAPACITY** | | |

## <u>APPENDIX</u>

Exhibit A     Operating Agreement

Exhibit B     Park Rules

Exhibit C     Declaration of Daraius Dubash