IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DARAIUS DUBASH, and DR. FARAZ HARSINI** § § § | | |
| **Plaintiffs,** § § | | CIVIL ACTION CASE NO. 4:23-cv-03556 |
| v. § § | | |
| **CITY OF HOUSTON, TEXAS; HOUSTON DOWNTOWN PARK CORPORATION; OFFICER ROBERT DOUGLAS (# 7943), in his Individual capacity; OFFICER VERN WHITWORTH (# 7595), in his individual capacity; DISCOVERY GREEN CONSERVANCY f/k/a HOUSTON DOWNTOWN PARK CONSERVANCY; and BARRY MANDEL, in his individual capacity,** § § § § § § § § § § § § § § | | |
| **Defendants.** § | | |

**PARTIALLY OPPOSED MOTION BY DEFENDANTS CITY OF HOUSTON, TEXAS, OFFICER ROBERT DOUGLAS, AND OFFICER VERN WHITWORTH, FOR AN ORDER STAYING DISCOVERY UNTIL THE COURT DECIDES QUESTIONS OF QUALIFIED IMMUNITY**

Defendants City of Houston, Texas, Officer Robert Douglas, and Officer Vern Whitworth ("the City Defendants") file this motion for an order staying all discovery from Officer Douglas and Officer Whitworth, and all discovery from any of the City Defendants relative to the claims against the Officers, or to any claims asserting liability under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). This would include, among other things, discovery from the City Defendants related to the arrest itself, the City's training and hiring practices concerning police officers, and the officers' employment history, disciplinary history, or background.

As reflected in the Certification at the end of the motion papers, Defendant Houston Downtown Park Corporation is not opposed to this motion, and Plaintiffs are not opposed to this

1

motion as to discovery from the Officers themselves, but they *are* opposed to the motion to the extent it seeks to stay discovery from the City. The City Defendants respectfully request that the Court grant their motion in its entirety.

### I. BACKGROUND

1. This action involves allegations by Plaintiffs that Defendants violated certain rights under the United States Constitution, and the Texas Religious Freedom Restoration Act (found generally at TEX. CIV. PRAC. & REM. CODE § 110.001, *et seq.*). *See* Docket No. 1.

2. There are multiple categories of relief sought in the Complaint, consisting, generally, of claims (a) against the City, Discovery Green Conservancy ("the Conservancy"), Barry Mandel, and the Houston Downtown Park Corporation, alleging that they have prohibited Plaintiffs from exercising their freedom of expression guarantee by the First Amendment, and related state and federal liberties; (b) against Officer Douglas and Officer Whitworth for wrongfully arresting Plaintiff Dubash as based on motivating grounds that violate the First Amendment; and (c) against the City for the Officers' alleged actions pursuant to a *Monell* theory.

3. Briefly, this claims stem from allegations that on multiple occasions, Plaintiffs engaged in demonstrations at Discovery Green whereby they publicly displayed footage of cruelty against animals to passersby. Plaintiffs were advised to either stop showing the violent footage or to move to the nearby public sidewalk where they could continue to show their violent videos. On the final occasion, when they refused to leave, the Conservancy informed the Officers that Plaintiffs were trespassing, ultimately resulting in Plaintiff Dubash's arrest. Plaintiffs allege that Officers Douglas and Whitworth were involved in this arrest, and that it violated Dubash's constitutional rights.

4.      Defendants have all moved to dismiss the Complaint pursuant to FED.R.CIV.P. 12(b)(6). While the City Defendants along with the Conservancy and Mr. Mandel have sought relief under this Rule because the Complaint fails to plead a claim, they also seek the dismissal of the claims brought against Officer Douglas and Officer Whitworth on the basis those individuals are entitled to qualified immunity.

5.      As discussed below, legal authority from the Supreme Court and the Fifth Circuit is clear that because qualified immunity protects defendants not only from liability but also from the litigation process itself, the Officers are entitled to stay discovery pending a determination on their Rule 12(b)(6) motion. Recent Fifth Circuit precedent also supports the conclusion that discovery from the City related to the officers' potential liability as well as any *Monell* claim against the City based on the officers' actions, should likewise be stayed.

## II.     ARGUMENT

6.      While a defendant's assertion of immunity is pending, courts should not allow **any** discovery to take place. *Ashcroft v. Iqbal*, 556 U.S. 662, 684-86 (2009) (recognizing "serious and legitimate reasons" for the basic thrust of qualified immunity—to free government officials from the concerns of litigation, including disruptive discovery, and noting that permitting discovery to proceed as to other defendants would prejudice defendants who have asserted qualified immunity); *Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) for the proposition that discovery should not be allowed until the threshold question of qualified immunity is resolved); *Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012) ("Because the defendants raised qualified immunity, [plaintiff] was not entitled to proceed with discovery."); *Hinojosa v. Johnson*, 277 Fed. App'x 370, 374 (5th Cir. 2008) ("The qualified immunity doctrine 'affords government officials not just immunity from liability, but immunity from suit,' including the burdens of discovery.")

(quoting *Vander Zee v. Reno*, 73 F.3d 1365, 1368 [5th Cir. 1996]); *Thayer v. Adams*, 364 Fed. App'x. 883, 891-892 (5th Cir. 2010) ("a defendant who invokes qualified immunity 'is entitled to dismissal before the commencement of discovery' if the plaintiff's assertions fail to 'state a claim of violation of clearly established law.'") (citations omitted); *see also Chavis v. Borden*, 621 Fed. App'x 283, 289-90 (5th Cir. 2015) ("even limited discovery on the issue of qualified immunity must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity") (emphasis in original, citation omitted).

7. While a motion to dismiss based on qualified immunity is pending, a plaintiff "is not entitled to discovery, cabined or otherwise." *Iqbal,* 556 U.S. at 685-86. The immunity defense should be resolved at the earliest stages. *Schultea v. Wood,* 47 F.3d 1427, 1430 (5th Cir. 1995).

8. Consistent with Supreme Court decisions, the Fifth Circuit on June 17, 2022, clarified that a district court must rule on a defendant's qualified immunity assertion raised by a motion to dismiss ***before*** proceeding with discovery. *Carswell v. Camp*, 37 F.4th 1062, 1067 (5th Cir. 2022).

9. In *Carswell*, the Fifth Circuit held that the district court abused its discretion by entering a standard scheduling order and requiring the defendants to assert their qualified immunity defenses by way of an answer to the Plaintiff's allegations. *Id.* at 1066, 1067. The Court emphasized:

> When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery—"cabined or otherwise"—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense. Ibid. **"The rule is that 'a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation'—full stop."**

*Id.* at 1067 (citations omitted, emphasis added).

10. Overruling prior decisions permitting limited or "narrowly tailored" discovery pursuant to a "careful procedure," the Fifth Circuit now has made clear "the rule admits of no

4

exceptions."[1]  Moreover, the Court extended its rulings to discovery regarding related claims against a municipality that are not entitled to the qualified immunity defense.  *Id.* at 1067.

11. In short, *Carswell* held that the benefits of qualified immunity, which include not having to file an answer or engage in pretrial discovery,[2] must be preserved while qualified immunity is adjudicated at the earliest possible opportunity:

> All this gives short shrift to the requirement that qualified immunity must be adjudicated at the earliest possible opportunity. *See Ramirez,* 3 F.4th at 133. "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell*, 472 U.S. at 526 (emphasis added).  The Supreme Court has repeatedly made clear that "the driving force" behind qualified immunity is "a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery," and it has "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson*, 555 U.S. at 231-32 (emphasis added).

*Carswell*, 37 F.4th at 1067 (citing *Ramirez v. Guadarrama*, 3 F.4th 129, 133 [5th Cir. 2021]) (per curiam), *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985), *Pearson v. Callahan*, 555 U.S. 223, 237 (2009)).

The Defendant Officers have asserted qualified immunity in the City Defendants' motions to dismiss. (See Doc. No. 44). The motion is the earliest possible opportunity for this Court to resolve the immunity question.  *Carswell*, 37 F.4th at 1067.  Thus, discovery should be stayed pending the Court's consideration of the Officers' motions to dismiss.

### III. A STAY SPECIFICALLY AS TO THE CITY OF HOUSTON IS PROPER

12. Plaintiffs have advised that will oppose this motion insofar as it seeks to stay discovery from the City of Houston. However, the stay as sought against the City is appropriate. Initially, the City Defendants do not seek to stay discovery to the extent Plaintiffs seek it as it

---

[1] *Id.* at 1066 ("Call it "careful," or call it "narrow"; either way, today we call *Lion Boulos* and its progeny overruled.").

[2] "Qualified immunity means more than just immunity from liability.  It includes immunity from the burdens of defending a suit and the burdens of pretrial discovery." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d at 993.

pertains to their claims related to the non-City defendants. As discussed, Plaintiffs assert a theory of liability against the City based on its purported interests in Discovery Green, and its relationship with Discovery Green Conservancy. The City Defendants are not asking the Court to stay discovery from the City as to those issues.

13. As for the claims against the Officers, there is ample basis to stay such discovery from the City. Primarily, *Carswell* holds that "[t]he Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer must survive the motion to dismiss (and the qualified immunity defense) *without any* discovery." *Carswell*, 37 F.4th at 1066 (emphasis in original). *Carswell* does not differentiate the source from which or whom such discovery is obtained. Thus, by its clear holding, *Carswell* contemplates postponing *all* discovery related to claims against officials asserting qualified immunity until that question is resolved.

14. *Carswell*'s holding in this regard makes sense. As this Court observed in *Estate of Brown v. Ogletree*, 2011 U.S. Dist. LEXIS 167402 (S.D.Tex. Sep. 13, 2011), "[l]imiting discovery for all defendants before ruling on any pending motions to dismiss may be appropriate in cases where some, but not all, defendants have asserted qualified immunity." *Brown*, at *6. The Court in *Brown* cited the observation aptly stated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), that "[i]t is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their positions. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery." *Brown*, at *6 (quoting *Iqbal*, 556 U.S. at 685-86).

15. The reasoning from *Iqbal* cited in *Brown* rings true here. Plaintiffs have served Requests for Production upon the City (**Exhibit A**) that explore the Officers' employment history

and background, the rationale behind, and justification for, Plaintiff Dubash's arrest, complaints, internal investigations, or disciplinary actions against the Officers, and whether or not they were properly trained or instructed during the course of their job (see, *e.g.*, Exhibit A, RFP Nos. 11, 12, 15, 16, 17, 21, 25, 35, 36). These topics are clearly matters in which the Officers have a critical interest in ensuring the litigation proceeds in a manner that is not "misleading or slanted." Thus, if discovery proceeds as to the City, the Officers must nevertheless participate and remain actively involved in order to ensure their own interests are protected.

16. Further, as has been recognized, the protection from discovery contemplated by a discovery stay is founded, at least in part, on the fact that it is "costly, time-consuming, and *intrusive.*" *Carswell*, 37 F.4th at 1065 (emphasis added). There is no doubt that certain discovery related to the Officers' actions here—for instance, documents found in their employment files, disciplinary files, investigation documents, etc.—would be easily characterized as "intrusive," even if they are obtained from a source other than the Officers, themselves.

17. Likewise, discovery related to the *Monell* claims should be stayed. Much of this discovery will overlap with discovery related to the individual capacity claims. because even to the extent those claims differ from direct liability claims, they would necessarily have the potential of resulting in two rounds of discovery, thereby "turn[ing] qualified immunity on its head by doubling the 'heavy costs' of litigation." *Carswell*, 37 F.4th at 1068 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 685 [2009]). As observed in *Carswell*, parsing between individual capacity claims and those on behalf of the municipality require one to be "particularly careful" responding to the discovery in the official capacity context. *Id.* While *Carswell* specifically concerned discovery from the officers, themselves, the same rationale applies where, as here, the officers have an interest in the discovery being provided by the co-defendant.

18. Lastly, this Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). The language in *Petrus*, like other cases cited, would support staying *all* discovery in the case, even on matters unrelated to the question of qualified immunity. The City Defendants are not asking for such a broad stay because, again, discovery related to the City's relationship with the management of Discovery Green is entirely unrelated to the actions of the officers. Because the discovery the City Defendants seek to stay relates to the limited topic of the actions by two individual officers whose' qualified immunity arguments are pending before the Court, discovery should be stayed.

## IV.   CONCLUSION AND PRAYER

8. For the foregoing reasons, The City Defendants respectfully request that the Court stay all discovery from Officers Whitworth and Douglas, and stay all discovery from the City pertaining to the claims against the Officers, or to any claims asserting liability under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

Respectfully submitted,

s/ Andrew S. Holland
**Andrew S. Holland**
State Bar No. 24134330
Andrew.holland@wilsonelser.com
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
909 Fannin St., Suite 3300
Houston, TX 77010
713-353-2000 tel
713-785-7780 fax

**Attorneys for Defendants City of Houston, Texas, Officer Robert Douglas (#7943), Officer Vern Whitworth (#7595), Discovery Green Conservancy, and Barry Mandel**

CERTIFICATE OF CONFERENCE

I, Andrew S. Holland, certify that on February 2, 2024, and today, February 5, 2024, I emailed counsel for the parties inquiring as to whether they would be opposed to this motion. Counsel for the Downtown Park Corporation is not opposed to the motion. Counsel for Plaintiffs is not opposed to a stay on seeking discovery from Officers Douglas and Whitworth while their qualified immunity argument on the motion to dismiss is pending. Counsel for Plaintiffs is opposed to the stay being requested as to the City of Houston, Texas.

s/ Andrew S. Holland
ANDREW S. HOLLAND

CERTIFICATE OF SERVICE

I, Andrew S. Holland, certify that today, February 5, 2024, I filed the within joint motion for a briefing schedule with CM/ECF, for filing and service upon all attorneys who have appeared.

s/ Andrew S. Holland
ANDREW S. HOLLAND

292654106v.1