IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARAIUS DUBASH, and | ) | |
| | ) | |
| DR. FARAZ HARSINI | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | CASE NO. 23-3556 |
| | ) | |
| CITY OF HOUSTON, TEXAS; | ) | |
| | ) | |
| HOUSTON DOWNTOWN PARK CORPORATION; | ) | |
| | ) | |
| OFFICER ROBERT DOUGLAS (# 7943), in his individual capacity; | ) | |
| | ) | |
| OFFICER VERN WHITWORTH (# 7595), in his individual capacity; | ) | |
| | ) | |
| DISCOVERY GREEN CONSERVANCY f/k/a HOUSTON DOWNTOWN PARK CONSERVANCY; | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BARRY MANDEL, in his individual capacity. | ) | |
| | ) | |
| *Defendants* | | |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Daraius Dubash and Dr. Faraz Harsini hereby request that Defendant City of Houston produce for inspection and copying the Documents set forth below that are in its possession, custody, or control, or in the possession, custody, or control of its attorneys, employees, agents, and any other person(s) acting on its behalf, and that Defendant serve a written response to each request for production within

30 days from service of these requests, stating, with respect to each item or category, that inspection, copying, testing, or sampling will be permitted as requested, unless the request is objected to, in which event the reasons for any objection shall be stated.

## DEFINITIONS

For the purposes of these Requests for Production ("RFP" or the "Requests"), the following definitions shall apply:

1. "Defendant," "You,", "Your" and "the City" means Defendant City of Houston and each of its executives, departments, managers, assistants, boards, councils, clerks, commissions, affiliates, agents, officers, directors, board members, representatives, consultants, employees, and other persons or entities acting or purporting to act on its behalf.

2. "Plaintiffs" means Daraius Dubash and Dr. Faraz Harsini.

3. "Document" or "Documents" means any "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations" as defined under Federal Rule of Civil Procedure 34(a)(1)(A). "Document" or "Documents" shall further mean, without limitation, the following: correspondence, papers, agreements, licenses, minutes, computer discs and glossaries, memoranda, reports, notes, diaries, interoffice and/or intraoffice corporate communications, business chat messages (e.g., Skype for business, Microsoft Teams, etc.), telegrams, telex communications, books, letters, ledgers, photographs, pictures, drawings, sketches, computer-stored data, internal and external electronic mail, text messages, computer generated data, webpages, electronic posts, social media entries, computer diskettes, spreadsheets, summaries, electronic files, blueprints, analytical data, data sheets, motion pictures, publications, catalog sheets or addenda, price lists, instructions, maintenance records, worksheets, time charts, time records, advertisements, brochures, pamphlets, recordings (tapes,

disks, belt, or any other type), invoices, work assignments, work records, shipping tickets or bills, samples, models, prototypes, devices, or any other written, printed, and/or typewritten matter.

4. "Communications" means either written or verbal exchanges between any individuals or entities, including but not limited to emails, business chat messages (e.g., Skype for business, Microsoft Teams, Slack, etc.), electronic calendar invites, electronic documents, text messages, electronic data in any form, conversations, telephone calls, letters, memoranda, reports, notes, exhibits, drawings, and any Documents which constitute, confirm, or relate to such Communications. Communications "between" any individual or entity and any other individual or entity includes Communications going in either direction or both directions between such individuals or entities.

5. "The Park" means and refers to Discovery Green in Houston, Texas.

6. "The Conservancy" means and refers to Discovery Green Conservancy f/k/a Houston Downtown Park Conservancy.

8. "Person" means a natural person, firm, organization, partnership, association, corporation, joint venture, or other form of legal entity, including all agents, officers, directors, employees, attorneys, representatives, or anyone else acting or purporting to act on behalf thereof.

## INSTRUCTIONS

1. The words "and" and "or" shall be construed both conjunctively and disjunctively.

2. The singular form of words shall include the plural and vice versa.

3. In responding to the Requests, You are required to make a diligent search of all

Documents and information in Your possession or available to You or Your representatives. If You are unable to respond in full to these Requests, please: (i) respond to the extent possible, (ii) state specifically the reason for Your inability to respond to the remainder, and (iii) identify any Persons who might have additional Documents or Communications that are responsive to the Request

4. The Documents You produce must be produced in the condition in which they were maintained in the usual course of business, in the file folders, binders, boxes, or other containers in which they were discovered. All titles, markings, notations, labels, or other descriptions on the Documents or document containers are to be included with the appropriate Documents.

5. If any Documents are withheld under the claim of privilege or work product, You are required to identify each such Document and state the specific basis for the claim of privilege for each Document withheld by providing the following information: (a) the subject matter of the Document; (b) the title, heading, subject line, or caption of the Document, if any; (c) identifying number(s), letter(s) or combination thereof; (d) the date appearing on the document or if no date appears thereon, the date or approximate date on which the document was prepared; (e) a description of the general nature of the document (e.g., whether it is a letter, memorandum, email, telephone log, etc.) and the number of pages it entails; (f) the identity of the Person who signed the document and if it was not signed, the identity of the Person who prepared it; (g) the identity of each Person to whom the document was addressed and the identity of each Person to whom a copy was sent; and (h) the identity of each Person who has custody of a copy of each document.

6. If responsive material is not privileged but raises privacy concerns, it must be produced subject to a confidentiality agreement that Plaintiffs' counsel will work with Defendant's counsel to put in place or have the Court enter as an order.

7. In the event any Document called for by the Requests has been destroyed, lost, discarded, or otherwise disposed of, when You respond to the Requests, each such Document must be identified as completely as possible, and You must provide at a minimum the following information with respect to each such Document to the extent known: (a) the date of disposal, loss, discarding, or destruction; (b) the manner of disposal, loss, discarding, or destruction; (c) the reason for disposal, discarding, or destruction; (d) the Person authorizing disposal, discarding, or destruction; (e) the Person disposing of, discarding, or destroying each such Document; (f) the subject matter, author, and recipients of the document; (g) the date the document was created; and (h) all communications related to the destruction of the document.

8. Each Request made herein shall be construed to include any supplemental Documents responsive to the Request that are later discovered by You or otherwise come into Your possession, custody, or control.

9. For emails and all other electronically stored information (ESI), You should produce those documents with (i) image and data load files in Concordance or similar format and (ii) in PDF format. To the extent reasonably possible, You must ensure that all ESI produced are searchable with Optical Character Recognition (OCR), readable, with metadata intact. For ESI that does not translate readily to images or PDF (like audiovisual data, spreadsheets, and databases), You may produce those in native format.

10. ESI must be produced with sufficient information to permit identification of the source of the media or data. At a minimum, this information must include the name or identity

of the server or computer system from which the information was copied or the backup was produced.

11. If you believe any of the requested requirements for production of ESI exceed the parties' agreement in the Joint Discovery Case Management Plan Under Rule 26(f) or are not proportional to the needs of this case, you must raise the issue promptly and state the form you intend to use under Fed. R. Civ. P. 30(d) so Plaintiffs' counsel can discuss alternative production options with you. Plaintiffs will deem a failure to raise any such issues promptly as a waiver of any objection.

12. Unless otherwise specified, each Request seeks Documents or Communications from November 13, 2018 to the present.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Documents and Communications related to the funding You provide to or receive from any source, including without limitation Discovery Green Conservancy or Houston Downtown Park Corporation, including through or as a result of any agreement to operate Discovery Green, and including communications related to increasing, reducing, or maintaining such funding.

**REQUEST FOR PRODUCTION NO. 2:** Documents and Communications referring to Discovery Green as a public park, or listing or including Discovery Green as a public park, city park, or municipal park.

**REQUEST FOR PRODUCTION NO. 3:** Documents and Communications related to the processes for establishing and modifying rules and regulations concerning the public's use of the Park, including the respective roles of the Conservancy, the City, and the Houston Downtown Park Corporation.

**REQUEST FOR PRODUCTION NO. 4:** Documents and Communications related to City policies, rules, memos, or guidance regulating speech, expressive conduct, or religious exercise in public parks.

**REQUEST FOR PRODUCTION NO. 5:** Documents and Communications related to City policies, rules, memos, or guidance regulating speech, expressive conduct, or religious exercise in Discovery Green park. This includes policies, rules, memos, or guidance from the Park's creation until present.

**REQUEST FOR PRODUCTION NO. 6:** Documents and Communications related to City policies, rules, memos, or guidance regulating the use of television screens and similar methods of displaying content in Discovery Green park. This includes policies, rules, memos, or guidance from the Park's creation until present.

**REQUEST FOR PRODUCTION NO. 7:** Documents and Communications related to City policies, rules, regulations, or guidance for determining whether speech or conduct is "inappropriate" or "offensive" in a public park or any other public setting.

**REQUEST FOR PRODUCTION NO. 8:** Documents and Communications related to any incident where a person or group was arrested, trespassed, denied a permit, removed, or asked to leave Discovery Green or other public park in Houston because their speech or expressive activity was deemed "inappropriate" or "offensive."

**REQUEST FOR PRODUCTION NO. 9:** Documents and Communications related to any incident where a person or group was arrested, trespassed, denied a permit, removed, or asked to leave Discovery Green or other public park in Houston because of the content of or message conveyed by their speech or expressive activity.

**REQUEST FOR PRODUCTION NO. 10:** Documents and Communications related to the creation, implementation, modification, and execution of policies concerning speech, expressive conduct, protest, and religious exercise in public parks and in Discovery Green park.

**REQUEST FOR PRODUCTION NO. 11:** Documents and Communications related to any standards, instructions, or training the City provided to City police officers, or security personnel, for regulating speech, expressive conduct, or religious exercise in public parks.

**REQUEST FOR PRODUCTION NO. 12:** Documents and Communications related to any standards, instructions, or training the City provided to the Conservancy, City police officers, or security personnel, for regulating speech, expressive conduct, or religious exercise at Discovery Green park.

**REQUEST FOR PRODUCTION NO. 13:** Documents and Communications related to any decision by You, the Houston Downtown Park Corporation, or Discovery Green Conservancy, to monitor, regulate, forbid, or punish speech, expressive conduct, or religious exercise in the Park.

**REQUEST FOR PRODUCTION NO. 14:** Documents and Communications related to animal rights protests, demonstrations, or events at the Park, including those held by Anonymous for the Voiceless, PETA, or other organizations or individuals.

**REQUEST FOR PRODUCTION NO. 15:** Documents and Communications related to the incidents alleged in the complaint on November 13, 2021; April 16, 2022; June 18, 2022; and July 23, 2022, including audio and video recordings, including all recordings in your possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16:** Documents and Communications related to any internal, administrative or disciplinary investigation, meeting or hearings related to the incidents alleged in the complaint.

**REQUEST FOR PRODUCTION NO. 17:** Documents and Communications that discuss or evaluate any person's job performance that mention or relate to the incidents alleged in the complaint.

**REQUEST FOR PRODUCTION NO. 18:** Documents and Communications that discuss this litigation, or the possibility for litigation arising out of the incidents alleged in the complaint, including Mr. Dubash's notice letter dated May 12, 2022, excluding communications to or from an attorney requesting or providing legal advice.

**REQUEST FOR PRODUCTION NO. 19:** All documents you relied on to answer or assert a defense to the complaint in this lawsuit.

**REQUEST FOR PRODUCTION NO. 20:** Copies of any witness statements you have obtained relating to the incidents alleged in this lawsuit.

**REQUEST FOR PRODUCTION NO. 21:** Documents and Communications related to the role of Houston police officers in enforcing City or Park rules and regulations concerning the public's use of the Park.

**REQUEST FOR PRODUCTION NO. 22:** Documents and Communications related to requests to the City to hold protests, demonstrations, educational events, or religious practice in Discovery Green and other public parks in Houston.

**REQUEST FOR PRODUCTION NO. 23:** Documents and Communications related to requests to the City to hold artistic, political, and similar expressive events or displays in Discovery Green and other public parks in Houston.

**REQUEST FOR PRODUCTION NO. 24:** Documents and Communications related to the City's and its officials' role in facilitating, planning, contributing to, preventing, or cancelling

demonstrations, educational events, religious practice, or other expressive activity at or near Discovery Green park.

**REQUEST FOR PRODUCTION NO. 25:** Documents and Communications related to any complaints or reports, whether formal or informal, made by any person or organization alleging that You or Your officers, employees, staff, or personnel, violated any person's speech or religious rights in a public park or public street.

**REQUEST FOR PRODUCTION NO. 26:** Any agreements between You and Houston Downtown Park Corporation or the Conservancy related to Discovery Green or the operation of any park.

**REQUEST FOR PRODUCTION NO. 27:** Communications to or from You about the Conservancy's involvement in regulating or permitting speech, expressive conduct, and religious exercise at Discovery Green park.

**REQUEST FOR PRODUCTION NO. 28:** Communications between You and the Conservancy about the Conservancy's involvement in regulating or permitting speech, expressive conduct, and religious exercise at Discovery Green park.

**REQUEST FOR PRODUCTION NO. 29:** Communications between You and Barry Mandel about his involvement in regulating or permitting speech, expressive conduct, and religious exercise at Discovery Green park.

**REQUEST FOR PRODUCTION NO. 30:** Documents and Communications related to your evaluation or review of the Conservancy's operation of the Park.

**REQUEST FOR PRODUCTION NO. 31:** Documents and Communications sufficient to describe the process for funding, creating, and establishing Discovery Green park.

**REQUEST FOR PRODUCTION NO. 32:** Documents and Communications sufficient to describe the reasons for involving the Conservancy in the operation of Discovery Green park.

**REQUEST FOR PRODUCTION NO. 33:** Documents and Communications concerning Your oversight of, control of, or input into the Conservancy's operation of Discovery Green park.

**REQUEST FOR PRODUCTION NO. 34:** Communications to or from You about Daraius Dubash or Faraz Harsini.

**REQUEST FOR PRODUCTION NO. 35:** Documents contained in the personnel files of Houston police officers Vern Whitworth and Robert Douglas.

**REQUEST FOR PRODUCTION NO. 36:** Documents and Communications related to formal or informal complaints, internal investigations, advising, or disciplinary or corrective action taken against Houston police officers Vern Whitworth or officer Robert Douglas.

**REQUEST FOR PRODUCTION NO. 37:** Documents and Communications related to religious services, religiously motivated activity, religious events, or services or events held by religious organizations in the Park.

**REQUEST FOR PRODUCTION NO. 38:** Documents that relate to any insurance coverage or policy relevant to this lawsuit.

**REQUEST FOR PRODUCTION NO. 39:** Any documents and communications that You intend to use to support or oppose any motion, at any deposition, or at trial.

Dated: December 21, 2023                    Respectfully submitted,

/s/ John Greil
John Greil (TX 24110856)
Steven T. Collis (TX 24122632)
Law and Religion Clinic
University of Texas School of Law
727 E. Dean Keaton St.

        Austin, TX 78705
        (512) 475-9090
        John.greil@law.utexas.edu
        Steven.collis@law.utexas.edu

        JT Morris (TX 24094444)
        Gabe Walters (admitted pro hac vice)
        Foundation for Individual Rights and Expression
        (215) 717-3473
        700 Pennsylvania Ave., SE
        Suite 340
        Washington, DC 20003
        jt.morris@thefire.org
        gabe.walters@thefire.org

        Daniel Ortner (admitted pro hac vice)
        Foundation for Individual Rights and Expression
        (215) 717-3473
        510 Walnut St.
        Suite 1250
        Philadelphia, PA 19106
        daniel.ortner@thefire.org

        **Attorneys for Plaintiffs**

# CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2023, I served this document by email to:

Andrew S. Holland
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
andrew.holland@wilsonelser.com

                /s/ John Greil
                John Greil