**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DARAIUS DUBASH AND | § | |
| DR. FARAZ HARSINI | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION |
| CITY OF HOUSTON, TEXAS; | § | |
| HOUSTON DOWNTOWN PARK | § | NO.:  4:23-CV-03556 |
| CORPORATION; OFFICER ROBERT | § | |
| DOUGLAS (#7943), IN HIS INDIVIDUAL | § | |
| CAPACITY; OFFICER VERN WHITWORTH | § | |
| (#7595), IN HIS INDIVIDUAL CAPACITY; | § | |
| DISCOVERY GREEN CONSERVANCY | § | JURY DEMAND REQUESTED |
| F/K/A HOUSTON DOWNTOWN PARK | § | |
| CONSERVANCY, AND BARRY MANDEL, | § | |
| IN HIS INDIVIDUAL CAPACITY | § | |

**DEFENDANT HOUSTON DOWNTOWN PARK CORPORATION'S
REPLY TO PLAINTIFFFS' RESPONSE TO MOTION TO DISMISS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)**

---

## **TABLE OF CONTENTS**

Page
**TABLE OF CONTENTS** ................................................................................................................ 2
**TABLE OF AUTHORITIES** ................................................................ **Error! Bookmark not defined.**
**DEFENDANT HOUSTON DOWNTOWN PARK CORPORATION'S  REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS  PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)** ............................................................................................ 4
  **I. REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)** ................................................................................................................................. 4
  **II. REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)** ................................................................................................................................. 5
    **A. Plaintiffs fail to state a claim for their §1983 First Amendment causes of action against HDPC.** ...................................................................................................................... 5
    **B. Plaintiff Dubash fails to state a claim for his Texas Religious Freedom Restoration Act claims against HDPC**. ............................................................................................... 9
  **III. CONCLUSION AND PRAYER** ............................................................................................ 10
**CERTIFICATE OF SERVICE** ....................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) ............................................................................. 8

*Forsyth Cty. v. Nationalist Movement*, 505 U.S. 123 (1992) ............................................................ 8

*In re Blue Water Endeavors, LLC, Bankr. Adv.* No. 08-10466, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011) ................................................................................................................................. 5

*Irwin v. Veterans Admin.*, 874 F.2d 1092 (5th Cir. 1989) ................................................................ 5

*Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) ..................... 5

*Norwood v. Harrison,* 413 U.S. 455 (1973) ..................................................................................... 7

*Residents Against Flooding v. Reinvestment Zone Number Seventeen*, 260 F.Supp.3d 738 (S.D. Tex., 2017) ..................................................................................................................................... 5

*Rodriguez v. Texas Comm'n of Arts*, 992 F.Supp. 876 (N.D. Tex. 1998), aff'd, 199 F.3d 279 (5th Cir. 2000) ........................................................................................................................................ 5

*Shaw v. Villanueva*, 918 F.3 414 (4th Cir. 2019) .............................................................................. 8

*U.S. ex rel. Miniex v. Houston Hous. Auth.*, ___ Fed.Appx. ___, 2023 U.S. App. LEXIS 25226, *9-10, (5th Cir. Sep. 22, 2023) ....................................................................................................... 7

**Statutes**

TEX. TRANS. CODE §431.101(a); ..................................................................................................... 5

TEX. TRANS. CODE §431.108(a) ...................................................................................................... 4

TEX. TRANS. CODE §431.108(b) ...................................................................................................... 4

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ........................................................................................ 4

Federal Rule of Civil Procedure 12(b)(6) ........................................................................................ 4

**DEFENDANT HOUSTON DOWNTOWN PARK CORPORATION'S
REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW, HOUSTON DOWNTOWN PARK CORPORATION (hereinafter "HDPC"), a Defendant in the above-entitled and numbered cause, and files this its Reply to Plaintiffs' Response [Docket No. 53] to Motion to Dismiss [Docket No. 46] Plaintiffs' Complaint [Docket No. 1] as to HDPC, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In further support of its Motion, Defendant respectfully shows the Court as follows:

**I.
REPLY TO PLAINTIFFS' RESPONSE TO
MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)**

1. Plaintiffs erroneously contend that *Monell* does not apply to HDPC. However, the undisputed evidence before this Court demonstrates that it does. In their Complaint, Plaintiffs explicitly state that HDPC was incorporated as a local government corporation. *See* Plaintiffs' Complaint, at ¶2 [Docket No 1, at 2]. This specific type of incorporation is also referenced expressly in the Operating Agreement cited by HDPC in its motion, without objection. *See* Exhibit A to Defendant HDPC's Motion to Dismiss, at 5 [Docket No. 46-1]. Plaintiffs also attached HDPC's Articles of Incorporation to their Memorandum in Support of Preliminary Injunction. *See* Exhibit A to Plaintiffs' Memorandum [Docket 15-1, at 2].

2. A local government corporation is a governmental unit. TEX. TRANS. CODE §431.108(a). The operations of a local government corporation are governmental, not proprietary, functions. TEX. TRANS. CODE §431.108(b). A local government corporation may be created to aid and act on behalf of one or more local governments to accomplish any governmental purpose of

those local governments. TEX. TRANS. CODE §431.101(a); *see also Residents Against Flooding v. Reinvestment Zone Number Seventeen*, 260 F.Supp.3d 738 (S.D. Tex., 2017).

3.   As the Court is well aware, *Monell* applies not only to municipalities but also to municipal corporations, which the Supreme Court held to be governmental units. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978).

4.   Generally however, Plaintiffs wholly fail to address HDPC's Motion to Dismiss for subject matter jurisdiction under Rule 12(b)(1) in any meaningful way. The Rule 12(b)(1) factual challenge standard does not require HDPC to argue Article III standing, justiciability, or colorability of federal question claims, as Plaintiffs suggest. Response, at 1. [Docket No. 53, at 11]. The issue of subject matter jurisdiction is not narrowed by the Motion to Dismiss at all, it was missed entirely by Plaintiffs. *Id.* The standard assigns the burden of proof on subject matter jurisdiction to Plaintiffs and Plaintiffs alone; such burden requires Plaintiffs to allege sufficient facts showing this Court has subject matter jurisdiction over the claims which Plaintiffs bring against HDPC specifically. *See In re Blue Water Endeavors, LLC, Bankr. Adv.* No. 08-10466, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011), citing *Rodriguez v. Texas Comm'n of Arts*, 992 F.Supp. 876, 878–79 (N.D. Tex. 1998), aff'd, 199 F.3d 279 (5th Cir. 2000) and *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989). Yet, Plaintiffs' Response can point us to no factual allegations in the Complaint which meet their burden.

5.   Therefore, HDPC's Motion to Dismiss under Rule 12(b)(1) must be granted.

## II.
## REPLY TO PLAINTIFFS' RESPONSE TO
## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

**A. Plaintiffs fail to state a claim for their §1983 First Amendment causes of action against HDPC.**

6. HDPC is not remotely "dodging" the applicability of the Constitution in a public park. HDPC is, however, holding Plaintiffs to the constitutional procedures attendant to bringing a §1983 suit.

7. Much as with the Complaint itself, Plaintiffs' Response makes few, if any, references to HDPC at all. This simply underscores the insufficient, meager nature of the factual allegations against HDPC. They can be summarized as follows:

- Plaintiffs agree that HDPC owns the land upon which Discovery Green sits and that HDPC engaged the Conservancy for the management and operations of the Park. Response, at 6 [Docket No. 53, at 16]; Response, at 7 [Docket No. 53, at 17].

- Plaintiffs agree the HDPC is a local government corporation which was formed by the City of Houston "to aid and act on behalf of the City to accomplish the City's governmental purposes [to operate and maintain a new public park]." HDPC fulfilled this purpose by engaging the Conservancy to operate and maintain the Park, including developing rules and regulations regarding use of the Park. Response, at 3 [Docket No. 53, at 13]; Response, at 6 [Docket No. 53, at 16].

- Plaintiffs assert HDPC was given written notice under the Texas Religious Freedom Restoration Act of Plaintiff Dubash's claims but HDPC did not respond. Response, at 5 [Docket No.53, at 15].

8. None of these give rise to a §1983 cause of action for a First Amendment violation.

9. Yet, Plaintiffs allege that the HDPC, along with the City and the Conservancy, "stifled" their constitutionally-protected expression and Dubash's religious freedom. Response, at 5 [Docket No. 53, at 15]. But they do not provide any facts which support this allegation as to HDPC. They merely proffer conclusory, global statements combining defendants, and asserting

general principles of First Amendment law. Interestingly, Plaintiffs raise legal arguments throughout the Response more appropriate to a summary judgment response, but rarely if ever do they point to facts contained in the Complaint which refer to, or support, any allegations against HDPC.

10. For example, Plaintiffs contend HDPC is liable for the Conservancy's "constitutional violations," but the remainder of the argument cites to a portion of the Complaint which refers solely to the City. Response, at 7 [Docket No. 53, at 17] (citing Complaint, at ¶64). A similar occurrence is noted in Count 3, which is only listed as being brought against the City. Complaint, at ¶¶ 205-217. In the Response, however, Plaintiffs attempt to use it to show (ostensibly) facts against HDPC. Response, at 8 [Docket No. 53, at 18]. In a third example, they cite a proposition indicating, "The government 'may not induce, encourage or promote private persons to accomplish what it is constitutionally forbidden to accomplish.' " Response, at 7 [Docket No. 53, at 17] (citing *Norwood v. Harrison,* 413 U.S. 455, 465 (1973)). This is a legally accurate statement, but there are no facts from the pleadings asserting HDPC engaged in this type of behavior.

11. Even assuming HDPC could be held responsible for the actions of the Conservancy, which HDPC denies, Plaintiffs are still required to plead facts making it plausible that the Conservancy was acting with actual authority from HDPC. *U.S. ex rel. Miniex v. Houston Hous. Auth.*, ___ Fed.Appx. ___, 2023 U.S. App. LEXIS 25226, *9-10, (5th Cir. Sep. 22, 2023) (unpub. order). However, the Operating Agreement requires the Conservancy to comply with all applicable laws and to establish reasonable rules that do not discriminate against anyone in violation of any such laws. *See* Exhibit A to Defendant HDPC's Motion to Dismiss, at 5 [Docket No. 46-1].

12. Turning to Count 1 (First Amendment Violation of Free Speech), the Response does not address HDPC's motion at all.

13. As to Count 2 (First Amendment Violation of Prior Restraint), Plaintiffs' Response first identifies three paragraphs in the Complaint to show HDPC imposed a prior restraint upon them - ¶¶ 133, 141, and 190. Response, at 13 [Docket No. 53, at 23]. Paragraphs 133 and 141 do not mention HDPC at all and – again – underscore the continued references to "management" which is undisputedly the Conservancy.

14. Paragraph 190 states:

> "Because the City of Houston and Houston Downtown Park Corporation have willfully delegated decisions concerning expressive activity in a public park to the unfettered discretion of Discovery Green Conservancy, they have "encourag[ed] some views and discourag[ed] others through the arbitrary application" of Discovery Green Conservancy's subjective preferences, including that which it deems "acceptable" or "offensive." *Forsyth Cty. v. Nationalist Movement*, 505 U.S. 123, 133 (1992)."

Complaint, at ¶190 [Docket No. 1, at 30-31]. This is the very type of "mere label and conclusions or formulistic recitation of the elements of a cause of action" which cannot survive a Rule 12(b)(6) challenge without substantive facts to support it. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007). Notably, the Complaint itself contradictorily demonstrates the Conservancy does not have unfettered discretion. *See* Exhibit A to Defendant HDPC's Motion to Dismiss, at 5 [Docket No. 46-1]. Rather it has reasonable rules regarding the Park's usage without any deference to arbitrariness or subjective preferences. *See* Exhibit A to Co-Defendants' Motion to Dismiss. [Docket No. 44-1]. Additionally, there are no facts describing how HDPC encouraged some views and discouraged others. This allegation is a prime example of complaining of entitlement to relief rather than showing it, which is what is required by Rule 12(b)(6). *Shaw v. Villanueva*, 918 F.3 414, 415 (4th Cir. 2019).

15. The remainder of Plaintiffs' argument on Count 2 provide merits-based analysis of their position on prior restraint without addressing the very point brought up by HDPC; the pleading lacks sufficient facts upon which to base a claim for which relief can be granted against HDPC.

16. Finally, with regard to Count 5 (First Amendment Violation for Free Exercise of Religion), Plaintiff Dubash's claims similarly fail. There are no factual allegations in the Complaint supporting his claim that HDPC placed a substantial burden on the exercise of his Hinduism or participated in any limitations to his free exercise of religion at all. Once again, there is no mention of HDPC in the pleadings citations Plaintiff Dubash references in his Response.

17. Thus, Plaintiffs, having been given the opportunity to demonstrate how they meet the Rule 12(b)(6) pleadings standard by way of their Response, fail to do so. Plaintiffs must do more than complain they are entitled to relief from HDPC, they must show it. *Shaw*, 918 F.3d at 415. Instead they engage in a merit-based recitation of the caselaw they believe support their positions, as their pleadings offer insufficient support for their causes of action against HDPC. Therefore, HDPC's Motion to Dismiss Plaintiffs' §1983 claims must be granted.

**B. Plaintiff Dubash fails to state a claim for his Texas Religious Freedom Restoration Act claims against HDPC.**

18. Similarly, Plaintiff Dubash's Response fails to identify sufficient facts in the Complaint to support any TRFRA claim against HDPC. Plaintiff Dubash identifies three examples of factual allegations in the Complaint ostensibly supporting his claim. First, he notes he was arrested. Response, at 35 [Docket 53, at 45](citing Complaint, at ¶3). However, HDPC did not arrest him for exercising his religion or for any other reason at all, nor did it participate in the arrest in any way, nor does the allegation even refer to HDPC specifically. Second, he references the provisions of the Notice Letter sent to the City. Response, at 35 [Docket 53, at 45](citing

Complaint, at ¶158). The letter was delivered after the incidents made the basis of this suit and does not support any action on the part of HDPC which infringed upon Dubash's religion expression. Finally, the Response cites to Paragraphs 250-252 of the Complaint which describe in turn, Dubash's beliefs about effective ways to "spread *ahimsa*," concludes that Defendants (globally) have issued restrictions which place a substantial burden on the practice of Dubash's religion, and finally that Dubash gave notice to Defendants pursuant to the TRFRA. Response, at 35-36 [Docket 53, at 45-46](citing Complaint, at ¶¶ 250-252). Nothing in these paragraphs provides adequate support for a claim against HDPC.

19. Plaintiff Dubash continues to engage in a merits-based argument much more akin to the summary judgment stage than one under the Rule 12(b)(6) standard. For example, instead of identifying specific facts to show how HDPC violated his freedom of religion, he argues that "Defendants [globally] bear the burden to proving these actions were 'in furtherance of a compelling governmental interest." Response, at 36 [Docket No. 53, at 46]. While true, this is an inappropriate argument to make at this stage, as is his strict scrutiny analysis. Prior to HDPC taking on this burden or the debate over which scrutiny applies to his TRFRA claim, Plaintiff Dubash is required to set forth non-conclusory, plausible facts showing he is entitled to relief from HDPC specifically. However, he fails to do so.

20. Therefore, HDPC's Motion to Dismiss Plaintiff Dubash's TRFRA claims must be granted.

### III.
### CONCLUSION AND PRAYER

For the foregoing reasons, Defendant, HOUSTON DOWNTOWN PARK CORPORATION, respectfully requests that the Court dismiss Plaintiffs' Complaint as to HDPC in its entirety with prejudice, enter a judgment that Plaintiffs take nothing by way of their suit

against HDPC, sever this action so that it may become final, and award Defendant any other and further relief to which it may be justly entitled by this Court.

                        Respectfully submitted,

                        **THORNTON, BIECHLIN,**
                              **REYNOLDS & GUERRA, L.C.**
One International Centre
100 N.E. Loop 410, Suite 500
San Antonio, TX  78216-4741
Telephone:      (210) 581-0294
Facsimile:       (210) 525-0666
Email:  MWallis@thorntonfirm.com
Email:  LMacom@thorntonfirm.com

*/s/ Laura Flores Macom*
MICHAEL H. WALLIS
SBN:  24033426
LAURA FLORES MACOM
SBN:  24002512
**ATTORNEYS FOR DEFENDANT, HOUSTON DOWNTOWN PARK CORPORATION**

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument has been properly delivered with the Clerk of the Court on this 19TH day of February, 2024 using the CM/ECF system which will send notification of such filing to the following counsel of record:

John Daniel Greil
UNIVERSITY OF TEXAS AT AUSTIN
SCHOOL OF LAW
727 E. Dean Keeton St.
Austin, TX  78705
Email:  john.greil@law.utexas.edu
*Lead Attorney for Plaintiffs*

Steven Timothy Collis
LAW AND RELIGION CLINIC
UNIVERSITY OF TEXAS AT AUSTIN
SCHOOL OF LAW
727 E. Dean Keeton St.
Austin, TX  78705
Email:  steven.collis@law.utexas.edu
*Attorney for Plaintiffs*

JT Morris
FOUNDATION FOR INDIVIDUAL
    RIGHTS AND EXPRESSION
700 Pennsylvania Ave., SE, Ste. 340
Washington, DC 20003
Email:  jt.morris@thefire.org
*Attorney for Plaintiffs*

Gabriel Zane Walters
FOUNDATION FOR INDIVIDUAL
    RIGHTS AND EXPRESSION
700 Pennsylvania Ave., SE, Ste. 340
Washington, DC 20003
Email:  gabe.walters@thefire.org
*Lead Attorney Pro Hac Vice Attorney for Plaintiffs*

Daniel Ortner
FOUNDATION FOR INDIVIDUAL
    RIGHTS AND EXPRESSION
510 Walnut St., Ste. 1250
Philadelphia, PA 191106
Email:  daniel.ortner@thefire.org
*Pro Hac Vice Attorney for Plaintiffs*

Andrew S. Holland
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
909 Fannin St., Ste. 3300
Houston, TX  77010
Email:  andrew.holland@wilsonelser.com
*Attorney for Defendants, Discovery Green Conservancy and Barry Mandel*

       */s/ Laura Flores Macom*
       Michael H. Wallis
       Laura Flores Macom