**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

DARAIUS DUBASH and

DR. FARAZ HARSINI,

*Plaintiffs*,

v.

CITY OF HOUSTON, TEXAS;

HOUSTON DOWNTOWN PARK CORPORATION;

OFFICER ROBERT DOUGLAS (# 7943), in his individual capacity;

OFFICER VERN WHITWORTH (# 7595), in his individual capacity;

DISCOVERY GREEN CONSERVANCY f/k/a HOUSTON DOWNTOWN PARK CONSERVANCY; and

BARRY MANDEL, in his individual capacity.

*Defendants*.

CASE NO. 4:23-cv-03556

**PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF HOUSTON'S MOTION TO STAY DISCOVERY**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ iii

INTRODUCTION ........ 1

FACTUAL BACKGROUND ........ 1

I. Plaintiffs' Claims Include Several Distinct Theories of Liability. ........ 1

II. The City Proposes an Overly Broad Stay. ........ 3

LEGAL ARGUMENT ........ 3

I. The City Fails to Present Any Evidence That Responding to Discovery Would Prejudice the Officer Defendants. ........ 5

II. None of the Cases that the City Relies on Supports its Request for a Stay Absent Evidence that Discovery Would Prejudice or Burden the Officer Defendants ........ 7

III. The City Improperly Seeks to Halt Discovery into Claims Unrelated to the Officer Defendants. ........ 9

CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Cases**

*Alice L. v. Dusek*,
492 F.3d 563 (5th Cir. 2007) ....................5, 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................4, 6

*Backe v. LeBlanc*,
691 F.3d 645 (5th Cir. 2012) ....................4, 5

*Behrens v. Pelletier*,
516 U.S. 299 (1996) ....................9

*Carswell v Camp*,
54 F.4th 407 (5th Cir. 2022) ....................*passim*

*Davis v. U.S. Marshals Serv.*,
849 Fed. Appx. 80 (5th Cir. 2021) ....................4

*Dollar v. Long Mfg., N.C., Inc.*,
561 F.2d 613 (5th Cir. 1977) ....................4

*Estate of Brown v. Ogletree*,
No. 11–cv–1491, 2011 U.S. Dist. LEXIS 167402 (S.D. Tex. Sep. 13, 2011) ....................8

*Hickman v. Taylor*,
329 U.S. 495 (1947) ....................4

*Lion Boulos v. Wilson*,
834 F.2d 504 (5th Cir. 1987) ....................8

*Monell v. Dept. of Social Services*,
436 U.S. 658 (1978) ....................*passim*

*Powers v. Ohio*,
499 U.S. 400 (1991) ....................8

Under L.R. 7.3, Plaintiffs Daraius Dubash and Dr. Faraz Harsini respectfully submit this Opposition to Defendant City of Houston's Motion to Stay Discovery (ECF No. 54).

## INTRODUCTION

Defendant City of Houston seeks an overly broad discovery stay merely because two of its police officers assert qualified immunity. Plaintiffs do not oppose staying discovery directed at Officers Robert Douglas and Vern Whitworth ("the Officer Defendants"). Mot. Stay at p. 1. But Plaintiffs do object to the City's request to stay all discovery related to either (1) the Officer Defendants or (2) Plaintiffs' claims under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Id.*

The City cannot invoke qualified immunity. So to justify a stay based on the Officer Defendants' qualified immunity defense, the City must show evidence that producing the requested documents would burden or prejudice the Officer Defendants. The City has failed to meet that burden. Just because some responsive documents might *relate* to the Officers does not excuse the City from providing those documents related to Plaintiffs' wholly distinct claims against the City, like Plaintiffs' *Monell* claims

The City's proposed stay is excessively broad, misreads controlling precedent, and unnecessarily delays adjudication. Indeed, if such stay requests became the norm, it would unnecessarily grind to a halt civil rights litigation brought against an officer and a municipality based on legally distinct theories of liability. Therefore, the Court should deny the City's request for a stay.

## FACTUAL BACKGROUND

### I. Plaintiffs' Claims Include Several Distinct Theories of Liability.

Plaintiffs allege the City of Houston, its police officers, the Houston Downtown Park Corporation, and Discovery Green Conservancy are censoring Plaintiffs' peaceful animal-rights

advocacy in a public park in downtown Houston—and that they arrested Plaintiff Darius Dubash for it. Compl. ¶¶ 1-8, ECF No. 1. Plaintiffs bring eight claims against Defendants. Only two of them are individual capacity claims against the Officer Defendants (Counts Four and Seven).[1]

Plaintiffs include the City in the remaining six claims—and name the City alone in two other claims. Count Three, a *Monell* claims, alleges that the constitutional violation resulted from the City adopting the unconstitutional policies, practices, or customs; unlawfully delegating decision-making to the Conservancy; and failing to provide adequate First Amendment training. *Id.* ¶¶ 205–17. Count Eight alleges the City unlawfully delegated the core legislative function of rulemaking for a public space to the Conservancy contrary to the Texas Constitution. *Id.* ¶¶ 272–79. Plaintiffs argue that the City delegated final rulemaking authority to the Conservancy, a private contractor, while failing to meaningful constrain how the Conservancy was to exercise that delegated authority. *Id.* ¶ 64. As a result, the City empowered the Conservancy to enact a viewpoint-based prior restraint barring Plaintiffs from speaking because it deemed Plaintiffs' protected advocacy "offensive." *Id.* ¶ 173.

These two exclusive claims against the City are legally and analytically distinct from the other claims in this case. They focus on the broad delegation of authority from the City to the Conservancy and the City's failure to train officers of the Conservancy to properly protect the First Amendment freedoms of visitors to Discovery Green.

Plaintiffs' four other claims name the City, the Houston Downtown Park Corporation, and the Conservancy, but not the Officer Defendants. (Counts One, Two, Five, and Six).[2] These

[1] Count Four alleges that the Officer Defendants (as well as the former president of the conservancy) violated Plaintiffs' First Amendment rights by excluding them from speaking, arresting Dubash, and retaliating against their protected expression. *Id.* ¶¶ 218–38. Count Seven alleges that the Officer Defendants falsely arrested and unconstitutionally seized Mr. Dubash. *Id.* ¶¶ 259–271.

[2] Plaintiffs allege that Defendants (1) unconstitutionally prohibit free speech in a traditional public forum, *id.* ¶¶ 169–83 (Count One); (2) unconstitutionally impose a prior restraint on speech in a traditional public forum, *id.* ¶¶ 184–204 (Count Two); (3) Mr. Dubash's free exercise of religion by prohibiting his religiously motivated speech,

claims concern Defendants' restrictions on Plaintiffs' speech and Mr. Dubash's religious exercise and are likewise distinct from the individual capacity claims against the Officer Defendants.

**II. The City Proposes an Overly Broad Stay.**

On December 21, 2023, Plaintiffs served the Defendants requests for production. Pl. RFPs, ECF No. 54-1. Plaintiffs included requests about the development of free speech policies in Discovery Green, First Amendment training that the City conducted, and incident report, personnel files, and other documents related to Plaintiffs' interactions at Discovery Green. *Id.*

On February 5, 2024, the City and the Officer Defendants moved for a stay. The Officer Defendants request a stay "of all discovery from Officer Douglas and Officer Whitworth." Mot. Stay at p. 1. Plaintiffs do not oppose this request, given the Fifth Circuit's decision in *Carswell v. Camp*.

The City correctly recognizes its obligation to respond to most of Plaintiffs' requests for production. *See* Mot. Stay at ¶ 12 ("The City Defendants are not asking the Court to stay discovery from the City" with regard to the City's interest in Discovery Green or its relationship with the Conservancy).Yet the City denies any need to respond to any discovery that may merely relate to Officers—including discovery related to Plaintiffs' distinct claims for *Monell* liability—until this Court resolves the Officer Defendants' motion to dismiss. *See* Mot. Stay at ¶ 15. Specifically, the City seeks to prohibit discovery on "the officers' employment history, disciplinary history, or background" or "the City's training and hiring practices concerning police officers." *Id.*

**LEGAL ARGUMENT**

The City is not entitled to the broad stay of discovery it seeks, and has not met its burden

---

*id.* ¶¶ 239-48 (Count Five); (4) violate the Texas Religious Freedom Restoration Act for similar reasons, *id.* ¶¶ 249–71 (Count Six).

to show otherwise. Federal Courts apply a "broad and liberal treatment" to discovery. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Davis v. U.S. Marshals Serv.*, 849 Fed. Appx. 80, 86 (5th Cir. 2021). Indeed, the federal rules are based on the belief that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman*, 329 U.S. at 507; *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977).

Officers invoking qualified immunity are entitled to a stay in discovery. And Plaintiffs acknowledge that this Court "may not permit discovery *against the immunity-asserting defendants* before it rules on their defense" *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022) (emphasis added). But the purpose of this stay is to "to protect public officials," not as a get-out-of-discovery-free card for municipal defendants. *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Specifically, qualified immunity protects officers from having "to participate in the process to ensure the case does not develop in a misleading or slanted way." *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). Discovery may proceed to the extent "the case does not develop in a misleading or slanted way that causes prejudice to" the defendants asserting qualified immunity. *Id.*

The City cannot assert qualified immunity. Still, it tries to evade discovery specific to Plaintiffs' claims other than the two involving the Officer Defendants. It cannot do so for three reasons. First, a stay of discovery is only appropriate when there is evidence that complying with discovery will prejudice or burden the immunity seeking Defendants. But the City has not shown and cannot show that complying with discovery would prejudice or burden the Officer Defendants. Second, none of the cases that the City relies on support the automatic extension of a stay to nonparties when such a stay is not necessary to prevent prejudice. Finally, the City improperly attempts to prevent discovery into Plaintiffs' "legally distinct" claims, like its *Monell* and unlawful delegation claims, that are not subject to an immunity defense. *Alice L. v. Dusek*, 492 F.3d 563,

565 (5th Cir. 2007).

## I. The City Fails to Present Any Evidence That Responding to Discovery Would Prejudice the Officer Defendants.

A stay of discovery is only appropriate when discovery would impose a burden on the immunity seeking defendants or prejudice them in some way. *See Backe*, 691 F.3d at 648. Indeed, that is the thrust of the Fifth Circuit's reasoning in *Carswell*. 54 F.4th at 311–12. But here, the City has failed to provide any evidence that the discovery it wants to stay would burden or prejudice it or the Officer Defendants.

For instance, discovery related to the general arrest data, or department-wide training and supervision protocols, does not burden or prejudice the Officer Defendants in any way. And even the requests that concern the personnel files or arrest records of the Officer Defendants impose no prejudice or discovery burden since these documents are in the custody and control of the City. Even more so, many of the requests the City seeks to stay are completely independent of the actions of the Officer Defendants. For instance:

- **RFP 11:** Documents and Communications related to any standards, instructions, or training the City provided to City police officers, or security personnel, for regulating speech, expressive conduct, or religious exercise in public parks.
- **RFP 12:** Documents and Communications related to any standards, instructions, or training the City provided to the Conservancy, City police officers, or security personnel, for regulating speech, expressive conduct, or religious exercise at Discovery Green park.
- **RFP 21:** Documents and Communications related to the role of Houston police officers in enforcing City or Park rules and regulations concerning the public's use of the Park.

- **RFP 25:** Documents and Communications related to any complaints or reports, whether formal or informal, made by any person or organization alleging that You or Your officers, employees, staff, or personnel, violated any person's speech or religious rights in a public park or public street.

Pl. RFPs, ECF No. 54-1.

Not only are those categories wholly unrelated to the specific Officers, but they are basic public records. The City has no basis for refusing to produce these documents. This case is not like *Iqbal*, where Attorney General Ashcroft was alleged to be "the 'principal architect' of [the] invidious policy." *Iqbal*, 556 U.S. at 680. Here, Plaintiffs do not allege the Officers created the policies, and Plaintiffs solely seek to hold them liable for their own actions (not agency practices or policies). Thus, the Officer Defendants face no prejudice from Plaintiffs collecting general information on policymaking, training, and other agency-wide practices from the City at large.

Other requests may have some connection to the Officer Defendants:

- **RFP 15:** Documents and Communications related to the incidents alleged in the complaint on November 13, 2021; April 16, 2022; June 18; 2022; and July 23, 2022, including audio and video recordings, including all recordings in your possession, custody or control.
- **RFP 16:** Documents and Communications related to any internal, administrative or disciplinary investigation, meeting or hearings related to the incidents alleged in the complaint.
- **RFP 17:** Documents and Communications that discuss or evaluate any person's job performance that mention or relate to the incidents alleged in the complaint.
- **RFP 35:** Documents contained in the personnel files of Houston police officers

Vern Whitworth and Robert Douglas

- **RFP 36:** Documents and Communications related to formal or informal complaints, internal investigations, advising, or disciplinary or corrective action taken against Houston police officers Vern Whitworth or officer Robert Douglas.

Pl. RFPs, ECF No. 54-1.

But the City has not shown how complying with these requests for documents that are in its custody or control would "provide a backdoor for plaintiffs to circumvent the *defendant's immunity from suit*," "develop [the case] in a misleading or slanted way that causes prejudice," or even be "minimally intrusive" on "the immunity-asserting defendants*"* *Carswell*, 54 F.4th at 311–12 (quoting *Iqbal*, 556 U.S. at 685–86). Again, the City can produce emails and similar documents of disciplinary proceedings involving the officers without their participation and without causing them any prejudice or burden.

If the City were able to point to specific ways that collecting and producing these documents—again, mostly public records—would burden or prejudice officers to participate, then perhaps it could satisfy its burden for a stay. But the City has failed to do so, and therefore the Court should refuse the City's request for a stay of discovery.

## II. None of the Cases that the City Relies on Supports its Request for a Stay Absent Evidence that Discovery Would Prejudice or Burden the Officer Defendants

The City argues that cases like *Carswell* entitle it to an automatic stay of discovery. But those cases—*Carswell* included—do not support the broad stay the City demands. Starting with *Carswell,* the facts here are nothing like that case. There, the district court's scheduling order permitted the plaintiff to depose *eight* of the qualified-immunity-asserting defendants. 54 F.4th at 309. The district court erred, the Fifth Circuit reasoned, by "deferr[ing] its ruling on qualified immunity and subject[ing] the *immunity-asserting defendants* to discovery in the meantime." *Id.*

at 311 (emphasis added). The teaching of *Carswell* is that you cannot force an officer to sit for a *Monell* deposition, and then call him back for a second deposition after his claim of qualified immunity is resolved. But Plaintiffs do not seek to depose the officers at all now, let alone to force them to sit for two depositions in bifurcated discovery.

And nothing in *Carswell*'s text or logic would permit a municipal defendant to entirely withhold discovery pending the immunity-asserting defendants' motion to dismiss for qualified immunity. *Carswell* is concerned with "the immunity-asserting defendants." 54 F.4th at 311; *id.* at 313 ("[A] *defendant pleading qualified immunity* is entitled to dismissal before the commencement of discovery." (citation omitted and emphasis altered)). It is *not* concerned with a municipality, which does not even have standing to assert the qualified-immunity rights of third parties. *See generally Powers v. Ohio*, 499 U.S. 400, 410 (1991).

More troublingly, the City relies on language from the *withdrawn* June 2022 *Carswell* opinion, 37 F.4th 1062, which the Fifth Circuit vacated when it replaced the opinion in November 2022, 54 F.4th 307. The City describes *Carswell* as "[o]verruling prior decisions" and "ma[king] clear 'the rule admits of no exceptions.'" Mot. Stay at ¶ 10 (quoting *Carswell*, 37 F.4th at 1066). That quote from the withdrawn opinion was specifically removed from the final *Carswell* opinion, as was the statement that the panel was overruling *Lion Boulos v. Wilson*, 834 F.2d 504, 506 (5th Cir. 1987).

Similarly in *Brown*, the plaintiff sued several qualified-immunity-asserting local officials. *Estate of Brown v. Ogletree*, No. 11–cv–1491, 2011 U.S. Dist. LEXIS 167402, at *3-4 (S.D. Tex. Sep. 13, 2011). In addition to those defendants, the plaintiffs sued the president of a school district in his official capacity, which implicated the school district as a defendant. *Id.* at *1, n. 2. In response to the defendants' qualified-immunity-based motions to dismiss and motion to stay

discovery, the plaintiffs still sought "limited discovery on the qualified immunity issue" that would have required each of the qualified-immunity-asserting defendants to participate. *Id.* at *8. This Court held that discovery from the school district was impermissible because the plaintiffs failed to provide "a reason for requesting discovery from [the school district] or a method of proceeding with this discovery that adequately protects *the defendants asserting qualified immunity*." *Id.* (emphasis added). By contrast, the discovery requests in question here are directed at the City on issues other than qualified immunity, and the City may comply with the requests and produce documents in its custody or control without imposing any prejudicial burden on the Officer Defendants.

## III. The City Improperly Seeks to Halt Discovery into Claims Unrelated to the Officer Defendants.

The City further stretches immunity beyond its breaking point by asking the Court to halt discovery not only into claims involving the Officer Defendants but *all* "discovery related to the *Monell* claims." Mot. Stay at ¶ 17. That makes little sense. The "right to immunity is a right to immunity from certain claims, not from litigation in general." *Behrens v. Pelletier*, 516 U.S. 299, 312 (1996). This means that qualified immunity only extends to the claims that may be subject to immunity and not to "claims [that] are legally distinct" even if there is some factual overlap between them. *Dusek*, 492 F.3d at 565. Plaintiffs' *Monell* claims against the City are "legally distinct" and primarily concern the City's failure to provide adequate guidance, training, and supervision to the Conservancy. Many of Plaintiffs' production requests to the City relate to institutionalized procedures and patterns of violations of First Amendment rights by the City, issues at the heart of Plaintiffs' *Monell* claims. Therefore, Plaintiffs *Monell*-related discovery against the City should not be subject to a qualified immunity related stay.

**CONCLUSION**

The City asks for an overly broad bar on discovery without meeting its burden to halt the discovery process. Plaintiffs respectfully request that the motion to stay discovery be denied with respect to the City.

Dated: February 26, 2024

Respectfully submitted,

/s/ John Greil

John Greil (TX 24110856)
Steven T. Collis (TX 24122632)
Law and Religion Clinic
University of Texas School of Law
727 E. Dean Keaton St.
Austin, TX 78705
(512) 475-9090
john.greil@law.utexas.edu
steven.collis@law.utexas.edu

JT Morris (TX 24094444)
Gabe Walters*
Zachary Silver*
Foundation for Individual Rights and Expression
(215) 717-3473
700 Pennsylvania Ave., Suite 340
Washington, D.C. 20003
jt.morris@thefire.org
gabe.walters@thefire.org

Daniel Ortner*
Foundation for Individual Rights and Expression
510 Walnut St., Suite 900
Philadelphia, PA 19106
daniel.ortner@thefire.org

* *Admitted pro hac vice*

**Attorneys for Plaintiffs**
**Daraius Dubash and**
**Dr. Faraz Harsini**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2024, I electronically filed the foregoing Plaintiffs' Opposition To Defendant City Of Houston, Texas's Motion To Stay Discovery with the Clerk of the United States District Court for the Southern District of Texas using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ John Greil
John Greil