IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DARAIUS DUBASH, and DR. FARAZ HARSINI** | § § § | |
| **Plaintiffs,** | § § | CIVIL ACTION |
| | § | CASE NO. 4:23-cv-03556 |
| **v.** | § § | |
| **CITY OF HOUSTON, TEXAS; HOUSTON DOWNTOWN PARK CORPORATION; OFFICER ROBERT DOUGLAS (# 7943), in his Individual capacity; OFFICER VERN WHITWORTH (# 7595), in his individual capacity; DISCOVERY GREEN CONSERVANCY f/k/a HOUSTON DOWNTOWN PARK CONSERVANCY; and BARRY MANDEL, in his individual capacity,** | § § § § § § § § § § § § | |
| **Defendants.** | § | |

**DEFENDANTS CITY OF HOUSTON, TEXAS, OFFICER ROBERT DOUGLAS, AND OFFICER VERN WHITWORTH'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER STAYING DISCOVERY UNTIL THE COURT DECIDES QUESTIONS OF QUALIFIED IMMUNITY (Doc. No. 61)**

Defendants City of Houston, Texas ("the City"), Officer Robert Douglas, and Officer Vern Whitworth (collectively, "the City Defendants") file this Reply to Plaintiffs' Opposition to the City Defendants' motion for an order staying all discovery from Officer Douglas and Officer Whitworth, and all discovery from any of the City Defendants relative to the claims against the Officers, or to any claims asserting liability under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

1

**ISSUES TO BE RULED UPON AND SUMMARY OF ARGUMENT**

The City Defendants seek a stay of discovery related to any claims which are the subject of Officer Douglas and Officer Whitworth's pending motion to dismiss on qualified immunity grounds. Plaintiffs' arguments in opposition lack merit. Briefly, the City Defendants' request is not overbroad because they only seek to stay discovery related to the Officers' actions, as well as training, discipline, and investigations that could implicate qualified immunity. Further, Plaintiffs' claim that the City Defendants bear a burden of producing evidence of prejudice or undue burden on the officers is baseless because no such requirement can be found in the case authority.

**ARGUMENT**

**A.     The City Defendants' Request For A Stay is Not Overbroad.**

Plaintiffs contend that the City's request for a stay of discovery seeks a "get-out-of-discovery-free card" in order to "evade discovery specific to Plaintiffs' claims other than the two involving the Officer Defendants" (Pl. Opp., p. 4). This claim ignores the very clear limitations (which Plaintiff's opposition papers *acknowledge* elsewhere [see Pl. Opp., p. 3]), that the City Defendants have placed on their request. The City Defendants are not seeking a stay of discovery related to Plaintiffs' claims that the City had any involvement in policies or practices implemented by Discovery Green Conservancy ("the Conservancy"). Rather, this motion pertains solely to discovery that implicates the Officers' qualified immunity defense here.

Plaintiffs identify, for instance, certain requests for documents related to training the City provides its officers concerning enforcing rules or regulations in parks and in Discovery Green (Pl. Opp., p. 5). Yet, these items directly implicate Officer Douglas and Officer Whitworth because the type of training the City provides its officers is related to a qualified immunity defense insofar as whether an officer received certain training could reflect whether the officer should have known

2

that conduct violated a clearly established constitutional right. *See*, *e.g.*, *Timpa v. Dillard*, 20 F.4th 1020, 1039 (5th Cir. 2021) (in appeal from summary judgment on qualified immunity grounds, Fifth Circuit found issue of fact on bystander liability claim where "[e]ach Officer was trained" in use of force protocol once suspect is placed under arrest, and made aware of risks of holding arrestee in prone restraint position). As the City Defendants have argued, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), stands for the premise that an officer may need to participate in "discovery as to the other parties" in order to "ensure the case does not develop on a misleading or slanted way that causes prejudice to their positions." *Iqbal*, 556 U.S. at 685-86. Here, the assertion of a qualified immunity defense will require the Officers to become involved in discovery pertaining to training they have received in order to preserve their interests through discovery.

**B.    The City Need Not Show Prejudice or "Burden" To the Officers.**

Plaintiffs argue that the City Defendants have not met a burden to demonstrate prejudice or "burden" upon the Officers. (Pl. Opp., p. 7). Plaintiffs' argument lacks merit. First, the City Defendants' motion is not based on any requests being unduly burdensome. While that may be an appropriate ground upon which to object to discovery in other contexts, objection to the scope of discovery is not the subject of this motion. Nor is there a need to present "evidence" of prejudice. Indeed, the need to do so is contrary to the axiom that qualified immunity protects officials not only from judgment, but also "from the concerns of litigation." *See Iqbal*, 556 U.S. at 685. Plaintiffs cite to no authority suggesting that where qualified immunity is asserted, a defendant bears an evidentiary burden of proving that the certain discovery would implicate that immunity. Plaintiffs cite to *Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012), for their premise. However, *Backe* makes no such finding. To the contrary, it views the Supreme Court as having "emphatically

3

directed" that qualified immunity is "'immunity from suit rather than a mere defense to liability.'" *Backe*, 691 F.3d at 648 (quoting *Pearson v. Callahan*, 555 U.S. 223, 237 [2009]).

Plaintiffs contend that certain requests the City Defendants identified in their motion "are completely independent of the actions of the Officer Defendants," because they are "basic public records." (Pl. Opp., pp. 5-6). Yet, these requests, seeking documents and standards related to training to officers, and documents concerning complaints, directly relate to the claims asserted against the Officers, for the reasons stated above. Plaintiffs likewise claim that discovery should not be stayed as to discovery that they concede "may have some connection to the Officer Defendants," including discovery directly concerning the alleged incidents, investigations of the Officers, the Officers' job performance, their personnel files, and discipline concerning the Officers. (Pl. Opp., pp. 6-7). Plaintiffs apparently believe that the City's production of these materials does not implicate the Officers' interest in participating in discovery. Specifically, they suggest that the City must identify how "collecting and producing" such documents "would burden or prejudice officers to participate." (Pl. Opp., p. 7). Once again, Plaintiffs disregard the underlying rationale behind qualified immunity as including the avoidance of participating in litigation. This was argued at length in the City Defendants' chief motion papers. (Doc. No. 54, pp. 6-7, ¶¶ 14-16). Needless to say, the Officers have a vested interest in ensuring their interests are heard and protected if the City produces documents that directly implicate the Officers' qualified immunity defense, including those related to the events here.

Lastly, Plaintiffs contend that their *Monell* claims "primarily concern the City's failure to provide adequate guidance, training, and supervision to the *Conservancy*." (Pl. Opp., p. 9 [emphasis added]). To the extent Plaintiffs seek discovery concerning the City's involvement with the Conservancy for reasons unrelated to the Officers, the City Defendants do not seek a stay.

However, to the extent Plaintiffs assert a *Monell* claim related to the Officers' actions, the City Defendants are entitled to a stay for those reasons already discussed.

In sum, as argued in the City Defendants' chief motion papers, Fifth Circuit precedent would support this Court staying *all* discovery pending determination of the qualified immunity questions. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). The City Defendants do not seek that. Rather, they ask the Court to stay all discovery that could implicate the Officers' entitlement to qualified immunity.

## CONCLUSION

For the foregoing reasons, and those already expressed, the City Defendants respectfully request that the Court stay all discovery from Officers Whitworth and Douglas, and all discovery from the City pertaining to the claims against the Officers, or to any claims asserting liability under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978), related to the Officers' alleged actions.

    Respectfully submitted,

    s/ Andrew S. Holland
    **Andrew S. Holland**
    State Bar No. 24134330
    Andrew.holland@wilsonelser.com
    Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
    909 Fannin St., Suite 3300
    Houston, TX 77010
    713-353-2000 tel
    713-785-7780 fax

    **Attorneys for Defendants City of Houston, Texas, Officer Robert Douglas (#7943), Officer Vern Whitworth (#7595), Discovery Green Conservancy, and Barry Mandel**

## CERTIFICATE OF SERVICE

    I, Andrew S. Holland, certify that today, March 4, 2024, I filed the within Reply to Plaintiffs' Opposition to the City Defendants' motion to stay discovery, for filing and service upon all attorneys who have appeared.

                                      s/ Andrew S. Holland
                                      ANDREW S. HOLLAND

293900134v.1