IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARAIUS DUBASH and DR. FARAZ HARSINI, | ) ) ) | |
| *Plaintiffs*, | ) ) ) | CASE NO. 4:23-cv-03556 |
| v. | ) ) | |
| CITY OF HOUSTON, TEXAS, et al.; | ) ) | |
| *Defendants*. | ) | |

**PLAINTIFFS' MOTION TO CLARIFY ORDER STAYING DISCOVERY**

Plaintiffs Daraius Dubash and Dr. Faraz Harsini respectfully submit this motion to clarify certain portions of the Court's March 14, 2024 order staying discovery until the court rules on the qualified immunity arguments in the City Defendants' motion to dismiss. ECF No. 63 ("Order").

**STATEMENT OF ISSUES**

The Court has "inherent procedural power to" clarify its orders. *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). The Court's Order staying certain discovery is open to interpretation over its scope and duration. Thus, the Court should exercise its inherent authority to clarify its order[1] to prevent confusion, possible prejudice, and unnecessary delay in discovery.

**SUMMARY OF THE ARGUMENT**

On March 14, 2024, this Court stayed discovery from Defendants City of

---

[1] Alternatively, the Court can reconsider its interlocutory Order under Rule 54(b) and provide the same relief requested.

1

Houston, Officer Douglas, and Officer Whitworth (City Defendants), pending resolution of the officers' motion to dismiss based on qualified immunity. The Court's order stays discovery "related to claims against the Officers and related to any *Monell* claim" Order, ¶ 2. But "related to any *Monell* claim" precludes *Monell* discovery *unrelated* to the Officers, including discovery about the City's policies, practices, and "training and supervision." That sweeps broader than Defendants' motion requested. Indeed, while the City Defendants now oppose this motion, they conceded both in their stay briefing and in later discussions with Plaintiffs that they did not intend to stay discovery unrelated to the individual officers.[2]

Without clarification, Plaintiffs may be unable to obtain discovery from municipal and non-law enforcement Defendants, like information concerning the City's oversight of the Discovery Green Conservancy. The stay could also potentially extend past the current August 2, 2024 discovery deadline. Thus, to prevent prejudice to both parties, unnecessary delays, and disputes about the order's scope and duration, Plaintiffs ask the Court to clarify its order as follows:

(1) In Paragraph 2, change "related to any *Monell* claims" to "any *Monell* claims related to the claims against the Officers."

(2) In Paragraph 3, change "training and supervision documentation, the contents of either . . ." to "and training and supervision documentation related to the Officers, as well as the contents of either . . . ."

---

[2] As further discussed below, Plaintiffs met and conferred with counsel for the City Defendants, who said they oppose Plaintiffs' motion.

2

(3) Add to Paragraph 4, "If the Court has not ruled on the qualified immunity arguments by the discovery deadline set in the current or any amended scheduling order, nothing in this Order deprives or alters the right of either party to seek a reasonable extension of time to complete discovery on the issues currently stayed."

A proposed order and redline with proposed clarifications are attached.

## BACKGROUND

Plaintiffs are peaceful animal-rights advocates blocked from protesting in Discovery Green, a public park in downtown Houston. Defendants have censored Plaintiffs' future peaceful speech through viewpoint- and content-based bans, retaliation, and arresting Plaintiff Dubash. Compl. ¶¶ 1–8, ECF No. 1.

Plaintiffs bring eight claims, including *Monell* claims against the City for municipal liability and individual capacity damages claims against Officers Douglas and Whitworth. *Id.* ¶¶ 205–17. After Plaintiffs served requests for production on the City, the City and the Officer Defendants moved to stay certain discovery based on the officers' qualified immunity defense. ECF No. 54. The City did not move to stay *Monell*-related discovery that was "unrelated to the Officers." City's Reply Supp. Mot. Stay at 4–5, ECF No. 62. But the City's proposed order did not reflect this limitation. Instead, it extended to all *Monell*-related discovery including all "training and supervision documentation" whether or not it related to the Officers.

On March, 14, 2024, the Court granted the stay and adopted Defendants' proposed order verbatim, including discovery "related to claims against the Officers and related to any *Monell* claim." Order at ¶2. This included "disclosure of arrest

3

records" and "training and supervision documentation." *Id.* at ¶ 3.

Because the Order's language seems to ensnare discovery beyond what the City Defendants asked to stay, Plaintiffs have diligently engaged with the City Defendants to file either a stipulated motion or an unopposed motion to clarify the Order. On March 27, 2024, counsel for Plaintiffs and counsel for the City and Officers met via video conference and discussed the scope of the Court's stay order. Plaintiffs explained that they were concerned that the stay order appeared to go beyond the relief that Defendants had requested and might interfere with discovery into *Monell* claims and "training and supervision documentation" unrelated to the officers. Ex. A, Mar. 29, 2024 email from Pls.' counsel. The City Defendants largely agreed with Plaintiffs that the Order went beyond the relief they had sought; *Id*; *see also* Ex. B, Apr. 11, 2024 response from City Defs.' counsel. Plaintiffs provided a proposed joint stipulation that the parties could submit to the Court. *See* Ex. A.

Nearly two weeks later, the City Defendants declined to agree to Plaintiffs' proposed stipulation. Ex. B. Plaintiffs then asked if the City would oppose this motion to clarify. Ex. C, Apr. 23, 2024 email from Pls.' counsel. After nearly a week, the City Defendants stated they would oppose. Ex. D, Apr. 29 email from City Defs.' counsel.

## ARGUMENT

The Court's Order is unclear about whether it stays significantly more discovery than the City Defendants requested. In particular, the Order seems to unintentionally prevent discovery on Plaintiffs' *Monell* claims against the City, which are not subject to a qualified-immunity defense. *See* Compl. ¶¶ 205–217, ECF No. 1,.

4

Clarifying that the Order does not prevent discovery on those topics will align more faithfully with the City Defendants' requested relief and the Federal Rules and avoid prejudice to Plaintiffs' ability to conduct discovery on *Monell* claims not involving the Officers. Clarifying the duration of this order, should the Court not rule on the qualified immunity issue before the close of discovery, will also aid judicial economy and prevent prejudice to both sides.

This Court has the "inherent procedural power to" clarify its order, *Melancon*, 659 F.2d at 553, and may do so based on its discretion "as justice requires." *APL Logistics Americas, Ltd. v. TTE Tech., Inc.*, No. 3:10-CV-02234-P, 2013 WL 12124588, at *2 (N.D. Tex. Mar. 5, 2013).

I. **Clarifying That the Order Does Not Cover Unrelated *Monell* Discovery Will Serve Justice.**

The Order arguably stays all *Monell* related discovery whether it is related to the Officers or not. Order ¶ 2. For example, it includes discovery from the City regarding "training and supervision documentation"—a well-pled theory of Plaintiffs' *Monell* claim— even if it is unrelated to the Officers. Order ¶ 3; *see also* Compl. ¶¶ 211—215, ECF No. 1. If the Order is so broad, it would also stay discovery on other theories of municipal liability wholly unconnected to the Officers, like information about the City's oversight of and delegation of power to Defendant Discovery Green Conservancy. *See id.* at ¶¶ 206–210.

Such a broad stay exceeds what the City requested in its stay motion. While the City did seek a stay of *Monell* discovery that *is related* to Officers Douglas and Whitworth, it did not seek a stay from discovery "unrelated to the Officers." Mot. to

5

Stay ¶ 12, ECF No. 54; City's Reply on Mot. to Stay at 4-5, ECF No. 62. Similarly, the City only sought a stay for "the City's training and hiring practices *concerning police officers,*" Defs. Mot. Stay at 1, ECF No. 54, but not a stay over unrelated "training and supervision documentation."

Given the broad scope of discovery under the Federal rules and a party's burden to justify a stay, clarifying that the Order covers only discovery the City Defendants specifically asked to stay will meet the letter and spirit of the discovery rules. It will also prevent prejudice to Plaintiffs from being unable to discover information unrelated to the individual capacity claims against the Officer Defendants and their qualified immunity defense.

## II. Clarifying the Order's Duration Will Avoid Disputes Over Discovery Timing and Preserve the Rights of All Parties.

The Order states it will "remain in effect until fourteen days after the date" when the Court rules on the Officers' qualified immunity arguments. Order ¶ 4. Discovery is currently set to end on August 2, 2024. ECF No. 38. Plaintiffs appreciate the Court's time and attention to this matter, and at the same time, understand the Court has a demanding docket. Plaintiffs ask that the Court also clarify if the Court has not yet ruled on the qualified immunity arguments by August 2 (or any amended discovery deadline the Court enters), any party may seek an extension of time to complete discovery on the issues currently stayed.

## CONCLUSION

For all these reasons, Plaintiffs ask the Court to clarify its March 14, 2024 Order.

6

Dated: May 2, 2024

Respectfully submitted,

/s/ JT Morris
John Greil (TX 24110856)
Steven T. Collis (TX 24122632)
Law and Religion Clinic
University of Texas School of Law
727 E. Dean Keaton St.
Austin, TX 78705
(512) 475-9090
john.greil@law.utexas.edu
steven.collis@law.utexas.edu

JT Morris (TX 24094444)
Gabe Walters*
Zachary Silver*
Foundation for Individual Rights and Expression
(215) 717-3473
700 Pennsylvania Ave., Suite 340
Washington, D.C. 20003
jt.morris@thefire.org
gabe.walters@thefire.org

Daniel Ortner*
Foundation for Individual Rights and Expression
510 Walnut St., Suite 900
Philadelphia, PA 19106
daniel.ortner@thefire.org

*Admitted pro hac vice

**Attorneys for Plaintiffs Daraius Dubash and Dr. Faraz Harsini**

## CERTIFICATE OF CONFERENCE

I certify that counsel for Plaintiffs conferred with Andrew Holland, counsel for the City Defendants, Discovery Green Conservancy, and Barry Mandel. He indicated the City Defendants oppose this motion, while the Conservancy and Mandel take no position. Counsel for Plaintiffs also conferred with Laura Macom and Michael Wallis, counsel for Defendant Houston Downtown Park Corporation, who indicated the Park Corporation reserved the right to object to this motion.

/s/ JT Morris

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2024, I electronically filed the foregoing Plaintiffs' Motion to Clarify or Reconsider Stay of Discovery with the Clerk of the United States District Court for the Southern District of Texas using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ JT Morris
JT Morris