# Exhibit A



Maia Walker <maia.walker@thefire.org>

## Fwd: Follow up from Call from Wednesday

**Daniel Ortner** <daniel.ortner@thefire.org>
To: Maia Walker <maia.walker@thefire.org>

From: **Daniel Ortner** <daniel.ortner@thefire.org>
Date: Fri, Mar 29, 2024 at 6:00 AM
Subject: Follow up from Call from Wednesday
To: Holland, Andrew S. <Andrew.Holland@wilsonelser.com>, Jay Diaz <jay.diaz@thefire.org>, Gabe Walters <gabe.walters@thefire.org>, JT Morris <JT.Morris@thefire.org>, Greil, John <john.greil@law.utexas.edu>

Andy,

It was great to talk to you on Wednesday. As promised, I am sending this email to memorialize our call regarding the Court's Order staying discovery and to ensure mutual understanding of the Order.

We would also like to request that the parties submit a joint stipulation asking the court to correct/clarify the wording of the proposed order to reflect the agreement that we reached in our discussion. Please let us know if you would be open to filing such a joint stipulation that we could prepare.

We first discussed the duration of the stay motion. Plaintiffs view is that the stay order would no longer have force 14 days after the Court's decision on the motion to dismiss. *See* Order Par. 4 ("[T]he stays effectuated by this Order shall remain in effect until fourteen days after the date on which the Court renders a determination on the qualified immunity arguments in the City Defendants' 12(b)(6) motion"). You agreed that the stay would be moot and have no force at that point. You mentioned that you might appeal a denial of QI and could seek a stay pending appeal but that this would be a separate motion at that time. You also said that you do not think there is a legal basis to prohibit discovery from the officers if the court rules they have qualified immunity because they would no longer be potentially liable in their individual capacities. because they are immune.

We then discussed the Court's Order, which is a signed version of Defendants' proposed order. Plaintiffs raised concerns about two places in the Order where it seemed to exceed what Defendants sought in their moving papers. First, the Order can be interpreted to stay "discovery of any *Monell* claim," even if the requested information is unrelated to the Defendant Officers. Order Par. 2. You agreed, however that Defendants do not intend to prohibit Plaintiffs from seeking *Monell*-related documents that are unrelated to the Defendant Officers, such as documents related to the City's oversight of the conservancy. Second, the Order appears to stay discovery of any "training and supervision documentation" regardless of whether the requested information is related to the Defendant Officers. Order Par. 3. You agreed that discovery into "training and supervision" documents is only prohibited if the documents are specific to the Defendant Officers or would directly implicate the claims against the officers. You agreed, by way of example, that the Order should not be interpreted to stay discovery regarding the City's "training and supervision" of the Conservancy or the Park Corporation.

We then discussed the meaning of the phrase "related to the claims against the officers" in the Court's Order. I mentioned Plaintiffs' concern that "related to" could be construed in an extremely open-ended manner. You noted that you understood a document to be "related to the claims against the officers" if it dealt with or would directly implicate the claims against the Defendant Officers, or was connected to the Officers such that they would have an individual basis for objecting. You mentioned (and we appreciate) that you have so far produced documents if they did not concern the specific actions of the officers.

We then discussed a few categories of information and asked if you thought they would be covered by the Order. You gave some initial responses but wanted me to put the categories in an email for your further consideration. The example

categories are as follows:

    1)       Training and supervision of other entities or officials connected with the conservancy or park corporation. You indicated that you thought these were not included during our call.

    2)       The Houston Police Department's historical practices and records regarding speech, protest, or other free speech-related events at Discovery Green that did not involve Plaintiffs or the Defendant Officers. You said that you thought the Stay would not cover this category but wanted to think about it.

    3)       Documentation of police officer training that the Defendant Officers were not required to attend or were unavailable to them (because, for example, they predated the officers' time at the Houston PD or were only offered to more senior or junior officers). You indicated that you thought such documents might implicate whether the Officers violated a "clearly established" right and, therefore, could be subject to the stay. If that is your position, could you elaborate on it and why you think this kind of training could determine what is clearly established law.

We also mentioned that our forthcoming discovery requests (such as RFAs or Interrogatories) would include information subject to the Order. We noted that these requests are included for the purpose of preserving those requests pending resolution of the motion to dismiss.

Please let us know if I missed anything and what your thoughts are on the categories mentioned above. We appreciate your practical and forthright responses to our questions, and would greatly appreciate a quick response to avoid the necessity of filing a motion to clarify and/or reconsider.

Please also let us know your position on joint stipulation. I am including as an attachment some preliminary language about the specific changes we would envision asking for. If you are not opposed, we can flesh this out into a draft stipulation that all parties can hopefully agree on.

Sincerely,
Daniel Ortner
*Attorney**
*Foundation for Individual Rights and Expression*
510 Walnut Street, Suite 900
Philadelphia, PA 19106
Office: (215)-717-3473 (ex. 295)
Cell: (385)-242-9582
daniel.ortner@thefire.org
www.thefire.org
@dortner1
*Member of the Virginia and California bars

 **Stipulation Language.docx**
13K



Maia Walker <maia.walker@thefire.org>

## Fwd: Follow up from Call from Wednesday

**Daniel Ortner** <daniel.ortner@thefire.org>
To: Maia Walker <maia.walker@thefire.org>

> From: **Holland, Andrew S.** <Andrew.Holland@wilsonelser.com>
> Date: Fri, Mar 29, 2024 at 2:16 PM
> Subject: RE: Follow up from Call from Wednesday
> To: Daniel Ortner <daniel.ortner@thefire.org>, Jay Diaz <jay.diaz@thefire.org>, Gabe Walters <gabe.walters@thefire.org>, JT Morris <JT.Morris@thefire.org>, Greil, John <john.greil@law.utexas.edu>
>
> Daniel,
>
> Very nice speaking with you as well. Going through your email now. I largely agree with your recollection of our conversation, but I want to respond more fully with an email to you over the weekend. There are just a few minor disagreements on some specifics that I want to address, and I'm tied up getting motion papers filed today in a different matter so haven't had the chance to address. I can address stipulation language then as well. Also, as I mentioned, I will want to confer with the clients on the specifics of some of the items, but again, I think we can come to an agreement on the larger points that we discussed on Wednesday.
>
> Separately, I know I mentioned that we were going to need more time on a substantive response to your letter from March 18th. Can this email to that effect suffice rather than formal correspondence on Monday?
>
> Thank you,
>
> Andy
>
> Andrew S. Holland
> Attorney at Law
> Wilson Elser Moskowitz Edelman & Dicker LLP
> 909 Fannin Street, Suite 3300
> Houston, Texas 77010
> 713.353.2074 (Direct)
> 973.417.3032 (Cell)
> 713.353.2000 (Main)
> 713.785.7780 (Fax)
> andrew.holland@wilsonelser.com

**From:** Daniel Ortner <daniel.ortner@thefire.org>
**Sent:** Friday, March 29, 2024 8:00 AM
**To:** Holland, Andrew S. <Andrew.Holland@wilsonelser.com>; Jay Diaz <jay.diaz@thefire.org>; Gabe Walters <gabe.walters@thefire.org>; JT Morris <JT.Morris@thefire.org>; Greil, John <john.greil@law.utexas.edu>
**Subject:** Follow up from Call from Wednesday

**EXTERNAL EMAIL** This email originated from outside the organization.

[Quoted text hidden]

```
IMPORTANT NOTICE: Beware of Cyber Fraud.
You should NEVER wire money to any bank account that Wilson Elser
Moskowitz Edelman & Dicker LLP provides to you either in the body
of this or any email or in an attachment without first speaking
with the attorney in our office who is handling your transaction.
Further, DO NOT accept emailed wire instructions from anyone else
without voice verification. Even if an email looks like it has come
from this office or someone involved in your transaction,
CALL US FIRST AT A NUMBER YOU KNOW TO BE CORRECT FOR THIS OFFICE
to verify the information before wiring any money.
Failure to do so is at your own risk.
Be particularly wary of any request to change wire instructions
you have already received.
```

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system.

For further information about Wilson, Elser, Moskowitz, Edelman & Dicker LLP, please see our website at www.wilsonelser.com or refer to any of our offices.

Thank you.