# Exhibit B



Maia Walker <maia.walker@thefire.org>

## Fwd: Follow up from Call from Wednesday

**Daniel Ortner** <daniel.ortner@thefire.org>
To: Maia Walker <maia.walker@thefire.org>

From: **Holland, Andrew S.** <Andrew.Holland@wilsonelser.com>
Date: Thu, Apr 11, 2024 at 3:09 PM
Subject: RE: Follow up from Call from Wednesday
To: Daniel Ortner <daniel.ortner@thefire.org>
Cc: Jay Diaz <jay.diaz@thefire.org>, Gabe Walters <gabe.walters@thefire.org>, JT Morris <JT.Morris@thefire.org>, Greil, John <john.greil@law.utexas.edu>

Daniel,

My apologies for the delay in getting back to you. I've been thoroughly slammed the past couple weeks.

I've had a chance to speak with the client. I cannot agree to sign a stipulation to amend the order, but as discussed, we do not deem the stay to cover materials that would be relevant to the Conservancy and not related to policing. As for the duration of the stay, our view is that the stay lifts 14 days after a decision on the 12(b)(6) arguments. If we were appealing, we could seek a further stay at that time.

I don't recall discussing whether there would be a legal basis to prohibit discovery from the officers if they are deemed to have immunity. While that might obviate a stay on QI grounds, we would still reserve the right to rely on any appropriate legal objections to the requests.

On the Order language, to the extent the Monell claim is related to the Conservancy (and not, in any way, related to policing) that is correct that we do not believe it is covered by the stay. Again, we have asserted objections and we are not agreeing to waive those or any other objections that might arise through discovery. Thus, I think we would not agree with the statement that we "do not intend to prohibit Plaintiffs from seeking" any such discovery. At this point, rather, we are just agreeing that we are not interpreting the stay to encompass discovery related to the Conservancy.

As for "training and supervision" documents, we agree that this applies to materials implicating the claims against the officers. I don't want to limit it further than that without having a specific request that I'm discussing, but at this point that is our position on those documents.

On your numbered points, our position as to the stay is as follows:

1 – Correct, training and supervision of entities or officials connected to the conservancy or park corporation we do not view as being subject to the stay (provided, of course, that insofar as such individuals include police officers, we interpret the stay as applying)

2 – We agree that the *City of Houston*'s (as opposed to the Houston Police Department's) practices and records regarding speech, protest, or other such activities at Discovery Green would not be subject to the stay, provided, again, that they do

not involve policing. As we discussed, we believe the stay covers materials relative to police practices, even if they do not specifically implicate the defendant officers, themselves.

3 – training provided to any officers we believe would be subject to the stay because they would require the Defendant Officers' involvement in the defense of this case, and could reflect training practices that could involve the officers themselves.

Also, by the way, this is not intended to be a fully exhaustive list of our thoughts on these topics. However, broadly, our view is that anything that would implicate policing, police training, or anything specific to the named officers is subject to the stay.

On your discovery letters, I am endeavoring to get a response off by Monday. However, as I mentioned, I have been spread quite thin the last couple weeks and it may be later in the week.

Lastly, the City is continuing to search for any documents that it might have relative to the case, and not subject to the stay. We will certainly make a production if we are provided anything.

I hope this is helpful. If you want to discuss at any time, please feel free to give me a call.

Have a good weekend,

[Quoted text hidden]