**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DARAIUS DUBASH, and DR. FARAZ HARSINI** | § | |
| | § | |
| **Plaintiffs,** | § | **CIVIL ACTION** |
| | § | **CASE NO. 4:23-cv-03556** |
| **v.** | § | |
| | § | |
| **CITY OF HOUSTON, TEXAS; HOUSTON DOWNTOWN PARK CORPORATION; OFFICER ROBERT DOUGLAS (# 7943), in his Individual capacity; OFFICER VERN WHITWORTH (# 7595), in his individual capacity; DISCOVERY GREEN CONSERVANCY f/k/a HOUSTON DOWNTOWN PARK CONSERVANCY; and BARRY MANDEL, in his individual capacity,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS CITY OF HOUSTON, TEXAS, OFFICER ROBERT DOUGLAS, AND OFFICER VERN WHITWORTH'S RESPONSE TO PLAINTIFFS' MOTION TO CLARIFY ORDER STAYING DISCOVERY (Dkt. No. 64)**

Defendants City of Houston, Texas ("the City"), Officer Robert Douglas, and Officer Vern Whitworth (together, "the Officers" and, collectively with the City, "the City Defendants") submit this Response to Plaintiffs' Motion to Clarify Order Staying Discovery.

**TABLE OF CONTENTS**


TABLE OF AUTHORITIES .......... ii

STATEMENT OF ISSUES .......... 1

FACTUAL BACKGROUND .......... 1

SUMMARY OF THE ARGUMENT .......... 2

ARGUMENT
PLAINTIFFS' COMPLAINTS ABOUT THE COURT'S ORDER DO NOT MERIT "CLARIFICATION" .......... 2

A. Plaintiffs seek to clarify language that is unambiguous in the context of the Order .......... 3

B. Plaintiffs' motion seeks to substantively diminish the scope of the Court's stay .......... 5

C. Plaintiffs' request to clarify "the Order's duration" should be denied because they seek to add language extraneous to the stay. However, the City Defendants do not object to the Court entering an Order concerning the extension of deadlines. .......... 7

CONCLUSION AND PRAYER .......... 8

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .....5

*Austin v. Kroger Tex., L.P.*, 864 F.3d 326 (5th Cir. 2017) .....2

*Brown v. Ogletree*, 2011 U.S. Dist. LXIS 167402 (S.D. Tex. Sep. 13, 2011) .....5

*Caramba, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2021 U.S. Dist. LEXIS 14115 (S.D. Tex. Jan. 26, 2021) .....2, 3

*HBM Interests, LLC v. Chesapeake Louisiana, LP*, 2013 U.S. Dist. LEXIS 105392 (W.D. La. Jul. 26, 2013) .....3

*In re Padco Pressure Control, LLC*, 2017 U.S. Dist. LEXIS 5531 (W.D. La. Jan. 13, 2017) .....3

*Timpa v. Dillard*, 20 F.4th 1020 (5th Cir. 2021) .....6

*U.S. v. Louisiana*, 811 F.Supp. 1151, 1171 (E.D. La. 1993) .....4

*U.S. v. Moulton*, 2024 U.S. Dist. LEXIS 63625 (S.D. Tex. Apr. 8, 2024) .....2, 3

*Xia v. Lina T. Ramey & Assocs.*, 2023 U.S. Dist. LEXIS 66488 (N.D. Tex. Apr. 17, 2023) .....2

## STATEMENT OF ISSUES

All Defendants have filed motions to dismiss pursuant to FED.R.CIV.P. 12(b)(6). The motions on behalf of the Officers include request dismissal on qualified immunity grounds, among others. This Court stayed discovery from the Officers pending the determination of the qualified immunity arguments raised in their Rule 12(b)(6) motions. The Court likewise stayed discovery from the City that could implicate the Officers' qualified immunity arguments. Plaintiffs believe that the Court's Order is unclear. However, the City Defendants interpret the Court's Order as staying precisely what the City Defendants asked to be stayed, and what the case law supports. Therefore, Plaintiffs' motion to clarify should be denied.

## FACTUAL BACKGROUND

This is a civil rights action brought by two individuals who were asked to stop publicly displaying videos at Discovery Green that depicted animals being tortured.[1] Plaintiffs contend that while demonstrating with their videos at Discovery Green, a public greenspace managed by the Discovery Green Conservancy ("the Conservancy"), they were asked to stop showing their videos or leave Discovery Green. After a dispute, Conservancy personnel asked for the police to respond and, when Plaintiff Dubash would not leave Discovery Green, he was arrested for trespassing.

[1] The City Defendants wish not to belabor this point since it has been made in the motions presently before the Court, but they feel compelled to respond to misstatements contained in Plaintiffs' Background statement in their motion to clarify. Consistent with Plaintiffs' strategy in their other filings, Plaintiffs' background statement mischaracterizes the underlying events, and is belied by the evidence contained in Plaintiffs' own submissions. Contrary to the narrative they insist on reprising at every turn, Plaintiffs have not been "blocked from protesting in Discovery Green" and have not been "censored . . . through viewpoint- and content-based bans, retaliation, and arresting Plaintiff Dubash." (Pl. Motion p, 3). In actuality, the exhibits attached to their Complaint (as well as other evidence presently before the Court on Plaintiffs' pending motion for a preliminary injunction) demonstrate that the opposite is true; Plaintiffs' own video exhibits show they were clearly advised that they could remain in Discovery Green and say what they wished about their viewpoints, but were only restricted from publicly showing videos of animals being tortured.

## SUMMARY OF THE ARGUMENT

Plaintiffs' motion to clarify should be denied. First, in the context of the Order's rulings, and the specific bases for the stay the City Defendants sought, the reach of the discovery stay is unambiguously limited to discovery from the Officers as well as discovery from the City that could implicate the Officers' qualified immunity defense. Second, to the extent Plaintiffs seek to modify the Order such that it excludes evidence of policies and procedures not directly related to the named Officers, it amounts to a substantive modification of the Order that is not warranted, and not briefed by Plaintiffs on this motion. Third, Plaintiffs' request to clarify the duration of the Order should be denied because the right of the parties to seek an extension of the discovery schedule was not a topic of the underlying motion or Order.

## ARGUMENT

### PLAINTIFFS' COMPLAINTS ABOUT THE COURT'S ORDER DO NOT MERIT "CLARIFICATION"

Motions for reconsideration of an interlocutory order are governed by FED.R.CIV.P. 54(b).[2] While a court is generally free to reexamine an interlocutory order "for any reason it deems sufficient" under that Rule (*see Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 [5th Cir. 2017]), "the discretion to modify an interlocutory order does not eliminate 'the policy reasons behind discouraging motions for reconsideration which rehash the same arguments or, without justification, raise new arguments for the first time.'" *U.S. v. Moulton*, 2024 U.S. Dist. LEXIS 63625, *2 (S.D. Tex. Apr. 8, 2024) (quoting *Caramba, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2021 U.S. Dist. LEXIS 14115, *2 [S.D Tex. Jan. 26, 2021]) (internal brackets omitted). "Accordingly,

---

[2] Plaintiffs appear to suggest that Rule 54(b) relief is different from clarification, arguing that the Court may apply Rule 54(b) as an *alternate* basis to grant their motion (Pl. Motion, p. 1 n.1). However, where a motion to clarify seeks "reconsideration of an interlocutory order, Rule 54(b) [is] the proper vehicle." *See Xia v. Lina T. Ramey & Assocs.*, 2023 U.S. Dist. LEXIS 66488, *3 (N.D. Tex. Apr. 17, 2023).

courts must exercise their 'broad discretion under Rule 54(b) sparingly to prevent the unnecessary reexamination of interlocutory orders with the resulting burdens, including expense and delay.'" *Id.* at **2-3 (quoting *Caramba* at *2).

"Courts evaluate motions to reconsider interlocutory orders under a 'less exacting' standard than Rule 59(e), but, nevertheless, look to similar considerations for guidance. . . . Therefore, in determining whether to grant the motion, the Court must evaluate whether there are 'manifest errors of law or fact upon which judgment is based,' whether 'new evidence' is available, whether there is a need 'to prevent manifest injustice,' or whether there has been 'an intervening change in controlling law.'" *In re Padco Pressure Control, LLC*, 2017 U.S. Dist. LEXIS 5531, **2-3 (W.D.La. Jan. 13, 2017) (quoting *HBM Interests, LLC v. Chesapeake Louisiana, LP*, 2013 U.S. Dist. LEXIS 105392, *1 [W.D. La. Jul. 26, 2013]) (brackets and internal citations omitted).

Plaintiffs put forth no persuasive arguments as to why this Court's Order should be disturbed. Instead, it appears they are simply dissatisfied with discovery having been partially stayed and seek an opportunity to relitigate the stay. Their motion should be denied.

**A. Plaintiffs seek to clarify language that is unambiguous in the context of the Order.**

Plaintiffs argue that by including language that the Court was staying discovery "related to claims against the Officers and related to any *Monell* claim," the Court is incorporating "discovery about the City's policies, practices, and 'training and supervision,'" which Plaintiffs claim "sweeps broader than Defendants' motion requested."[3] (Pl. Motion p. 2). This claim is meritless and ignores

---

[3] Plaintiffs state that the City Defendants "conceded both in their stay briefing and in later discussions with Plaintiffs that they did not intend to stay discovery unrelated to the individual officers." (Pl. Motion p. 2). This is not accurate. The City Defendants have taken the position that the stay does not encompass discovery *related to the Conservancy or non-policing activities of the City*. Plaintiffs contended, in opposing the City Defendants' motion, that the stay should not include topics that Defendants argued would require the Officers' participation, even if not framed such that they would relate directly to the Officers, themselves. The Court rejected Plaintiffs' argument. Plaintiffs ignore the distinction. Plaintiffs likewise misstate the City Defendants' position as having "largely agreed with Plaintiffs that the Order went beyond

the relief that the City Defendants sought and were granted. The City Defendants argued in their motion that documents related to training, supervision, and policies concerning the Police Department or policing could implicate qualified immunity even if they do not directly correlate with training of the Officers. Plaintiffs do not argue now that the Court's holding was legally incorrect. Nor do they cite to any case law suggesting that staying discovery that might implicate qualified immunity even if not directly related to the officers would be erroneous. For that matter, they make no effort to specifically identify anything about that holding that is legally incorrect. Thus, they fail to explain why the Court should substitute in Plaintiffs' own language that would exclude otherwise implicated discovery from the stay.

Plaintiffs also do not contend that an actual misunderstanding of the Court's Order has occurred, or is likely. Plaintiffs readily acknowledge that the City Defendants do not interpret the Court's stay order as precluding discovery concerning the Conservancy or other matters that do not relate to the claims against the Officers. They even include communications from the City Defendants' counsel acknowledging that fact and, moreover, the City Defendants have already produced materials responsive to Plaintiffs' requests concerning the Conservancy. Plaintiffs do not claim that the City Defendants has relied on the underlying Order to withhold production that was plainly not encompassed by the City Defendants' motion to stay. Nevertheless, Plaintiffs believe the Court's Order must be clarified. However, a motion for clarification should not be granted where the challenged language "is not readily susceptible to any other meaning given the context in which it is used," which would render the clarification unnecessary. *See U.S. v. Louisiana*, 811 F.Supp. 1151, 1171 (E.D. La. 1993). Again, the City Defendants' motion sought

---

the relief they had sought." (Pl. Motion, p. 3). Rather, in email exchanges between counsel, the City Defendants' counsel "largely agreed" that the stay did not encompass discovery that would not implicate the qualified immunity defense.

to stay discovery that would fall within the scope of the Officers' qualified immunity claims. Plaintiffs opposed this motion, but the Court agreed with the City Defendants and granted the stay.

To the extent Plaintiffs seek clarification notwithstanding the City Defendants' acknowledgement that they do not interpret the Order as staying discovery that would never implicate the Officers, it would seem that Plaintiffs either seek to waste everyone's time and resources with an academic exercise with no meaningful purpose, or they simply do not trust the City Defendants or their counsel despite the City Defendants' forthright participation in discovery and their counsel's candid acknowledgement that he interprets the Order as granting what was requested, and nothing more. These reasons do not justify clarification.

**B. Plaintiffs' motion seeks to substantively diminish the scope of the Court's stay.**

While it does not appear that Plaintiffs wish to relitigate the merits of the City Defendants' prior motion, the modification they propose would necessarily result in a substantive change to the stay as both *requested* by the City Defendants, and granted by the Court. As discussed above, the City Defendants argued in their motion that any discovery that would require police officers to participate in litigation notwithstanding the assertion of a qualified immunity defense is subject to stay. *See Brown v. Ogletree*, 2011 U.S. Dist. LEXIS 167402 (S.D.Tex. Sep. 13, 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 [2009]) ("It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their positions. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery."). Discovery concerning training, supervision, and policies related to policing would undoubtedly require the Officers' participation because,

even if they are not framed as being specific to these Officers, they nevertheless constitute evidence of City policies regarding training its officers.

To confirm, insofar as Plaintiffs interpret the stay to encompass "unrelated 'training and supervision documentation'"—meaning, ostensibly, documents unrelated to *policing*—the City Defendants have already made clear that they do share that interpretation. For instance, Plaintiffs fear that the Court's stay prevents discovery of materials related to the Conservancy, and not police officers. (Pl. Motion p. 5). However, as discussed above, this fear is unfounded. To date, the City Defendants have produced documents responsive to Plaintiffs' requests for information concerning the Conservancy. Nor is there any reason to interpret the Court's Order as precluding such information.

Plaintiffs likewise claim that the Court's Order may prevent discovery of materials "unrelated to the individual capacity claims against the Officer Defendants and their qualified immunity defense." (Pl. Motion p. 6). This, too, seeks substantive reconsideration of the Order because the relevant question is not whether the discovery materials are *related* to the individual capacity claims or the qualified immunity defense, but whether they *implicate* the defense. For instance, Plaintiffs might seek police training documentation only to support their *Monell* claim against the City. However, as argued in the City Defendants' motion, these materials *implicate* qualified immunity because they could be relevant to the question of whether the Officers were made aware of the present state of the law. *See, e.g.*, *Timpa v. Dillard,* 20 F.4th 1020, 1039 (5th Cir. 2021) (in appeal from summary judgment on qualified immunity grounds, Fifth Circuit found issue of fact on bystander liability claim where "[e]ach Officer was trained" in use of force protocol once suspect is placed under arrest, and made aware of risks of holding arrestee in prone restraint position). Since such implication necessarily requires the Officers' participation in discovery

despite a pending motion seeking dismissal on qualified immunity grounds, it unquestionably merits the stay.

Plaintiffs' motion to clarify contains no argument or analysis supporting a substantive reargument of the issues decided in this Court's Order. Accordingly, for the reasons already articulated in that motion, the City Defendants ask the Court not to disturb its prior Order.

### C. Plaintiffs' request to clarify "the Order's duration" should be denied because they seek to add language extraneous to the stay. However, the City Defendants do not object to the Court entering an Order concerning the extension of deadlines.

The Court's Order includes language stating that the stay remains in effect until 14 days after the Court rules on the qualified immunity arguments. This language creates a buffer during which the City Defendants can contemplate their next steps should the Court deny their motion on qualified immunity grounds. During that time, the City Defendants could seek a further stay pending appeal or on other grounds, or opt to participate in discovery concerning the stayed topics. Plaintiffs ask the Court to "clarify" that if the Court has not ruled on those arguments by the discovery deadline, that "any party may seek an extension of time to complete discovery on the issues currently stayed." (Pl. Motion p. 6). This is not a point requiring clarification because the underlying motion was not directed to any requests to extend the discovery schedule. Nor was this 14-day buffer intended to control the parties' options if the discovery schedule has expired before the Court decides the underlying dispositive motions. For that matter, the language is superfluous because a party, generally speaking, is always permitted to *seek* additional time for discovery. While extending the discovery schedule is certainly an appropriate topic for motion practice,[4] it was not the subject of the underlying motion or Order. Thus, it is not appropriate for clarification.

---

[4] Plaintiffs have expressed their intention to file an agreed motion to extend the discovery schedule. Defendants are in agreement with this strategy and, in fact, have been discussing a proposed scheduling order prepared by Plaintiffs' counsel. Thus, this is a separate issue that is already before the Court.

However, if the Court deems extension of the discovery order an appropriate matter to rule on at this juncture, the City Defendants do not object to the Court entering an Order containing Plaintiffs' proposed language that "if the Court has not ruled on the qualified immunity arguments by the discovery deadline set in the current or any amended scheduling order, "nothing in this Order deprives or alters the right of either party to seek a reasonable extension of time to complete discovery on the issues currently stayed."

**CONCLUSION AND PRAYER**

For the foregoing reasons, The City Defendants respectfully request that the Court deny Plaintiffs' motion to clarify.

Respectfully submitted,

s/ Andrew S. Holland
**Andrew S. Holland**
State Bar No. 24134330
Andrew.holland@wilsonelser.com
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
909 Fannin St., Suite 3300
Houston, TX 77010
713-353-2000 tel
713-785-7780 fax

**Attorneys for Defendants City of Houston, Texas, Officer Robert Douglas (#7943), Officer Vern Whitworth (#7595), Discovery Green Conservancy, and Barry Mandel**

CERTIFICATE OF SERVICE

I, Andrew S. Holland, certify that today, May 23, 2024, I filed the within response papers with CM/ECF, for filing and service upon all attorneys who have appeared.

s/ Andrew S. Holland
ANDREW S. HOLLAND