IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARAIUS DUBASH and ) | |
| DR. FARAZ HARSINI, ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | CASE NO. 4:23-cv-03556 |
| v. ) | |
| ) | |
| CITY OF HOUSTON, TEXAS, et al.; ) | |
| ) | |
| *Defendants*. ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CLARIFY ORDER STAYING DISCOVERY**

Plaintiffs' motion to clarify (ECF No. 64) simply asks the Court to harmonize certain portions of its order to stay discovery (ECF No. 63) with the relief that the City Defendants[1] sought. Doing so will prevent discovery disputes and avoid prejudice to Plaintiffs. Plaintiffs seek no more.

Still, the City Defendants' response misconstrues Plaintiffs' straightforward motion in three ways.

***First***, the City Defendants effectively concede that the stay order's language is broader than the relief they sought. Indeed, they admit the stay should not include "materials related to the Conservancy, and not police officers." City Defs.' Resp at 6, ECF No. 66. At the same time, they are silent on Plaintiffs' argument that those materials, like documents about the City's training of the Conservancy, fall within

---

[1] The City Defendants include the City of Houston and Houston Police Officers Robert Douglas and Vern Whitworth.

1

the Court's stay order. *See* Pls.' Mtn. to Clarify at 5. In fact, they do not discuss the "challenged language" at all. City Defs.' Resp. at 4. The City Defendants' concession alone is reason enough to grant Plaintiffs' motion.

***Second*,** the City Defendants wrongly argue that Plaintiffs' motion is one for reconsideration under Fed. R. Civ. P. Rule 54(b) and thus the motion should be granted only if there are "manifest errors of law or fact upon which judgment is based." City Defs.' Resp. at 3. Courts have the inherent authority to clarify their orders "as justice requires." *PSSI Holdings, LLC v. Calhoun*, No. 5:21-CV-00080-RWS, 2021 WL 6333019, at *1 (E.D. Tex. Nov. 19, 2021); *Doe v. Archdiocese of New Orleans Indem., Inc.*, No. CV 20-1338, 2022 WL 19518006, at *2 (E.D. La. Dec. 20, 2022). The Court should do so here. But even if a motion to clarify is governed by Rule 54(b), the Court is "free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). And here, the Court should clarify its stay order "to secure the *just*, speedy, and inexpensive determination" of this case, *id.* at 337, and to prevent prejudice to Plaintiffs from being unable to develop their claims unrelated to the Officers' qualified immunity defense.

***Third***, the City Defendants miscast Plaintiffs' motion as "an opportunity to relitigate the stay" and an attempt to "substantively diminish the scope of the Court's stay." City Defs.' Resp. at 3, 5. If anything, that argument clashes with their acknowledgment that it "does not appear that Plaintiffs wish to relitigate the merits

of the City Defendants' prior motion." *Id.* at 5. The City Defendants also fail to explain how Plaintiffs' proposed clarification would open the door to discovery related to the Officers' policing. *Id.* Nor can they. Plaintiffs acknowledged in their motion to clarify that the stay order likely encompasses discovery "concerning police officers." Pls.' Mot. to Clarify at 6.

In the end, the City Defendants provide no compelling reason why Plaintiffs' requested relief should not be granted. They merely argue that Plaintiffs' "fear is unfounded" because they have already "produced documents responsive to Plaintiffs' requests for information concerning the Conservancy" (something Plaintiffs dispute, as the City Defendants are aware). City Defs.' Resp. at 6. They similarly claim that Plaintiffs' motion is just "an academic exercise with no meaningful purpose." *Id.* at 5. But the Federal Rules, not the City Defendants' subjective views, govern what documents and information Plaintiffs are entitled to discover.

## CONCLUSION

For all these reasons and those set out in Plaintiffs' motion to clarify, the Court should clarify that its March 14, 2024 order only stays discovery related to the claims against the Officer Defendants. *See* Pls.' Mot. to Clarify at 2–3.

Dated: May 30, 2024

Respectfully submitted,

/s/ JT Morris
John Greil (TX 24110856)
Steven T. Collis (TX 24122632)
Law and Religion Clinic
University of Texas School of Law
727 E. Dean Keaton St.
Austin, TX 78705
(512) 475-9090
john.greil@law.utexas.edu
steven.collis@law.utexas.edu

JT Morris (TX 24094444)
Gabe Walters*
Zachary Silver*
Foundation for Individual Rights and Expression
(215) 717-3473
700 Pennsylvania Ave., Suite 340
Washington, D.C. 20003
jt.morris@thefire.org
gabe.walters@thefire.org

Daniel Ortner*
Foundation for Individual Rights and Expression
510 Walnut St., Suite 900
Philadelphia, PA 19106
daniel.ortner@thefire.org

*Admitted pro hac vice

**Attorneys for Plaintiffs Daraius Dubash and Dr. Faraz Harsini**

4

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 30, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Southern District of Texas using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                   /s/ JT Morris
                                                   JT Morris