IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARAIUS DUBASH and <br> DR. FARAZ HARSINI, | ) <br> ) <br> ) | |
| *Plaintiffs*, | ) <br> ) <br> ) | CASE NO. 4:23-cv-03556 |
| v. | ) <br> ) | |
| CITY OF HOUSTON, TEXAS, et al.; | ) <br> ) | |
| *Defendants*. | ) | |

**AGREED MOTION TO EXTEND DEADLINES FOR DISCOVERY AND DISPOSITIVE MOTIONS**

Under Federal Rule of Civil Procedure 16(b)(4), Plaintiffs Daraius Dubash and Dr. Faraz Harsini, along with all Defendants, respectfully submit this agreed motion to amend the Court's scheduling order (ECF No. 38), to extend discovery deadlines by 90 days as well as deadlines for dispositive motions by 60 days, including the following new deadlines:

- Discovery must be completed: October 31, 2024
- Dispositive motions will be filed: December 13, 2024
- Responses to dispositive motions will be filed: January 13, 2025

A proposed amended scheduling order is attached.

Good cause exists to grant this agreed motion for these reasons:

1. On December 13, 2023, this Court adopted a scheduling order that set August 2, 2024 as the discovery deadline, October 16, 2024 as the deadline for dispositive motions, and November 15, 2024 as the deadline for responses to

1

dispositive motions.

2. Then, on March 14, 2024, the Court partially stayed discovery from Defendants City of Houston, Officer Douglas, and Officer Whitworth (City Defendants), pending resolution of those Officers' motion to dismiss based on qualified immunity. ECF No. 64. The Court's order stays all discovery against the Officers as well as discovery "related to claims against the Officers and related to any Monell claim" *Id.* ¶ 2. A motion to clarify that order is pending. ECF Nos. 65–66.

3. Under Rule 16(b)(4), the Court's scheduling order "may be modified only for good cause and with the judge's consent." Courts within the Fifth Circuit assess good cause by considering four factors: "(1) the explanation for the failure to timely meet the scheduling order deadline; (2) the importance of the modification; (3) potential prejudice in allowing an extension to the deadline; and (4) the availability of a continuance to cure potential prejudice." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). "'No single factor is dispositive, nor must all the factors be present.'" *United States v. 4.620 Acres of Land, more or less, in Hidalgo Cnty., Texas*, No. 7:20-CV-00154, 2022 WL 538713, at *1 (S.D. Tex. Feb. 23, 2022) (citation omitted).

4. Here, each of those factors favor amending the scheduling order to allow the parties to complete discovery.

5. **The first factor favors granting this motion.** The parties have started written discovery, and are engaging in good faith discussions about the scope of discovery. Even so, the parties believe they cannot effectively complete discovery

by the current August 2, 2024 deadline for two reasons.

6. First, the Court has stayed discovery relevant to the claims against the Officers pending the outcome of their motion to dismiss which raises a qualified immunity defense. Thus, it is unlikely that Plaintiffs can complete discovery, for example, on their claims against the Officers and certain *Monell* claims against the City by August 2, 2024.

7. Second, the parties and counsel have several case and travel obligations during June and July that will hinder scheduling and taking depositions. The parties likewise expect that several depositions will need to be scheduled and taken.

8. Because the parties need additional time to complete discovery, extending the dispositive motion deadlines by 60 day is also apt. That extension will permit the parties to present fully developed summary judgment motions, if appropriate.

9. **The second factor favors granting this motion.** The importance of modifying the scheduling order is high. Depending on the Court's resolution of the Officers' qualified immunity defense, Plaintiffs will need additional time for discovery related to their claims against the Officers and related claims against the City. Without that additional time, Plaintiffs assert that they will be unable to engage in the discovery needed to fairly assess and present their claims and defenses.

10. **The third and fourth factors favor granting this motion**. Because the parties have agreed to the extended dates, no party will suffer prejudice from the requested relief. On the other hand, Plaintiffs assert that they will suffer prejudice,

for example, if they are unable to complete discovery on their claims against the Officers if and when the current stay on discovery over those claims expires. Because the parties must have "complete discovery to fully present [their] case … [t]his factor … weighs in favor of allowing the modification of the scheduling order." *Brooks v. Home Depot U.S.A., Inc.*, No. CV H-20-3960, 2022 WL 195851, at *4 (S.D. Tex. Jan. 21, 2022).

11.   What is more, because the parties are requesting to extend the deadlines not for delay, but for good cause, the request will not hinder the Court's ability to resolve this matter justly. The parties are not asking the Court to alter any dates related to trial. For instance, the proposed new dispositive motion deadlines would occur more than three months before the April 14, 2025 deadline for the joint pretrial order.

## CONCLUSION

For good cause shown, the parties ask the Court to amend its scheduling order to extend deadlines for discovery and dispositive motions.

Dated: June 3, 2024

Respectfully submitted,

/s/ JT Morris
John Greil (TX 24110856)
Steven T. Collis (TX 24122632)
Law and Religion Clinic
University of Texas School of Law
727 E. Dean Keaton St.
Austin, TX 78705
(512) 475-9090
john.greil@law.utexas.edu
steven.collis@law.utexas.edu

JT Morris (TX 24094444)
Gabe Walters*
Zachary Silver*
Foundation for Individual Rights and Expression
(215) 717-3473
700 Pennsylvania Ave., Suite 340
Washington, D.C. 20003
jt.morris@thefire.org
gabe.walters@thefire.org

Daniel Ortner*
Foundation for Individual Rights and Expression
510 Walnut St., Suite 900
Philadelphia, PA 19106
daniel.ortner@thefire.org

*Admitted pro hac vice

**Attorneys or Plaintiffs Daraius Dubash and Dr. Faraz Harsini**

/s/ Andrew S. Holland (with permission)
Andrew S. Holland
State Bar No. 24134330
Andrew.holland@wilsonelser.com
Wilson, Elser, Moskowitz, Edelman &amp; Dicker, LLP
909 Fannin St., Suite 3300
Houston, TX 77010
713-353-2000 tel
713-785-7780 fax

**Attorneys for Defendants City of Houston, Robert Douglas, Vern Whitworth, Discovery Green Conservancy and Barry Mandel**

/s/ Laura Flores Macom (with permission)
MICHAEL H. WALLIS
SBN: 24033426
LAURA FLORES MACOM

5

SBN: 24002512
THORNTON, BIECHLIN,
REYNOLDS & GUERRA, L.C.
One International Centre
100 N.E. Loop 410, Suite 500
San Antonio, TX 78216-4741
Telephone: (210) 581-0294
Facsimile: (210) 525-0666
Email: MWallis@thorntonfirm.com
Email: LMacom@thorntonfirm.com

**ATTORNEYS FOR DEFENDANT,
HOUSTON DOWNTOWN PARK
CORPORATION**

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 3, 2024, I electronically filed the foregoing with the Clerk of the United States District Court for the Southern District of Texas using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ JT Morris
JT Morris