

July 5, 2024

By ECF

The Honorable Richard W. Bennett, United States Magistrate Judge
United States District Court for the Southern District of Texas
515 Rusk Avenue
Houston, TX 77002

RE: **Request for discovery conference**, *Dubash v. City of Houston, et al.*, No. 4:23-cv-03556

Dear Magistrate Judge Bennett:

Under the Court's Procedures, Plaintiffs request a discovery conference. After two phone conferences, the parties cannot resolve a dispute over Defendants City of Houston, Discovery Green Conservancy, and Barry Mandel's document production, including their email search and production.

Plaintiffs are animal rights advocates, often visiting public parks to educate the public about industrial animal practices. To advocate effectively, they display clips on handheld screens from *Dominion*, a documentary showing those animal practices. Plaintiffs tried advocating at Discovery Green, a public park in downtown Houston. But as Plaintiffs allege, Discovery Green staff and Houston police consider the *Dominion* video clips "offensive" and inappropriate, driving Defendants to censor Plaintiffs and eventually arrest Plaintiff Dubash for his protected expression. ECF 1, ¶¶ 83–154.

Plaintiffs sued Defendants for violating the First and Fourth Amendments, the Texas Religious Freedom Restoration Act, and the Texas Constitution. *Id.* ¶¶ 169–279. In explaining how Defendants singled out their expression, Plaintiffs detail how the City and Conservancy have supported other expressive activity at Discovery Green—including expression others considered offensive or controversial. *Id.* ¶¶ 68–82. Plaintiffs also allege the City's policies, decisions, and failures to train City and Conservancy staff led to constitutional violations. *Id.* ¶¶ 205–217. And Plaintiffs explain how the City unlawfully delegated its constitutional duties to the Conservancy, a private contractor operating Discovery Green on the City's and Defendant Houston Downtown Park Corporation's behalf. *Id.* ¶¶45–67, 272–79

In December 2023, Plaintiffs served requests for production on the City and the Conservancy.[1] Those requests seek documents and communications (including emails) on several relevant topics:

1. the four incidents of park staff and police censoring Plaintiffs specified in the Complaint;
2. policies, rules, practices, and regulations for expressive and religious activities at Discovery Green, and related drafts of the same;
3. First Amendment training Defendants have provided or considered;
4. Defendants' treatment of expressive and religious activities at Discovery Green, such as (a) requests, approvals, and denials for those activities, (b) complaints received about expression at the park, (c) incidents when staff or City officials found speech offensive or inappropriate, and (d) incidents involving the use of video screens;
5. Defendants' treatment of other expressive activities at other City parks and public spaces;
6. The relationship and responsibilities between the City, Park Corporation, and Conservancy as to Discovery Green; and
7. Defendants' response to Plaintiffs' written notice of a TRFRA violation (excluding privileged communications).

In early February, the City and Conservancy served responses and objections to the RFPs, including relevance and overbreadth objections to RFPs covering the topics listed above. Soon, we wrote Defendants' counsel, Andrew Holland, explaining the relevance of the requested documents. In late April, Holland responded. He restated Defendants' objections about the scope and relevance of Plaintiffs' requests. And he wrote, "Plaintiffs give no legitimate basis to assume that the Conservancy has not conducted a legitimate search of its files relative to this litigation."

To date, the City and Conservancy have each made one document production. The Conservancy produced documents already attached to the parties' briefing, a Joint Development Agreement, a more recent IRS Form 990, and some agreements with private security contractors. And the City mostly produced copies of City Ordinances, documents relating to the City's convention center, and two deposition transcripts that appear irrelevant.

---

[1] After Defendants Douglas and Whitworth moved to dismiss under qualified immunity (which remains pending), the Court stayed discovery related to those arresting officers. ECF No. 63. Plaintiffs have moved to clarify the stay order. ECF No. 64.

Neither the City nor the Conservancy has produced emails. And after being served with RFPs in March, Mandel has produced nothing.

On June 3 at 10:00AM, the parties conferred by telephone. John Greil, Gabe Walters, and I participated for Plaintiffs. Holland appeared for the City, the Conservancy, and Mandel. And Laura Macom appeared for the Park Corporation. A day before the conference, Greil emailed Holland a list spelling out the documents Plaintiffs are seeking and what topics they relate to.

The discussion centered largely on Defendants' view that discovery about their treatment of expressive and religious activities other than Plaintiffs' is irrelevant and overbroad. So we explained why that topic relates to key issues like viewpoint and content discrimination, Defendants' policies and practices over expression at parks like Discovery Green, and their ability to show least restrictive means. Yet the parties could not resolve the issue.

The parties also discussed Defendants' failure to produce emails. Holland suggested some emails from the City were forthcoming. And we agreed to provide search terms to help resolve any scope issues over email. Greil emailed search terms to Holland on June 20.

On June 25 at 9:00AM, we (joined by Daniel Ortner and Zach Silver) conferred again by telephone. Still, the parties could not resolve their dispute over relevance and scope, including over Defendants' treatment of expression and religious exercise at Discovery Green and other Houston parks. Holland also stated that the search terms were overbroad.

On the other hand, Holland acknowledged the City had not yet searched its emails for even basic documents, like for "Dubash" or "Harsini." Holland stated there was no need to do piecemeal document searches given the "protracted" discovery dispute.

Plaintiffs ask the Court to (a) order the City, Conservancy, and Mandel to search for and produce relevant electronic communications, and (b) order those Defendants to search for and produce documents responsive to the seven categories listed above. Plaintiffs can agree to Defendants producing an exemplary set of documents for category number 5.

We are generally available for a conference, except for July 9-10.

        Respectfully,

        <u>/s/ JT Morris</u>

        JT Morris
        Foundation for Individual Rights and Expression
        Counsel for Plaintiffs

CC: All counsel of record, via ECF

## CERTIFICATE OF SERVICE

    I certify that on July 5, 2024, the foregoing was served by the Court's ECF filing system on all counsel of record.

/s/ JT Morris