IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DARAIUS DUBASH, and DR. FARAZ HARSINI** | § § § | |
| **Plaintiffs,** | § § | **CIVIL ACTION** **CASE NO. 4:23-cv-03556** |
| v. | § § | |
| **CITY OF HOUSTON, TEXAS; HOUSTON DOWNTOWN PARK CORPORATION; OFFICER ROBERT DOUGLAS (# 7943), in his Individual capacity; OFFICER VERN WHITWORTH (# 7595), in his individual capacity; DISCOVERY GREEN CONSERVANCY f/k/a HOUSTON DOWNTOWN PARK CONSERVANCY; and BARRY MANDEL, in his individual capacity,** | § § § § § § § § § § § § | |
| **Defendants.** | § | |

**DEFENDANT CITY OF HOUSTON, TEXAS, OFFICER ROBERT DOUGLAS (# 7943), OFFICER VERN WHITWORTH (# 7595), DISCOVERY GREEN CONSERVANCY, AND BARRY MANDEL'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO MEMORANDUM AND RECOMMENDATION (DOC. NO. 81)**

Defendants City of Houston, Texas, Officer Robert Douglas (# 7943), Officer Vern Whitworth (# 7595), Discovery Green Conservancy, and Barry Mandel submit this Response to Plaintiffs' Objections to Magistrate Judge Richard W. Bennett's Memorandum and Recommendation, dated August 26, 2024, which recommended that Defendants' motions pursuant to Rule 12(b) be dismissed in their entirety, and that Plaintiffs' motions for a preliminary injunction and to modify the Order granting a stay be denied as moot.

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

NATURE AND STAGE OF PROCEEDINGS ........................................................................1

STATEMENT OF THE ISSUES...............................................................................................1

SUMMARY OF THE ARGUMENT .......................................................................................2

ARGUMENT

A.    Plaintiffs Did Not Articulate A Plausible Claim of Content- or Viewpoint-Based Prior Restraint or Discrimination..................................................................................3

B.    Magistrate Judge Bennett Correctly Reasoned That The Conservancy and Mr. Mandel Were Not Acting Under Color of State Law ....................................................4

C.    Even If The Conservancy and Mr. Mandel Were Acting Under Color of State Law, Dismissal Is Nevertheless Appropriate Against Them ...........................................8

D.    Plaintiffs Fail To Allege Claims Against the City of Houston ...........................................9

E.    Plaintiffs' Objections to Dismissal On Qualified Immunity Grounds Are Meritless........11

F.    Plaintiff Dubash's Free Exercise and Texas RFRA Claims Should Be Dismissed...........12

G.    Plaintiffs' State Law Claims Should Be Dismissed..........................................................13

H.    Plaintiffs' Motion for a Preliminary Injunction Should Be Denied..................................13

CONCLUSION..........................................................................................................................13

CERTIFICATE OF SERVICE ................................................................................................14

**TABLE OF AUTHORITIES**

CASES

*Adderley v. Florida*, 385 U.S. 39 (1966) ...................................................................................4

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)...................................................................6

*Berghundi v. Save Our City-Mart, Tex.*, 2019 U.S. Dist. LXIS 218810
    (W.D. Tex. Dec. 19, 2019)..................................................................................................7

*Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 296 (2001) .........................5

*Cocke v. Lourdes Physician Group, LLC*, 2019 U.S. Dist. LEXIS 79640
    (W.D. La. May 9, 2019)......................................................................................................3

*Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988) ...................................................................8

*Dennis v. Sparks*, 449 U.S. 24 (1980)........................................................................................6

*Erznoznik v. Jacksonville*, 422 U.S. 205 (1975) .......................................................................3

*Evans v. City of Talladega*, 136 F.Supp.3d 1354 (N.D. Ala. 2015) ..........................................7

*Flagg Bros., Inc. v. Brooks*, 436 U.S. 149 (1978) ....................................................................7

*Giannakos v. M/V Bravo Trader*, 762 F.2d 1295 (5th Cir. 1985).............................................5

*Hill v. Colorado*, 530 U.S. 703 (2000) .....................................................................................3

*Kuba v. Sea World*, 2009 U.S. Dist. LEXIS 145016 (S.D. Cal. Jun. 5, 2009) ..............................7

*Lugar v. Edmonson Oil Co.*, 457 U.S. 922 (1982)....................................................................6

*Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802 (2019) ............................................5

*McGinnis v. NewRez Mortg.*, 2024 U.S. Dist. LEXIS 169234 (E.D. Tex. Sep. 19, 2024)..............5

*Milestone v. City of Monroe*, 665 F.3d 774 (7th Cir. 2011) .....................................................4

*Mitchell v. Clinkscales*, 253 Fed.Appx. 339 (5th Cir. 2007) ....................................................5

*Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580 (5th Cir. 1992) .................13

*Peña v. City of Rio Grande City*, 879 F.3d 613 (5th Cir. 2018) ............................................10

*Price v. Dallas Area Rapid Transp. Police Dep't*, 2019 U.S. Dist. LEXIS 133480
 (N.D. Tex. Jul. 8, 2019) ..................................................................................................4

*Ratliff v. Aransas County*, 948 F.3d 281 (5th Cir. 2020) ................................................................10

*Robles v. Ramirez*, 2024 U.S. Dist. LEXIS 111339 (W.D. Tex. Jun. 25, 2024) .............................8

*Saldana v. Garza*, 684 F.2d 1159 (5th Cir. 1982) ..........................................................................11

*Turner v. Lieutenant Driver*, 848 F.3d 678 (5th Cir. 2017) ............................................................11

*UAW, Local 5285 v. Gaston Festivals*, 43 F.3d 902 (4th Cir. 1995) ...............................................7

*U.S. v. Grace*, 416 U.S. 171 (1983) .................................................................................................4

*Von Drake v. St. Paul Travelers Ins. Co.*, 353 Fed.Appx. 901 (5th Cir. 2009) (per curiam) ..........5

## NATURE AND STAGE OF PROCEEDINGS

Presently pending before the Court are Plaintiffs' motion for a preliminary injunction (Doc. No. 13), and Defendants' motions to dismiss pursuant to Fed.R.Civ.P. 12(b). (Doc. No. 44, 46). On August 26, 2024, Magistrate Judge Richard W. Bennett issued a Memorandum and Recommendation recommending that the Court grant the Rule 12(b) motions to dismiss in their entirety, and to deny the motion for a preliminary injunction (and another pending motion by Plaintiffs for discovery-related relief) as moot (Doc. No. 78). Plaintiffs filed their objections on September 9, 2024 (Doc. No. 81). Defendants The City of Houston ("the City"), Officer Robert Douglas and Officer Vern Whitworth (collectively, "the Officers"), Discovery Green Conservancy ("the Conservancy"), and Barry Mandel ("Mr. Mandel" and, all collectively, "Defendants") submit this Response.

## STATEMENT OF THE ISSUES

Whether this Court should adopt Magistrate Judge Bennett's reasoned Memorandum and Recommendation to dismiss (and to deny Plaintiffs' motion for a preliminary injunction as moot) where (a) Plaintiffs failed to plead facts supporting viewpoint or content-based discrimination by the City of Houston, (b) Plaintiffs failed to articulate that the Conservancy or Mr. Mandel were acting under color of state law, and (c) Plaintiffs failed to show that there was an unlawfully delegated policy concerning First Amendment expression at Discovery Green, or that the City of Houston unconstitutionally delegated authority concerning such policy to the Conservancy, (d) Plaintiffs failed to overcome the Officers' qualified immunity defense, (e) Plaintiff Dubash failed to plead a valid free exercise claim, or to show any more favorable treatment toward any other activity, (f) Plaintiffs failed to identify any reason why their state law claims should survive despite

1

the proper dismissal of their federal claims; and (g) Plaintiffs' motions to modify the order granting a stay, and for a preliminary injunction, are moot.

## SUMMARY OF THE ARGUMENT

In their submissions to this Court, Plaintiffs have urged a distorted factual narrative that Magistrate Judge Bennett correctly rejected. Contrary to their claims, Plaintiffs do not "suffer an ongoing deprivation of their First Amendment rights" in Discovery Green (Pl. Obj. p. 2). In fact, quite the contrary is true. The exhibits to Plaintiffs' Complaint reflect that they had the unrestricted right to discuss their views and speak freely. This baseless lawsuit instead complains about appropriate time, place, and manner restrictions on Plaintiffs' efforts to play silent videos showing violence toward animals in busy pedestrian promenades within Discovery Green. Despite the rhetoric underlying their claims, Plaintiffs never factually pleaded that the City of Houston, or its police officers, took any actions based upon the content of their speech. Likewise, Magistrate Judge Bennett appropriately found that the Conservancy and Mr. Mandel were not acting under color of state law when they asked Plaintiffs to stop showing their videos depicting animals being killed. Plaintiffs' objections should be overruled, and the Court should adopt the entirety of Magistrate Judge Bennett's Memorandum and Recommendation.

**ARGUMENT**

Each of Plaintiffs' arguments reiterates the claims asserted in the prior motion practice. None identifies any aspect of the recommendations that misapprehended the relevant law or facts. Each argument will be addressed in turn.

**A.      Plaintiffs Did Not Articulate A Plausible Claim of Content- or Viewpoint-Based Prior Restraint or Discrimination.**

Plaintiffs claim that they sufficiently alleged discrimination because Defendants "fixat[ed] on the clips' 'content'" and found the videos "offensive." (Doc. No. 81, p. 3). As they have done in nearly every submission to the Court, Plaintiffs misstate the facts. Plaintiffs focus on the words "content" and "offensive." However, "content" here, as employed in the interactions captured on video and attached to the Complaint, was used in the audiovisual sense, not the First Amendment sense, to refer to what was being displayed. In other words, it was a colloquial use of a word that has multiple meanings depending on context. What is depicted on a videorecording is often called "content," but that is different from "content" used in First Amendment jurisprudence. As Defendants argued on their motion to dismiss, while First Amendment jurisprudence considers whether government action is content-neutral, a layperson's use of the word "content" in a non-legal context is not controlling. *See*, *e.g.*, *Cocke v. Lourdes Physician Group, LLC*, 2019 U.S. Dist. LEXIS 79640, *12 (W.D. La. May 9, 2019).

Further, whether or not the conduct (here, the public display of videos depicting torture to or killing of animals) is called "offensive" has no bearing on the content of any expressive component of the conduct. The Supreme Court has made clear that "'it may not be the content of the speech, as much as the deliberate verbal or visual assault that justifies proscription.'" *Hill v. Colorado*, 530 U.S. 703, 716 (2000) (quoting *Erznoznik v. Jacksonville*, 422 U.S. 205, 210-11 n.6 [1975]). Similarly, the Court "has regularly rejected the assertion that people who wish to

3

'propagandize protests or views have a constitutional right to do so whenever and however and wherever they please.'" *U.S. v. Grace*, 416 U.S. 171, 177-78 (1983) (quoting *Adderley v. Florida*, 385 U.S. 39, 47-48 [1966]). Insofar as Plaintiffs' conduct in showing their videos can be described as "offensive," case law plainly permits regulation of offensive conduct. *See*, *e.g.*, *Milestone v. City of Monroe*, 665 F.3d 774 (7th Cir. 2011) (court upheld code of conduct at city-owned senior center that prohibited "abusive, vulgar, or demeaning language"); *Price v. Dallas Area Rapid Transp. Police Dep't*, 2019 U.S. Dist. LEXIS 133480, **14-15 (N.D. Tex. Jul. 8, 2019) (plaintiff's use of profanity and derogatory language on DART property was legitimate contributing factor for plaintiff's removal from transit station).

Plaintiffs have never factually articulated that any of the Defendants ever discriminated against their viewpoint because they found it offensive. In fact, in opposition to Plaintiffs' motion for a preliminary injunction, the Conservancy submitted declarations reflecting that the Conservancy has no disagreement with Plaintiffs' viewpoint. Further, the videos attached to the Complaint reveal that Plaintiffs were free to speak about their viewpoints as they wished, except that they could not show their videos. Plaintiffs' arguments are therefore belied by the record before the Court.

**B.    Magistrate Judge Bennett Correctly Reasoned That The Conservancy and Mr. Mandel Were Not Acting Under Color of State Law.**

Plaintiffs next challenge Magistrate Judge Bennett's having *sua sponte* reached the issue of whether the Conservancy and Mr. Mandel acted under color of state law. Plaintiffs argue both that Magistrate Judge Bennett should not have reached the issue without it having been briefed, and that he should have found that the parties acted under color of state law. Plaintiffs' objections are meritless.

First, the Court was within its authority to reach the issue despite it not having been briefed by the parties. Where a private party is not a state actor, 42 U.S.C. § 1983 is inapplicable, which deprives the Court of subject matter jurisdiction against that defendant on a § 1983 claim. *Von Drake v. St. Paul Travelers Ins. Co.*, 353 Fed.Appx. 901, 905 (5th Cir. 2009) (per curiam); *see also Mitchell v. Clinkscales*, 253 Fed.Appx. 339, 340 (5th Cir. 2007) ("Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question."). This Court therefore not only has the authority to consider the question *sua sponte*, but the Fifth Circuit has held that "[f]ederal courts bear 'the *responsibility* to consider the question of subject matter jurisdiction *sua sponte* and to dismiss any action if such jurisdiction is lacking." *McGinnis v. NewRez Mortg.*, 2024 U.S. Dist. LEXIS 169234, *1 (E.D.Tex. Sep. 19, 2024) (quoting *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 [5th Cir. 1985]) (emphasis added and internal ellipsis omitted). Thus, the Court was well within its authority to consider whether it possessed jurisdiction, and to dismiss *sua sponte* on the basis that.

On the merits, the Court properly found state action to be lacking on the part of the Conservancy and Mr. Mandel. Plaintiffs' contention that the Conservancy acted "jointly" with the City is meritless. First, Magistrate Judge Bennett reasonably concluded that Plaintiffs appeared to rely upon the first prong of the test set forth in *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802 (2019), that the entity will be acting under color of state law when it "performs a traditional, exclusive public function." (Doc. No. 78, p. 35 [quoting *Manhattan Cmty. Access Corp.*, 587 U.S. at 809]). This is undoubtedly because Plaintiffs have asserted no facts demonstrating joint action. In order to establish joint action, Plaintiffs must assert that the "private actor operates as a 'willful participant in joint activity with the State or its agents.'" *Brentwood Acad. v. Tenn. Secondary Sch.*

5

*Ath. Ass'n*, 531 U.S. 288, 296 (2001) (quoting *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 981 [1982]). Plaintiffs have articulated no facts suggesting joint action. Plaintiffs assert that because Discovery Green was a "dedicated public park . . . operated under contract by the Conservancy," and because the HDPC was formed "to aid and act on behalf of the City," this translates into the notion that the Conservancy was engaged in a "joint activity" with the City. (Doc. No. 81, p. 6). However, the provisions they cite in their Objections do not show joint activity. Indeed, Plaintiffs identify no facts whatsoever that demonstrate any action by the City of Houston, much less *joint* action.[1]

Plaintiffs claim that because the Conservancy operates pursuant to an Operating Agreement, and because both the Conservancy and the HDPC participate in adopting rules of conduct, they have alleged a sufficient nexus between the Conservancy's actions and the City. (Doc. No. 81, p. 7). However, the joint conduct prong contemplates private persons being "jointly engaged with state officials in the *challenged action*." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 [1970]) (emphasis added). Plaintiffs do not factually allege that the Conservancy or Mr. Mandel have jointly engaged with the City or the HDPC to do anything whatsoever relevant to this action as it pertains to the analysis here.

Plaintiffs further object to Magistrate Judge Bennett's conclusion that they have not alleged that the Conservancy or Mr. Mandel carried out an exclusive public function. Their objection lacks merit. As Magistrate Judge Bennett rightly noted, "[v]ery few functions" fall under the category of public functions that the government has "*traditionally and exclusively* performed." (Doc. No.

---

[1] To the extent Plaintiffs intend for "joint action" to encompass a claim that the Conservancy and the police officers jointly endeavored to violate their First Amendment rights, there was no such violation. Plaintiffs contend that there was a policy of "censorship" among three Conservancy individuals, a "park security officer, and three Houston police officers targeting Plaintiffs' speech they found 'offensive.'" (Doc. No. 81, p. 10). However, this amounts to nothing more than a conclusory allegation of violative intent. As argued in Defendants' motion, there was no "censorship" of speech, and no viewpoint or content-based discrimination.

78, p. 36 [quoting *Berghundi v. Save Our City-Mart, Tex.*, 2019 U.S. Dist. LEXIS 218810, *12 (W.D.Tex. Dec. 19, 2019) (emphasis in original)]).

Plaintiffs fail to adequately demonstrate that operating Discovery Green falls within the scope of those functions "traditionally and exclusively" performed by the state. Indeed, contrary to Plaintiffs' conclusory allegations, Discovery Green is not just a public park, as is illustrated by the fact that the Complaint reflects certain programming, and that there is a robust Operating Agreement governing the use of Discovery Green. Providing programming and operational services for a greenspace is not one that is traditionally performed by the government. *See*, *e.g.*, *Evans v. City of Talladega*, 136 F.Supp.3d 1354, 1361-62 (N.D. Ala. 2015) (private entity contracted to operate a city-owned theater was not performing a "function traditionally within the exclusive prerogative of the state."); *Kuba v. Sea World*, 2009 U.S. Dist. LEXIS 145016, *11 (S.D. Cal. Jun. 5, 2009) (Sea World not a state actor because "operation of amusement parks has not in this nation's history been exclusively within the province of the government"). In fact, the Fourth Circuit has observed that "the Supreme Court has expressed doubts that, as a general matter, 'the operation of a park for recreational purposes is an exclusively public function.'" *UAW, Local 5285 v. Gaston Festivals*, 43 F.3d 902, 908 (4th Cir. 1995) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 159 n.8 [1978]). Accordingly, Magistrate Judge Bennett correctly concluded that Plaintiffs have failed to demonstrate that the Conservancy is engaged in a function traditionally and exclusively performed by the government.

Lastly, insofar as Plaintiffs attempt to show state action by summarily claiming in their Objections that "City police officers enforce park rules and Conservancy decisions" (Doc. No. 81, p. 6), the specific factual allegations reflect that Conservancy employees called the police on the basis that Plaintiffs were trespassing when they refused to leave. "An allegation that private

7

defendants simply misused a valid state statute does not state a cause of action under § 1983. . . . [And p]olice reliance in making an arrest on information given by a private party does not make the private party a state actor." *Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988).

As for Mr. Mandel, Plaintiffs identify nothing beyond their self-serving characterizations of him as "censor[ing] speech he did not like while acting under color of state law." (Doc. 81, p. 8). Likewise, Plaintiffs conclude that "the content and viewpoint of Plaintiffs' message was the motivating factor in Mandel's demands, made under the color of state law" while offering no facts to support their legal conclusion. (*Id.*). And, as Defendants have noted time and time again, Plaintiffs' contention is demonstrably false. The video exhibits *they attach to their Complaint* reveal that there was no quarrel with their viewpoint or their message. Plaintiffs' insistence on reiterating this untrue accusation underscores the lack of merit in their arguments.

**C.     Even If The Conservancy and Mr. Mandel Were Acting Under Color of State Law, Dismissal Is Nevertheless Appropriate Against Them.**

Even if the Court were to disagree with Magistrate Judge Bennett that the Conservancy and Mr. Mandel were not state actors, dismissal is nevertheless appropriate for the reasons Defendants articulated in their motion to dismiss. As argued in the motions, Plaintiffs never articulated a custom or policy, sufficient to allege liability against the Conservancy. *See*, *e.g.*, *Robles v. Ramirez*, 2024 U.S. Dist. LEXIS 111339, *48 (W.D. Tex. Jun. 25, 2024) (observing that while the Fifth Circuit has not "squarely decided" the issue, "several circuit courts and federal Texas district courts" have held that plaintiffs must demonstrate *Monell* liability against private entities acting under color of state law). Further, as argued, the Conservancy and Mr. Mandel did not violate Plaintiffs' rights for multiple reasons. First, Discovery Green is a limited public forum because it is not a traditional municipal park but, rather, is a special use green space intended for more than a traditional public park. Second, because Plaintiffs never engaged in any "speech" as

8

defined by Supreme Court precedent, and because silently playing videos of animals being killed or tortured contains no inherent message, Plaintiffs were engaged in non-expressive conduct, which is afforded no First Amendment protection. Third, even if Plaintiffs' conduct were deemed expressive conduct, the restrictions imposed were reasonable time, place, and manner restrictions. Thus, for all of the reasons identified in Defendants' motion to dismiss, neither the Conservancy nor Mr. Mandel violated Plaintiffs' rights under the First Amendment.

### D.     Plaintiffs Fail To Allege Claims Against the City of Houston.

Plaintiffs contend that their Complaint alleges that the City and HDPC did not impose "any constitutionally required limits on" the Conservancy's authority to maintain rules for the use of Discovery Green. (Doc. No. 81, p. 9). However, Magistrate Judge Bennett correctly rejected this claim by reasoning that the "Park Rules and the Operating Agreement state that the rules and regulations of the Park must comply with applicable state laws, federal laws, and Houston ordinance." (Doc. No. 78, p. 54). Plaintiffs' Objections contend that the City should have "placed restrictions cabining or channeling the Conservancy's discretion regarding expressive activity in the park." (Doc. No. 81, p. 9). They likewise take issue with Magistrate Judge Bennett's Recommendation because the relevant documents do not state "how" park rules must comply with constitutional standards. (Doc. No. 81, p. 9). Plaintiffs' premise is baseless, citing to no authority suggesting that operating documents must somehow detail methods of complying with the First Amendment. Nor, for that matter, do they identify what they believe was required to be included in the rules to their satisfaction.

Plaintiffs next take issue, in the same point, with Magistrate Judge Bennett's reasoning that to demonstrate a policy of discrimination, Plaintiffs must identify actions "outside of the incidents that give rise to their alleged injuries." (Doc. No. 81, p. 10 [quoting Doc. No. 78, p. 26]). Yet, this

9

is precisely what the law requires: "Plausibly to plead a practice 'so persistent and widespread as to practically have the force of law,' [Plaintiffs] must do more than describe the incident that gave rise to [their] injury." *Ratliff v. Aransas County*, 948 F.3d 281, 285 (5th Cir. 2020) (quoting *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 [5th Cir. 2018]). Plaintiffs claim that they have pled a policy or practice of viewpoint-based prior restraint on "'depicting the truth of industrial animal production' through the film *Dominion*" and "wearing a 'Guy Fawkes' mask" amounts to a policy of discrimination. This describes Plaintiff's conduct alone, and is insufficient to plead a custom or policy, as the Fifth Circuit has made clear.

Plaintiffs complain that it is too difficult to identify a policy of discrimination at the pleadings stage. However, their Complaint actually pleads the opposite. Plaintiffs readily agree that Discovery Green has a robust history of allowing demonstration and protest of disparate viewpoints.

Plaintiffs claim that the City "ratified" the Conservancy's allegedly discriminatory conduct (Doc. No. 81, p. 13). Of course, this claim requires there to be a constitutional violation in the first place, which Plaintiffs fail to plead. In any event, Plaintiffs failed to factually plead that the City had the capacity to "respond" to Plaintiffs' "notice letters," or that Plaintiffs' counsel having merely sent a letter identifying a time, place, and manner restriction required a response in the first place. As for the claim that City Police Officers "enforced . . . unconstitutional censorship," Plaintiffs disregard the fact that the Officers were responding to a request that they be arrested for trespassing, not for engaging in any particular speech.

Magistrate Judge Bennett also correctly rejected Plaintiffs' argument that the City failed to train the Conservancy. The Memorandum and Recommendation aptly notes that Plaintiffs have not articulated deliberate indifference to Plaintiffs' constitutional rights via a "pattern of similar

10

constitutional violations by untrained employees," and that the single-incident exception to that rule does not apply because Plaintiffs allege no training "with regard to the First Amendment, rather than a complete failure to train." (Doc. No. 78, p. 56). Plaintiffs contend that there existed a "pattern of four incidents," which consisted solely of the Plaintiffs' own conduct, along with their factually false accusation that the Conservancy barred their "speech based on content and viewpoint." (Doc. No. 81, p. 14). Plaintiffs must demonstrate a pattern that extends beyond their own allegations, must causally relate the failure to train with a constitutional violation, and must allege a violation here, at bottom. Once again, Plaintiffs fail in every regard.

### E.     Plaintiffs' Objections to Dismissal On Qualified Immunity Grounds Are Meritless.

Plaintiffs contend that Magistrate Judge Bennett was incorrect in finding that the Officers reasonably believed that Discovery Green was private when they allegedly arrested Plaintiff Dubash for trespass. (Doc. No. 81, p. 15). However, the Memorandum and Recommendation correctly notes that courts must consider "only the information available to the officers at the time of the decision to stop a person" and that courts do not "expect our police officers to carry surveying equipment and a Decennial Digest on patrol; they cannot be held to a title-searcher's knowledge of metes and bounds or a legal scholar's expertise in constitutional law." (Doc. No. 78, p. 12 [quoting *Turner v. Lieutenant Driver*, 848 F.3d 678, 691 (5th Cir. 2017) and *Saldana v. Garza*, 684 F.2d 1159, 1165 (5th Cir. 1982)]). Similarly, even if the Officers were aware that Discovery Green was owned by a public corporation, Plaintiffs' premise would require the Officers to differentiate between what Plaintiffs call censorship, and reasonable time, place, and manner restrictions. Even if Plaintiffs can somehow surmount their failure to show discrimination, at the very least, there is a debatable legal question as to whether the Conservancy was correct in asking Plaintiffs not to show videos of animals being killed or tortured in Discovery Green.

11

For the same reasons, Plaintiffs' "direct First Amendment" claim fails. Moreover, Plaintiffs' claim that the Officers "*only*" (Plaintiffs' emphasis) arrested Dubash because they "found the 'content' of Plaintiffs' videos 'offensive'" is simply false. (Doc. No. 81, p. 16). Plaintiffs failed to factually support this baseless accusation in the motions before the Court, and they fail to do so now. Likewise, Plaintiffs fail to show that there was no probable cause for the arrest. They make the same mistake they made below: they claim that rather than arrest Plaintiff for trespassing and refusing to leave as requested by the Conservancy, the Officers should have heeded the lecture that Plaintiff Dubash was giving them about how they were trampling his rights. This does not "dissipate" any facts any more than anyone else who violates the law can "dissipate" probable cause by insisting to the arresting officer that he or she is not engaged in illegal conduct.

Plaintiffs' First Amendment retaliation claim likewise fails. Plaintiffs articulated no facts even arguably suggesting that the Officers were deliberately attempting to retaliate against them. To the contrary, the video evidence Plaintiffs rely upon shows that they were afforded numerous opportunities to leave Discovery Green, but they refused to do so.

**F.      Plaintiff Dubash's Free Exercise and Texas RFRA Claims Should Be Dismissed.**

Plaintiff Dubash adopts the arguments asserted in connection with his First Amendment claims in objecting to Magistrate Judge Bennett's recommendation to dismiss the Free Exercise and Texas Religious Freedom Restoration Act ("TRFRA") claims. Accordingly, for all of the reasons discussed above, Defendants respectfully request that the Court adopt Magistrate Judge Bennett's Recommendation to dismiss Plaintiff Dubash's state and federal religious freedom claims.

**G.        Plaintiffs' State Law Claims Should Be Dismissed.**

As Magistrate Judge Bennett correctly noted, because the Court should dismiss the federal causes of action, the Court should decline to retain supplemental jurisdiction over the state claims in keeping with the general rule to do so within the Fifth Circuit. *See Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992).

**H.        Plaintiffs' Motion for A Preliminary Injunction Should Be Denied.**

As Magistrate Judge Heller properly notes, because the Court should dismiss the Complaint, there is no basis to award a preliminary injunction. Moreover, Plaintiffs have not shown that they will succeed on the merits of their claim because it is factually and legally baseless.

## CONCLUSION

For the foregoing reasons, and those contained in the Memorandum and Recommendation by Magistrate Judge Richard W. Bennett, dated August 26, 2024, Defendants respectfully request that the Court adopt the Recommendations in their entirety, dismiss the Complaint with prejudice, and deny Plaintiffs' motion for a preliminary injunction.

Respectfully submitted,

s/ Andrew S. Holland
**Andrew S. Holland**
TX Bar No. 24134330
Fed. Bar No. 3860674
Andrew.holland@wilsonelser.com
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
909 Fannin St., Suite 3300
Houston, TX 77010
713-353-2000 tel
713-785-7780 fax

**Attorneys for Defendants City of Houston, Texas, Officer Robert Douglas (# 7943), Officer Vern Whitworth (# 7595), Discovery Green Conservancy, and Barry Mandel**

## CERTIFICATE OF SERVICE

      I, Andrew S. Holland, certify that today, September 23, 2024, I filed the within Response to Plaintiffs' Objections with CM/ECF, for filing and service upon all attorneys who have appeared.

                                            s/ Andrew S. Holland
                                            ANDREW S. HOLLAND