IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARAIUS DUBASH AND <br> DR. FARAZ HARSINI <br><br> v. <br><br> CITY OF HOUSTON, TEXAS; <br> HOUSTON DOWNTOWN PARK <br> CORPORATION; OFFICER ROBERT <br> DOUGLAS (#7943), IN HIS INDIVIDUAL <br> CAPACITY; OFFICER VERN WHITWORTH <br> (#7595), IN HIS INDIVIDUAL CAPACITY; <br> DISCOVERY GREEN CONSERVANCY <br> F/K/A HOUSTON DOWNTOWN PARK <br> CONSERVANCY, AND BARRY MANDEL, <br> IN HIS INDIVIDUAL CAPACITY | § § § § § § § § § § § § § § § | CIVIL ACTION <br><br> NO.: 4:23-CV-03556 <br><br><br> JURY DEMAND REQUESTED |

**DEFENDANT HOUSTON DOWNTOWN PARK CORPORATION'S
RESPONSE TO PLAINTIFFS' OBJECTIONS TO
REPORT AND RECOMMENDATION**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

COMES NOW, HOUSTON DOWNTOWN PARK CORPORATION (hereinafter "Park Corporation"), a Defendant in the above-entitled and numbered cause, and files this its response to Plaintiffs' objections [ECF No. 81] to the Magistrate Judge's Report and Recommendation [ECF No. 78], pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. In support of its response, Defendant respectfully shows the Court as follows:

**I.
SUMMARY OF THE ARGUMENT AND STANDARD OF REVIEW**

Plaintiffs' objections to the Report and Recommendation as to the Park Corporation should be overruled. The Report and Recommendation systematically outlines the framework by which Plaintiffs must allege sufficient facts for its §1983 claims against the Park Corporation for policy,

---

*Defendant Houston Downtown Park Corporation's Response to Plaintiffs' Objections to Report and Recommendation*  Page 1

practice, and custom; and failure to train; and then appropriately concludes Plaintiffs have failed to do so. In light of this failure, the Magistrate Judge appropriately recommends that this Court decline to exercise supplemental jurisdiction over the Plaintiffs' claims against the Park Corporation arising from the TRFRA and further appropriately recommends that no preliminary injunction against the Park Corporation issue, as such an order would be moot. Plaintiffs' objections provide no rebuttal to any of the recommendations; instead Plaintiffs merely repeat the arguments raised below without addressing any of the deficiencies rightfully pointed out in the Report and Recommendation. Thus, the Report and Recommendation should be adopted in its entirety as to the Park Corporation. Thereafter, this Court should grant the Park Corporation's motion to dismiss with prejudice.

The Park Corporation agrees that the appropriate standard is *de novo*. When a party files written objections to a report and recommendation issued by a magistrate judge, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

## II.
## PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION AS TO THE PARK CORPORATION'S MOTION TO DISMISS SHOULD BE OVERRULED[1]

### A. Plaintiffs' Objections to the Report and Recommendation as to their § 1983 claims should be overruled.

Plaintiffs object that they are being held to a standard above what should be expected at the pleadings stage, claiming this is a "major error" of the Report and Recommendation. [ECF No. 81, at 3, 11]. However, the Report and Recommendation appropriately laid out, and held Plaintiffs

---

[1] Plaintiffs' objections do not track the Report and Recommendation, and therefore often appear to mix the arguments as to the Defendants. The Park Corporation has followed the separate analysis given in the Report and Recommendation. However, in an abundance of caution and to the extent applicable, the Park Corporation incorporates herein the Response filed by Co-Defendants [ECF No. 84], and its own briefing below [ECF Nos. 41, 46, and 57].

---

*Defendant Houston Downtown Park Corporation's Response to Plaintiffs' Objections to Report and Recommendation*  Page 2

to, the correct standard. "While Plaintiffs need not offer proof of their allegations at this stage, they "still must plead facts that plausibly support each element of § 1983 municipal liability under each of their theories." [ECF No. 78, at 48] (citing *Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018)). Moreover, the Report and Recommendation expressly accepts Plaintiffs' allegations as true throughout. [ECF No. 78, at 50]. The circumstances before the Court are not that the Report and Recommendation does "not credit" Plaintiffs for their allegations but, as this *de novo* review will show, Plaintiffs failed to do anything but re-urge a series of non-factual, conclusory statements in an unsuccessful effort to show they properly pleaded the Park Corporation violated Plaintiffs' constitutional rights.

      **a. Plaintiffs' Objections as to Policy, Practices, and Custom should be overruled**.

It is Plaintiffs' burden to allege sufficient facts to establish a policy which was promulgated or ratified by the Park Corporation. *See Groden v. City of Dall., Tex.,* 826 F.3d 280, 284 (5th Cir. 2016). As the Report and Recommendation correctly points out, Plaintiffs acknowledge they did not allege a theory of ratification yet wish the Court to stretch the limits of pleading (e.g., that a pre-suit notice letter constitutes not only ratification but also a pre-existing policy – neither of which is shown herein [ECF No. 81, at n.5]) with no factual support whatsoever. [ECF No. 78, at 51]. Having failed to show a policy which was ratified by the Park Corporation, Plaintiffs are left with only one avenue by which to show a § 1983 claim on this theory– through an official policy. This could be a formally announced policy or a policy established through custom or wide practice. *See Zarnow v. City of Wichita Falls, Tex.,* 614 F.3d 161, 167 (5th Cir. 2010); *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009).

The Report and Recommendation then reviews nine allegations from the Complaint to determine if Plaintiffs sufficiently established a policy – either a formally announced policy or a

customary policy – with proper factual support. [ECF No. 78, at 53]. It concludes that Plaintiffs' allegations in this regard lack such support because they are "conclusory and devoid of critical factual enhancement" and are merely general recitals. [ECF No. 78, at 53 (citing *Verastique v. City of Dall., Tex.*, No. 23-cv-10395, 2024 WL 3325881, at *3 (5th Cir. July 8, 2024))]. Specifically, the Report and Recommendation states that instead of identifying a "policy," Plaintiffs "merely state Defendants' policy violates the First Amendment, that prior restraint is a policy, and there is a policy of "unfettered discretion." [ECF No. 78, at 53, citing ECF No. 1 at ¶¶ 176–244)].

Instead, Plaintiffs double down on this deficiency in their objecions by repeating that they have identified two Park Corporation policies: 1. The policy of "giving unfettered discretion" to the Conservancy; and 2. The ratification of prior restraint from the notice letter. [ECF No. 81, at 9-13]. Neither "policy" carries with it any factual support. The first is simply Plaintiffs' erroneous characterization; there is no such policy of "unfettered discretion." As the Report and Recommendation correctly points out, "Plaintiffs are mistaken because the Park Rules and the Operating Agreement state that the rules and regulations of the Park must comply with applicable state laws, federal laws, and Houston ordinances." [ECF No. 78, at 53]. In their objections, Plaintiffs assert that, on the one hand, the First Amendment is without limitation and any attempt to even provide even reasonable place, time, and manner restrictions is prohibited. On the other hand, they complain that the Park Corporation fails to provide "*any* guidance to the Conservancy about upholding the First Amendment at Discovery Green." [ECF No. 81, at 8]. They conclude that the scope of the Operating Agreement, with its express reference to the applicable municipal, state, and federal laws, grants "unfettered discretion," and then go on to negatively compare this expansive and proper position with the placement of portable toilets, as if the First Amendment could be reduced to a "how-to" list of some kind. [ECF No. 81, at 10]. Plaintiffs' premise is without

merit to assert that operating documents must somehow detail specific methods and manners of complying with the First Amendment or be considered unconstitutional. The second policy – ratification – has not even been alleged. [ECF No. 78, at 51]. Regardless, neither of these could be considered a formal policy. No formal policy is ever identified by Plaintiffs in their Objections or the Complaint itself.

This leaves Plaintiffs with the opportunity to show a customary policy to meet their burden. Again they fail to do so. Because there is no factual support for any pattern of unconstitutional conduct. [ECF No. 78, at 54]. Plaintiffs' objections attempt to bootstrap their own claims as a "pattern" and then refer obliquely to two protests which have no analogous relation to the Complaint—neither of which succeeds. Plaintiffs' objections also miss the point entirely by arguing that "there is no requirement at the pleading stage that Plaintiffs point to additional incidents outside the Complaint to allege an actionable policy." [ECF No. 81, at 10]. Yet, there is. *See Ratliff v. Aransas Cnty., Tex.,* 948 F.3d 281, 285 (5th Cir. 2020).

Plaintiffs fail to show factual support for any kind of pattern out of which a constitutional violation could be brought against the Park Corporation. At the most generous review of the pleadings and as is argued in their objections, they claim that they have pled a policy or practice of viewpoint-based prior restraint on "'depicting the truth of industrial animal production' through the film *Dominion*" and "wearing a 'Guy Fawkes' mask." However, this describes Plaintiff's conduct alone, and is insufficient to support a claim of a customary policy, as the Fifth Circuit has made clear and the Magistrate Judge has correctly concluded. *Id*. Therefore, no customary policy has been shown. [ECF No. 78, at 54].

Accordingly, Plaintiffs failed to "sufficiently allege multiple unconstitutional policies, practices, and/or customs implemented by the Park Corporation" to meet their burden under the

standard. Plaintiffs' objections should be overruled and the Report and Recommendation should be adopted as to the policy, practices, and custom theory under §1983 as to the Park Corporation. The Court should grant the Park Corporation's motion to dismiss.

### b. Plaintiffs' Objections as to Failure to Train should be overruled.

To establish *Monell* liability based on a municipality's failure to train or supervise, a plaintiff must "prove that (1) the [municipality] failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Hutcheson v. Dall. Cnty., Tex.,* 994 F.3d 477, 482 (5th Cir. 2021) (quoting *Pena*, 879 F.3d at 623). "To show deliberate indifference, a plaintiff . . . must allege a 'pattern of similar constitutional violations by untrained employees.'" *Id.*

The Report and Recommendation underscores the weak nature of this claim as to the Park Corporation, "Plaintiffs only reference the Park Corporation once under Count 5 [by alleging, Co-Defendant the City of Houston] provided no training to [the] Conservancy and its staff (either directly or through the Park Corporation) about the First Amendment protections for speech at a public park like Discovery Green." [ECF No. 78, at 56]. Like all Plaintiffs' conclusory assertions throughout the Complaint, the failure to train allegation is utterly lacking in any factual support and wholly fails to satisfy the deliberate indifference prong because there is no "pattern of similar constitutional violations by untrained employees." [ECF No. 78, at 56 (citing *Hutcheson*, 994 F.3d at 482 (internal quotations omitted))].

In their objections, Plaintiffs still do not provide reference to any specific allegations about what training is or should be provided by the Park Corporation, how such training is inadequate, how the supervision or discipline at the Conservancy is inadequate, or even how the Park

Corporation was deliberately indifferent in adopting or developing its training, supervision and discipline procedures, if any. They continue to stand on a conclusory statement that a failure to train regarding the First Amendment caused the purported constitutional violations . [ECF No. 78, at 57; *See Ratliff v. Aransas Cnty., Tex.,* 948 F.3d 281, 285 (5th Cir. 2020) ("Ratliff's complaint states in conclusory fashion that a 'deficiency in training actually caused Defendants Scudder and Sheffield to violate Plaintiff's constitutional rights.' But, absent specific allegations supporting a plausible causation inference, this legal conclusion does not state a claim for relief and warrants dismissal under Rule 12(b)(6).")]. Again, there are no allegations of pattern and the objections appear to acknowledge that the single-incident exception does not apply. Thus, the Report and Recommendation properly concludes the failure to train claim fails on the deliberate indifference prong. [ECF No. 78, at 57].

Plaintiffs did not meet their burden to sufficiently allege the Park Corporation failed to adequately train the Conservancy staff. Plaintiffs' objections should be overruled and the Report and Recommendation should be adopted as to the failure to train theory under § 1983. The Court should grant the Park Corporation's motion to dismiss.

**B. Plaintiff Dubash's Objections to the Report and Recommendation as to his violation of TRFRA should be overruled**.

The Report and Recommendation properly recommends the Court decline to exercise supplemental jurisdiction over the state law claims because Plaintiff Dubash fails to provide allegations sufficient to meet his pleadings burden. *See Youngblood v. City of Galveston, Tex.*, 920 F. Supp. 103, 107 (S.D. Tex.1996). As to the Park Corporation, Plaintiff Dubash's objections must be overruled, the Report and Recommendation should be adopted, and Plaintiff Dubash's TRFRA claims must be dismissed.

**C. Plaintiffs' Objections to the Report and Recommendation as to their Motion for Preliminary Injunction should be overruled**.

Similarly, Plaintiffs' objections with regard to the Report and Recommendation should be overruled. The Magistrate Judge recommends Plaintiffs' § 1983 and state court claims be dismissed; therefore, Plaintiffs' Motion for Preliminary Injunction should be denied as moot.

## III.
## CONCLUSION AND PRAYER

For the foregoing reasons, Defendant, HOUSTON DOWNTOWN PARK CORPORATION, respectfully requests that the Court overrule Plaintiffs' objections to the Report and Recommendation, adopt it in its entirety as to this Defendant, and dismiss Plaintiffs' Complaint as to the Park Corporation in its entirety with prejudice, enter a judgment that Plaintiffs take nothing by way of their suit against the Park Corporation, sever this action so that it may become final, and award Defendant any other and further relief to which it may be justly entitled by this Court.

Respectfully submitted,

**LANGLEY & BANACK, INC.**
Trinity Plaza II
745 E. Mulberry, Suite 700
San Antonio, TX  78212
Telephone:     (210) 736-6600
Facsimile:     (210) 735-6889
Email:  MWallis@langleybanack.com
Email:  LMacom@langleybanack.com

*/s/ Laura Flores Macom*
MICHAEL H. WALLIS
SBN:  24033426
LAURA FLORES MACOM

SBN: 24002512
**ATTORNEYS FOR DEFENDANT,
HOUSTON DOWNTOWN PARK
CORPORATION**

### CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument has been properly delivered with the Clerk of the Court on this 23rd day of September, 2024 using the CM/ECF system which will send notification of such filing to the following counsel of record:

John Daniel Greil
UNIVERSITY OF TEXAS AT AUSTIN
SCHOOL OF LAW
727 E. Dean Keeton St.
Austin, TX  78705
Email:  john.greil@law.utexas.edu
*Lead Attorney for Plaintiffs*

Steven Timothy Collis
LAW AND RELIGION CLINIC
UNIVERSITY OF TEXAS AT AUSTIN
SCHOOL OF LAW
727 E. Dean Keeton St.
Austin, TX  78705
Email:  steven.collis@law.utexas.edu
*Attorney for Plaintiffs*

JT Morris
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
700 Pennsylvania Ave., SE, Ste. 340
Washington, DC 20003
Email:  jt.morris@thefire.org
*Attorney for Plaintiffs*

Gabriel Zane Walters
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
700 Pennsylvania Ave., SE, Ste. 340
Washington, DC 20003
Email:  gabe.walters@thefire.org
*Lead Attorney Pro Hac Vice Attorney for Plaintiffs*

Daniel Ortner
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
510 Walnut St., Ste. 1250
Philadelphia, PA 191106
Email:  daniel.ortner@thefire.org
*Pro Hac Vice Attorney for Plaintiffs*

Andrew S. Holland
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
909 Fannin St., Ste. 3300
Houston, TX  77010
Email:  andrew.holland@wilsonelser.com
*Attorney for Defendants, Discovery Green Conservancy and Barry Mandel*

                                            */s/ Laura Flores Macom*
                                            Michael H. Wallis
                                            Laura Flores Macom